IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MICHAEL B. SPARLIN and SHARON J. SPARLIN, | ) ) ) | No. CV-11-0240-TUC-CKJ |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

Currently pending before the Court is Defendant's Motion to Expedite Briefing and Consideration of Motion to Consolidate [Doc. 7]. Defendant has filed a Motion to Consolidate [Doc. 6] two cases involving it and Plaintiffs that are currently pending before this Court. In its Motion to Expedite Briefing and Consideration of Motion to Consolidate [Doc. 7], Defendant seeks an Order from this Court to allow it to remove and consolidate actions currently pending in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona.

*Analysis*

Federal courts are courts of limited jurisdiction. U.S. Const. art. III. As such, there exists a "'strong presumption' against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d

564, 566 (9th Cir. 1992) (citations omitted). Further, the removal statute is to be strictly construed against removal jurisdiction. *Id.* (citations omitted). Additionally, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Section 1441, 28 U.S.C., delineates which actions are removable. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of the initial pleading . . . or . . . after the service of summons." 28 U.S.C. § 1446(b).

Defendant acknowledges that it will seek removal of the remaining state court actions prior to May 3, 2011. Defendant, however, wants to have those cases consolidated with its pending federal cases, before going through the removal process. As counsel should be aware, this Court lacks jurisdiction over cases currently pending in the state court. Furthermore, Defendant has not provided any reason that it could not have removed the pending state court actions prior to filing its motion to consolidate.[1] The Court will, however, allow Defendant to amend its motion to consolidate if it so chooses. Upon the close of briefing, the Court will then consider whether jurisdiction is proper and if so, issue its decision regarding the motion to consolidate.

. . .

. . .

. . .

---

[1] Additionally, although Rule 42, Federal Rules of Civil Procedure, provide for consolidation of actions before the court, "the Federal Rules of Civil Procedure do not expand the jurisdiction of federal courts." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 n. 13, 86 S. Ct. 1130, 1138 n. 13, 16 L. Ed.2d 218 (1966).

1  Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Expedite
2  Briefing and Consideration of Motion to Consolidate [Doc. 7] is DENIED.
3  DATED this 28th day of April, 2011.

4
5  _____
   Cindy K. Jorgenson
6  United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28