Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169
Phone: 702-669-4622
Fax: 702-669-4650
sdthueson@hollandhart.com
blwright@hollandhart.com

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. Sparlin; and Sharon J. Sparlin<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | **CASE NO.:  4:11-cv-00240-CKJ**<br><br>*Motion to Consolidate Pending In:*<br>**CASE NO.:  4:11-cv-00241-CKJ**<br>**CASE NO.:  4:11-cv-00257-FRZ**<br>**CASE NO.:  4:11-cv-00259-FRZ**<br>**CASE NO.:  4:11-cv-00261-DCB**<br>**CASE NO.:  4:11-cv-00262-BPV**<br>**CASE NO.:  4:11-cv-00263-GEE**<br>**CASE NO.:  4:11-cv-00264-HCE**<br>**CASE NO.:  4:11-cv-00265-RCC**<br>**CASE NO.:  4:11-cv-00266-DCB**<br>**CASE NO.:  4:11-cv-00268-JCG** |

## **SELECT PORTFOLIO SERVICING, INC.'S**

## **STATEMENT OF UNDISPUTED FACTS**

Defendant Select Portfolio Servicing, Inc. ("SPS"), by and through its counsel, HOLLAND & HART LLP, hereby submits its Statement of Undisputed Facts supporting SPS's Motion for Declaratory or Summary Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1. On or about November 28, 2006, Plaintiff Michael Sparlin executed an Interest Only Adjustable Rate Note (the "Note") for the purchase of real property. Interest Only Adjustable Rate Note attached as Exhibit A.

2. The real property purchased by Mr. Sparlin using the proceeds of the Note is located at 538 South Douglas Wash Road, Vail, Arizona 85641 (the "Property"). *Id*.

3. The repayment of the Note was secured by a Deed of Trust (the "Deed") in first position. Deed of Trust attached as Exhibit B.

4. The Deed was recorded in the chain of title of the Property November 29, 2006, Docket 12940, Page 4536. *Id*.

5. The original "Lender" or "Holder of the Note" was Universal American Mortgage Company, LLC. *See* Exhibit A.

6. At closing, Mr. Sparlin certified, in accordance with his loan application, he was purchasing the Property as an Investment purposes and not to be owner occupied. Closing Certification attached as Exhibit C.

7. The Note specifically states it may be transferred and that the party that takes transfer of the Note is the "Note Holder" and entitled to receive the payments required under the Note. Exhibit A at 1 ¶ 1.

8. The Note also specifically references and incorporates the Deed. Exhibit A at 4 ¶ 11.

9. The Deed also states the Note may be transferred with or without notice to Mr. Sparlin. Exhibit B at 11-12 ¶ 20.

10. The Deed also states the "Loan Servicer," that entity that collects payments for the Note Holder, may change upon written notice to Mr. Sparlin. *Id*.

11. On or about August 19, 2009, all rights under the Deed and the Note were transferred and assigned to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2007-HY2 Mortgage Pass-Through Certificates, Series 2007-HY2, via publically recorded instrument Docket 13625, Page 3071 (the "Current Note Holder"). Assignment attached

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

as Exhibit D.

12. The Assignment states the current servicer of Mr. Sparlin's mortgage at the time of the assignment is BAC Home Loan Servicing. *Id*.

13. A year later, on or about August 25, 2010, SPS sent Mr. Sparlin written notice the Loan Servicer for his mortgage was being transferred from BAC Home Loan Servicing to SPS. Transfer Letter attached as Exhibit E.

14. On September 10, 2010, SPS sent Mr. Sparlin a "Validation of Debt Notice." Validation of Debt Notice attached as Exhibit F.

15. SPS is not aware of any dispute to the Validation of Debt Notice received from Mr. Sparlin within 30 days after receipt by Mr. Sparlin; thus, the debt was assumed valid.

16. On November 23, 2010, SPS received a letter stating it was a "formal dispute of the alleged debt." November 23, 2010, letter attached as Exhibit G.

17. On December 21, 2010, Plaintiffs confirmed SPS was "originally" notified of the Mr. Sparlin's claims and the disputed debt in the letter dated November 23, 2010. December 21, 2010, letter attached as Exhibit H.

18. SPS responded with a validation of the debt January 24, 2011, and included a copy of the Note and the Deed. January 24, 2011, letter attached as Exhibit I.

19. On January 28, 2011, Mr. Sparlin confirmed he had been notified by the prior Loan Servicer, BAC Home Loans Servicing, that servicing of his mortgage was being transferred to SPS. January 28, 2011, letter attached as Exhibit J.

20. Nevertheless, in the January 28, 2011, letter Mr. Sparlin continued to take the position they were not properly informed of who had the right to collect the Note payments and that and that SPS did not have "legal authority" to request payment. *Id*.

21. Moreover, as late as April 2011, Plaintiffs allege in letters and in telephone conversations they were provided "insufficient or incomplete" information to determine whether SPS has the legal right to payments under the Note. See Affidavit of Sean D. Thueson attached as Exhibit K.

///

22. SPS is the "Attorney in Fact" for the Current Note Holder, via recorded power of attorney. *Id.* ¶ 6.

23. With escrow impounds, Mr. Sparlin's monthly payments total One Thousand Four Hundred Seventy Six and 00/100 Dollars ($1,476.00). *Id.* ¶ 7.

24. As of March 2011, Mr. Sparlin owed Nineteen Thousand One Hundred Eighty Seven and 00/100 Dollars ($19,187.00), approximately 13 months in arrears. *Id.* ¶ 8.

25. Since March 2011, Mr. Sparlin has not made any payments, increasing the amount owed to Twenty Two Thousand One Hundred Thirty Nine and 00/100 Dollars ($22,139.00). *Id.* ¶ 9.

26. Mr. Sparlin is in danger of having the Property put into foreclosure, which SPS has attempted to avoid. *Id.* ¶ 10.

27. The last payment received under the terms on the Note was in September 2010. *Id.* ¶ 11.

28. SPS has attempted to collect the required Note payments on behalf of the Current Note Holder. *Id.* ¶ 12.

29. Mr. Sparlin, however, has failed to make payment as required under the terms of the Note. *Id.* ¶ 13.

30. Plaintiffs have used every tactic possible to delay payment, including arguing they are not aware of the identity of the entity to whom they should make payments under the terms of the Note. *Id.* ¶ 14.

31. SPS has offered to discuss various options to assist Plaintiffs, including providing information on the HOPE and HAMP programs and inquired regarding Mr. Sparlin's interest in exploring loan modification, however, Plaintiffs refuse to discuss any options because of the alleged issue regarding the identity of who is owed payments under the Note. *Id.* ¶ 15.

32. An actual controversy exists between SPS and Mr. Sparlin concerning whether payment must be made to SPS as his Loan Servicer relating to the required monthly payments under the terms of the Note. *Id.* ¶ 16.

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

33. SPS desires to have this issue resolved speedily and inexpensively; thus, necessitating the Motion. *Id.* ¶ 17.

34. If Plaintiffs do not agree SPS is the proper Loan Servicer for the mortgage and agree to make payments to SPS, and the Court is not willing to decide the issue at this point in the proceeding, SPS requests the Court order Mr. Sparlin make the required payments into the Court (or other such disinterested third party such as an escrow account) until such time as the issue is decided. *Id.* ¶ 18.

DATED this 6th day of May, 2011.

HOLLAND & HART LLP

*/s/ Sean D. Thueson*
Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

5095859_1.DOCX

5

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 6th day of May, 2011, I served a true and correct copy of the foregoing **SELECT PORTFOLIO SERVICING, INC.'S STATEMENT OF UNDISPUTED FACTS** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Michael B. Sparlin
Sharon J. Sparlin
9151 E. Showcase Lane
Tucson, AZ  85749
ssparlin@dakotacom.net

*Plaintiff/Pro Se*

/s/ Lorrine K. Rillera
An Employee of HOLLAND & HART LLP

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

5095859_1.DOCX                    6