# EXHIBIT "K"

# EXHIBIT "K"

Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: 702-669-4622
Fax: 702-669-4650
sdthueson@hollandhart.com
blwright@hollandhart.com

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. Sparlin; and Sharon J. Sparlin<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | CASE NO.: 4:11-cv-00240-CKJ<br><br>*Motion to Consolidate Pending In:*<br>CASE NO.: 4:11-cv-00241-CKJ<br>CASE NO.: 4:11-cv-00257-FRZ<br>CASE NO.: 4:11-cv-00259-FRZ<br>CASE NO.: 4:11-cv-00261-DCB<br>CASE NO.: 4:11-cv-00262-BPV<br>CASE NO.: 4:11-cv-00263-GEE<br>CASE NO.: 4:11-cv-00264-HCE<br>CASE NO.: 4:11-cv-00265-RCC<br>CASE NO.: 4:11-cv-00266-DCB<br>CASE NO.: 4:11-cv-00268-JCG |

## AFFIDAVIT OF SEAN D. THUESON

STATE OF NEVADA    )
                   ) s.s.
COUNTY OF CLARK    )

SEAN D. THUESON, being first duly sworn, deposes and says that he has personal knowledge and is competent to testify to the following facts except as stated on information and belief:

1. I am over the age of eighteen years and am currently an attorney representing Defendant Select Portfolio Servicing, Inc.

2. I make this Affidavit in support of the Motion for Declaratory or Summary Judgment against Plaintiffs.

5095859_1.DOCX                                1

3. I have reviewed the file of SPS and each of the Exhibits attached to the Statement of Undisputed Facts are true and accurate copies of business records maintained by SPS in the ordinary course of business.

4. I have had several telephone conversations, written and email correspondence with Plaintiffs over the past month.

5. As late as April 2011, Plaintiffs allege in letters and in telephone conversations they were provided "insufficient or incomplete" information to determine whether SPS has the legal right to payments under the Note.

6. SPS is the "Attorney in Fact" for the Current Note Holder, via recorded power of attorney.

7. A review of the business records in possession of SPS indicates with escrow impounds, Mr. Sparlin's monthly payments total One Thousand Four Hundred Seventy Six and 00/100 Dollars ($1,476.00).

8. As of March 2011, Mr. Sparlin owed Nineteen Thousand One Hundred Eighty Seven and 00/100 Dollars ($19,187.00), approximately 13 months in arrears.

9. Upon information and belief, since March 2011, Mr. Sparlin has not made any payments, increasing the amount owed to Twenty Two Thousand One Hundred Thirty Nine and 00/100 Dollars ($22,139.00).

10. Mr. Sparlin is in danger of having the Property put into foreclosure, which SPS has attempted to avoid.

11. Upon information and belief, the last payment received under the terms on the Note was in September 2010.

12. SPS has attempted to collect the required Note payments on behalf of the Current Note Holder.

13. Mr. Sparlin, however, has failed to make payment as required under the terms of the Note.

14. Plaintiffs have used every tactic possible to delay payment, including arguing they are not aware of the identity of the entity to whom they should make payments under the

1 terms of the Note.

2 15. SPS has offered to discuss various options to assist Plaintiffs, including providing information on the HOPE and HAMP programs and inquired regarding Mr. Sparlin's interest in exploring loan modification, however, Plaintiffs refuse to discuss any options because of the alleged issue regarding the identity of who is owed payments under the Note.

16. An actual controversy exists between SPS and Mr. Sparlin concerning whether payment must be made to SPS as his Loan Servicer relating to the required monthly payments under the terms of the Note.

17. SPS desires to have this issue resolved speedily and inexpensively; thus, necessitating the Motion.

18. If Plaintiffs do not agree SPS is the proper Loan Servicer for the mortgage and agree to make payments to SPS, and the Court is not willing to decide the issue at this point in the proceeding, SPS requests the Court order Mr. Sparlin make the required payments into the Court (or other such disinterested third party such as an escrow account) until such time as the issue is decided.

DATED this 6th day of May, 2011.

_____
Sean D. Thueson

SUBSCRIBED AND SWORN to before me this ___ day of May 2011.

_____
NOTARY PUBLIC
In and for said County and State



HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

5095859_1.DOCX   3