1 Name: **MICHAEL BENSON SPARLIN** and
2 **SHARON JEANETTE SPARLIN H/W**
3 Address: 9151 E Showcase Lane
4 City, State, Zip: Tucson, AZ 85749
5 Daytime Phone: 520-760-0200
6 *Representing Self, Without a Lawyer*
7

```
 ┌─────────────────────────────────┐
 │  FILED ───────  LODGED          │
 │  RECEIVED ───── COPY            │
 │                                 │
 │  7    MAY 12 2011    7          │
 │                                 │
 │  CLERK U S DISTRICT COURT       │
 │     DISTRICT OF ARIZONA         │
 │  BY_____ DEPUTY   │
 └─────────────────────────────────┘
```

8 IN THE UNITED STATES DISTRICT COURT
9 DISTRICT OF ARIZONA
10

11 **MICHAEL BENSON SPARLIN** and )
12 **SHARON JEANETTE SPARLIN** H/W )   CASE NO: **CV 11-00240-CKJ**
13 Plaintiffs )                         **CV 11-00241-CKJ**
14 )                                    **CV 11-00257-FRZ**
15 )                                    **CV 11-00259-FRZ**
16 )                                    **CV 11-00261-DCB**
17 )                                    **CV 11-00262-BPV**
18 )                                    **CV 11-00263-GEE**
19 )                                    **CV 11-00264-HCE**
20 v )                                  **CV 11-00265-RCC**
21 )                                    **CV 11-00266-DCB**
22 )                                    **CV 11-00268-JCG**
23 )                                    **CONSOLIDATED**
24 )
25 )
26 )                                    **PLAINTIFFS RESPONSE**
27 **SELECT PORTFOLIO SERVICING, INC.** )  **TO MOTION TO DISMISS AND**
28 **Defendant** )                      **MOTION FOR SUMMARY JUDGMENT**
29 _____ )

30 **COMES NOW**, Plaintiffs Michael B Sparlin and Sharon J Sparlin to respond to Defendants

31 Motion to Dismiss, Motion to Consolidate and Motion for Summary Judgment which were filed on

32 May 6, 2011.

33 ## PRELIMINARY STATEMENT
34

35 1. This is simply an action for damages brought for violations of the Fair Debt Collection

36 Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Arizona Consumer

37 Collection Practices Act (ACCPA), Arizona Statute R20-4 *et seq,*;  for violations of the Telephone

38 Consumer Protection Act (TCPA) 47 U.S.C. §227 *et seq.* and for damages for violations of the Fair

39 Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

40

41

2.     Plaintiff contends that the Debt Collection Company Select Portfolio Servicing, Inc. ("SPS") has violated their civil rights and violated numerous laws by repeatedly harassing Plaintiffs in their attempt to collect on a disputed debt.

## STATEMENT OF FACTS

3.     On or about August 25, 2010, Plaintiffs received a notice from SPS referring to an alleged debt that was being assigned, sold or transferred from Bank of America Home Loan Servicing, LP ("BAC") to SPS effective September 1, 2010.

4.     Plaintiff had never heard of Defendant SPS nor had Plaintiff ever done business with SPS. The letter failed to disclose that the communication was from a debt collector.

5.     In the letter received from Defendant SPS it advised that pursuant to Section 6 of RESPA (12 USC 2605), a *Qualified Written Request* ("QWR") could be sent to dispute the alleged debt. (EXHIBIT 1)

6.     Plaintiff had previously disputed an alleged debt with BAC so after receiving the initial letter from Defendant SPS, a QWR was mailed disputing the alleged debt and issuing a 'cease and desist' request. This letter was mailed certified to Select Portfolio Servicing, P.O. Box 65567, Salt Lake City, UT 84165-0567 under tracking #70100780000056433826. (EXHIBIT 2)

7.     Defendant SPS acknowledged receipt of the QWR on August 27, 2010. (EXHIBIT 3)

8.     Defendant SPS failed to acknowledge receipt of my QWR within the required twenty (20) business days as required under 12 USC 2605.

9.     SPS failed to properly validate and verify the alleged debt within sixty (60) business days as required under 12 USC 2605.

10.    On or about September 10, 2010, Plaintiff received a letter from SPS. The letter stated that "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose."   It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".

11.    On or about September 15, 2010, Plaintiff received a Monthly Mortgage Statement. This statement further stated that "You are hereby notified that this statement is an attempt to collect a debt".

12.    On or about September 15, 2010, Plaintiff received a letter from SPS offering assistance with a loan modification. The letter failed to disclose that the communication was from a debt collector.

|

13.     Due to lack of or improper response from SPS with regards to the QWR request, Plaintiff sent a *Statement of Cause* on September 20, 2010 certified mail, tracking #70100780000056426729.  (EXHIBIT 4)

14.     Defendant SPS acknowledged receipt of the Plaintiffs *Statement of Cause* along with a 'cease and desist' request on September 22, 2010. (EXHIBIT 5)

15.     On or about September 22, 2010, Plaintiff received a letter referencing the Home Affordable Modification Program.  The letter failed to disclose that the communication was from a debt collector and threatened loss of our home for failure to respond.

16.     On or about September 23, 2010, Plaintiffs received a letter in response to an inquiry from Plaintiff.  The letter failed to disclose that the communication was from a debt collector and threatened loss of our home for failure to respond.

17.     On or about October 11, 2010, Plaintiffs received a letter from SPS.  The letter stated that "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose."   It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".

18.     On or about October 15, 2010, Plaintiffs received a letter from SPS referencing the Home Affordable Modification Program.  The letter failed to disclose that the communication was from a debt collector and threatened loss of our home for failure to respond.

19.     On or about October 18, 2010, Plaintiffs received a Monthly Mortgage Statement. This statement stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose".

20.     On or about November 16, 2010 Plaintiff received a *Demand Letter – Notice of Default* from Defendant SPS for an alleged debt which Defendant SPS had not properly validated or verified as requested by this Plaintiff's *QWR*, which they received on August 25, 2010 or the *Statement of Cause*, which they received on September 22, 2010.  This statement stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose". It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".  Further, it threatened this Plaintiff with commencement of foreclosure actions.

21.     On or about November 17, 2010, Plaintiffs received a Monthly Mortgage Statement. This statement stated that "You are hereby notified that this statement is an attempt to collect a debt. All information obtained will be used for that purpose".

22.     On November 23, 2010, this Plaintiff sent another letter disputing the alleged debt, asking that the Defendant SPS validate and verify the alleged debt and once again asking for a 'cease and desist' until the matter was resolved. This letter was mailed certified, tracking #70100780000056426743. (EXHIBIT 6)

23.     Defendant SPS acknowledged receipt of the letter dated November 23, 2010 on November 26, 2010.  (EXHIBIT 7)

24.     On or about December 2, 2010, Plaintiffs received a letter from SPS referencing unauthorized correspondence.  The letter failed to disclose that the communication was from a debt collector.

25.     On or about December 2, 2010, Plaintiffs received a letter from SPS referencing federal privacy restrictions.  The letter failed to disclose that the communication was from a debt collector.

26.     On or about December 2, 2010, Plaintiffs received a letter from SPS referencing Defendants attempts to contact us several times by telephone.  This letter stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose". It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".

27.     On or about December 16, 2010, Plaintiffs received a Monthly Mortgage Statement. This statement stated that "You are hereby notified that this statement is an attempt to collect a debt. All information obtained will be used for that purpose".

28.     On December 21, 2010, Plaintiffs mailed to SPS a certified letter advising that Michael B Sparlin had suffered a stroke, was unable to discuss the situation and attached a copy of an authorization from Michael B Sparlin to Sharon J Sparlin which had been faxed to BAC Home Loans Servicing, LP on no fewer than three (3) separate occasions dating to June 22, 2008.  (EXHIBIT 8)

29.     Defendant SPS acknowledged receipt of my letter and authorization on December 27, 2010. (EXHIBIT 9)

30.     On or about December 31, 2010, Plaintiffs received a letter from SPS referencing correspondence they had received from this Plaintiff.  The letter failed to disclose that the communication was from a debt collector.

31.     On or about January 18, 2011, Plaintiffs received a Monthly Mortgage Statement. This statement stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose".

32.     On or about January 24, 2011, Plaintiff received a copy of a Promissory Note along with a copy of a Deed of Trust alleged to be signed by Michael B. Sparlin and advising that this would be sufficient to validate the alleged debt that Defendant SPS has been attempting to collect. This letter stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose". It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".

33.     On January 28, 2011, Plaintiffs mailed yet another letter to SPS advising that they still were not in compliance with my original QWR request and advised that a complete accounting validation was requested or a lawsuit would be forthcoming.  (EXHIBIT 10)

34.     Defendant SPS acknowledged receipt of my letter on January 31, 2011. (EXHIBIT 11)

35.     On or about February 3, 2011, Plaintiffs received a letter from SPS referencing correspondence they had received from this Plaintiff.  The letter failed to disclose that the communication was from a debt collector.

36.     On or about February 3, 2011, Plaintiffs received a letter from SPS referencing tax information.  The letter failed to disclose that the communication was from a debt collector.

37.     On or about February 3, 2011, Plaintiffs received a letter from SPS referencing annual PMI disclosure information.  The letter failed to disclose that the communication was from a debt collector.

38.     On or about February 15, 2011, Plaintiffs received a Monthly Mortgage Statement. This statement stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose".

39.     On February 18, 2011, Defendant SPS had still not validated and verified the alleged debt so Plaintiff mailed a certified letter advising of *Notice of Pending Lawsuit*. (EXHIBIT 12)

40.     Defendant SPS acknowledged receipt of my *Notice of Pending Lawsuit* on February 22, 2011. (EXHIBIT 13)

41.     On or about February 22, 2011 Plaintiff received a letter referencing correspondence received from this Plaintiff.   The letter failed to disclose that the communication was from a debt collector.

On or about February 22, 2011 Plaintiff received a letter referencing correspondence received from this Plaintiff.   This letter stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose". It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".

42.     On March 7, 2011, Plaintiff mailed another certified letter to SPS still disputing the alleged debt, advising that the debt still had not been validated or verified, requesting a cease and desist and advising that a lawsuit was forthcoming if they were unable to provide proper validation and verification of the alleged debt.  Tracking #70101870000138757238 (EXHIBIT 14)

43.     Defendant SPS acknowledged receipt of my letter on March 9, 2011. (EXHIBIT 15)

44.     On March 14, 2011 Plaintiff made one final attempt to have Defendant validate and verify the alleged debt.  Plaintiff sent a *Notice of Pending Lawsuit* which detailed each violation with specificity.  This was mailed certified, tracking #70101870000138757245. (EXHIBIT 16)

45.     Defendant SPS acknowledged receipt of my letter on March 16, 2011. (EXHIBIT 17)

On or about March 25, 2011, Plaintiff received a letter from SPS referencing correspondence received from this Plaintiff.  This letter stated that "You are hereby notified that this statement is an attempt to collect a debt.  All information obtained will be used for that purpose". It further stated "This collection agency is licensed by the Minnesota Department of Commerce" and New York City Collection Agency License No. 0987252".

46.     On April 2, 2011, Plaintiff mailed a response to the Defendants March 25, 2011 letter advising that six (6) small claims cases had already been filed and more were going to be filed to cover the violations as outlined in my March 14, 2011 letter.  Plaintiff mailed this letter certified, tracking #70110110000185941083. (EXHIBIT 18)

47.     Defendant SPS acknowledged receipt of my letter on April 6, 2011. (EXHIBIT 19)

48.     On April 19, 2011 Plaintiff Sharon Sparlin received a phone call from Mr Sean Thueson, attorney with Holland & Hart LLP, representing SPS. Mr Thueson was calling to discuss

|

1  the first two (2) cases which I had filed against SPS.  Plaintiff acknowledged a willingness to settle in

2  an effort to avoid costly litigation expense and Plaintiff followed up the phone call with an email

3  confirmation. (EXHIBIT 20)

4      49.    On April 21, 2011, Plaintiffs had not received any settlement offer from the Defendant

5  so a letter was mailed to Mr. Sean Thueson outlining the purpose in filing the cases against SPS and

6  requesting, yet again, that they validate and verify the alleged debt.  Plaintiffs even provided a

7  disclosure statement for completion but to date, has not been returned by the Defendant. (EXHIBIT

8  21)

9      50.    On or about March 16, 2011, Plaintiffs received a Monthly Mortgage Statement. This

10  statement stated that "You are hereby notified that this statement is an attempt to collect a debt.  All

11  information obtained will be used for that purpose".

12      51.    On or about March 18, 2011, Plaintiff received a letter from SPS referencing

13  correspondence received from the Plaintiff.  The letter failed to disclose that the communication was

14  from a debt collector.

15      52.    On or about April 15, 2011,  Plaintiff received a letter from SPS referencing

16  correspondence received from the Plaintiff.  The letter failed to disclose that the communication was

17  from a debt collector.

18      53.    On or about April 29, 2011, Plaintiff received a letter from SPS referencing

19  correspondence received from the Plaintiff.  The letter failed to disclose that the communication was

20  from a debt collector.

21                      **ARGUMENTS**

22

23      54.    In considering a motion to dismiss for failure to state claim upon which relief can be

24  granted, pleadings should be liberally construed, all well-pleaded factual allegations must be accepted

25  as true and all reasonable inferences must be drawn in favor of plaintiff. *Oppenheimer v. Novell, Inc.,*

26  *D.Utah 1994, 851 F.Supp. 412.* **Federal Civil Procedure 1829**.

27      55.    Dismissal for failure to state claim is not favored by law. *F.D.I.C. v Harrington,*

28  *N.d.Tex. 1994, 844 F.Supp. 300.* **Federal Civil Procedure 1721.**

29      56.    On motion to dismiss, complaint must be read in light most favorable to the claimant.

30  *K. Bell & Associates, Inc. v. Lloyd's Underwriters, S.D.N.Y. 1993, 827 F.Supp. 985.* **Federal Civil**

31  **Procedure 1829.**

32

57.     Court is restricted to face of pleadings and may look only within four corners of complaint in evaluating motion to dismiss for failure to state claim. *In re Catfish Antitrust Litigation, N.D.Miss. 1993, 826 f.Supp. 1019.* **Federal Civil Procedure 1829.**

58.     Issue on motion to dismiss for failure to state claim upon which relief can be granted is not whether plaintiffs will prevail, but whether they should be afforded opportunity to offer evidence to prove their claims. *Aguilar v. United Nat. Ins. Co., D.Conn. 1993, 825 F.Supp. 456.* **Federal Civil Procedure 1721.**

59.     To survive motion to dismiss for failure to state a claim, pleading need not correctly categorize legal theories giving rise to the claims, and court is under a duty to examine the pleadings to determine if the allegations provide for relief under any theory. *Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc., E.D.Pa. 1992, 801 F.Supp. 1450.* **Federal Civil Procedure 1771.**

60.     The issue upon evaluation of a motion to dismiss for failure to state a claim is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *BCBE Properties, LLC v. Land-O-Sun Dairies, LLC, W.D.Va. 2006, 433 F.Supp.2d 723.* **Federal Civil Procedure 1771.**

61.     Complaint should not be dismissed for failure to state a claim simply because a plaintiff is unlikely to succeed on the merits. *Longo v. Suffolk County Police Dept. County of Suffolk, E.D.N.Y. 2006, 429 F.Supp.2d 553.* **Federal Civil Procedure 1771.**

62.     Summary judgment is only appropriate when "there are no material facts in dispute, and the moving party is entitled to prevail as a matter of law". *Volusia County v Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130(Fla. 2000).*   Such is not the issue in this instant case, therefore Summary Judgment should not be granted.

63.     To avoid dismissal for failure to state a claim, a complaint need not contain detailed factual allegations; rather, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.*

64.     Select Portfolio Servicing, Inc.("SPS") are ***debt collectors*** as defined by the meaning of the FDCPA §803 and 15USC §1692a(6).  (EXHIBIT 22, EXHIBIT 23, EXHIBIT 24, EXHIBIT 25)

> *"The term "**debt collector**" means any person who uses any*
> *instrumentality of interstate commerce or the mails in any business the*
> *principal purpose of which is the collection of any debts, or who*

*regularly collects or attempts to collect, directly or indirectly, debts*
*owed or due or asserted to be owed or due another."*

65.     Defendant SPS even <u>refers to themselves</u> as "***debt collectors***" in numerous pieces of correspondence Plaintiffs have received from them.  (EXHIBIT 26)

66.     Plaintiffs have never done business with SPS and have never had an account with SPS.

67.     Plaintiffs mailed a Qualified Written Request ("QWR") to Defendant on August 25, 1020, seeking verification and validation of the debt and requesting a 'cease and desist' order until the matter was resolved.

68.     SPS acknowledged receipt of Plaintiffs request on August 27, 2010.

69.     SPS failed to validate and verify the debt as required.

70.     As of May 11, 2011, SPS has still failed to validate and verify the debt.

71.     In Defendants *Motion for Summary Judgment* and *Motion to Dismiss*, counsel continually brings up the argument of a delinquent Note and Deed of Trust signed by the Plaintiff.  The filing of this Plaintiffs lawsuits has **<u>ABSOLUTELY NOTHING</u> <u>TO DO</u>** with a Note and/or Deed of Trust and as such, all arguments presented by the Defendant relative to a Note and/or Deed of Trust are irrelevant, have no bearing on this instant case and therefore, should not be considered in determining the merits of this action.

72.     Plaintiff  **<u>NEVER ONCE</u>** mentioned a Note and/or Deed of Trust in any of their filings.  Plaintiffs are filing only for violations of their civil rights under FDCPA, FCRA, TCPA, and ACCPA.

73.     Plaintiff contends that the illegal actions and civil rights violations of Defendant SPS has harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and the unnecessary expenditures for court filing fees and costs.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT SELECT PORTFOLIO SERVICING, INC.

74.     Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

75.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

76.      Defendant SPS is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

77.      Defendant SPS violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)      Defendant SPS violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b)      Defendant SPS violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(c)      Defendant SPS violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(d)      Defendant SPS violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(e)      Defendant SPS violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(f) Defendant SPS violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that,

1    upon the consumer's written request within the thirty-day period, the debt collector

2    will provide the consumer with the name and address of the original creditor, if

3    different from the current creditor.

4    **WHEREFORE**, Plaintiff demands judgment for damages against Defendant SPS for actual

5    or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

6

## COUNT II
## VIOLATION OF ARIZONA DEBT COLLECTION AND CONSUMER PROTECTION STATUTES TITLE 20, CHAPTER 4, ARTICLE 15 BY DEFENDANT SELECT PORTFOLIO SERVICING, INC.

78.    Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

79.    Plaintiff is a consumer within the meaning of the Arizona Debt Collection and Consumer Protection Statute R20-4-1501.

80.    Defendant SPS is a debt collector within the meaning of the Arizona Debt Collection and Consumer Protection Statute R20-4-1501.

81.    Defendant SPS has violated the Arizona Debt Collection and Consumer Protection Statutes.  Defendant's violations include, but are not limited to, the following:

(a) Violation of R20-4-1507(1) for failure to represent itself as a collection agency.

(b) Violation of R20-4-1509(A) for attempting to collect attorney fees, collection costs, or other fee that the Plaintiff is not obligated to pay.

(c) Violation of R20-4-1509(C) for threatening to file legal proceedings which would amount to foreclosure.

(d) Violation of R20-4-1511(A) for using oppressive tactics designed to harass Plaintiffs to pay an alleged debt.

(e) Violation of R20-4-1513(B)(2) by willfully communicating with Plaintiffs to collect an alleged debt AFTER receiving a Qualified Written Request, debt validation, debt verification and notice to cease and desist.  This consists of no fewer than thirteen (13) violations.

(f) Violation of R20-4-1513(D) by willfully continuing to communicate with Plaintiffs AFTER it received the written request to cease and desist which was August 27, 2010.

Plaintiffs Response to MTD and MSJ | Case No:  11-00240-CKJ

(g) Violation of  R20-4-1514(A) for failure to respond with five (5) days after their original communication with Plaintiffs to provide written communication which contained the following:

    (i)    The name of the creditor;

    (ii)    The time and place of the creation of the debt;

    (iii)    The merchandise, services, or other value provided in exchange for the debt; and

    (iv)    The date when the account was turned over to the collection agency by the creditor.

(h)    Violation of R20-4-1514(B) and (C) for failure to allow Plaintiff access to any of the records relative to the alleged debt and failure to provide copies of its evidence of the debt to Plaintiffs when requested.

(i)    Violation of R20-4-1518 for failure to validate and verify the alleged debt by providing written records between the creditor and the collection agency.  The records should state:

    (i)    The names of the parties to the agreement or written direction;

    (ii)    The terms or rate of compensation paid to the collection agency;

    (iii)    The length of time the agreement or written direction is intended to be in effect; and

    (iv)    Any conditions regarding collection of a particular debt.

(j)    Violation of R20-4-1521 for failure to provide copies of its evidence of the debt to the Plaintiff when requested and for failure to investigate claims presented by us on several occasions.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant SPS for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to the Arizona Debt Collection and Consumer Protection Statutes.

### COUNT III
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
**WILLFUL NON-COMPLIANCE BY DEFENDANT**
**SELECT PORTFOLIO SERVICING, INC.**

82.    Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

83.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

Plaintiffs Response to MTD and MSJ | Case No: 11-00240-CKJ

1  84.  Defendant SPS is a furnisher of information within the meaning of the FCRA, 15

2  U.S.C. §1681s-2.

3  85.  Defendant SPS willfully violated the FCRA. Defendant's violations include, but are

4  not limited to, the following:

5  (a) Defendant SPS willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the

6  completeness or accuracy of any information furnished by any person to any

7  consumer reporting agency is disputed to such person by a consumer, failing to

8  furnish the information to any consumer reporting agency without notice that such

9  information is disputed by the consumer.

10  (b) Defendant SPS willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving

11  notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of

12  any information provided by a person to a consumer reporting agency, negligently

13  failing to conduct an investigation with respect to the disputed information.

14  (c) Defendant SPS willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving

15  notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of

16  any information provided by a person to a consumer reporting agency, failing to

17  review all relevant information provided by the consumer reporting agencies.

18  (d) Defendant SPS willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving

19  notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of

20  any information provided by a person to a consumer reporting agency, failing to

21  direct such consumer reporting agencies to delete inaccurate information about the

22  plaintiff pertaining to the account.

23  **WHEREFORE,** Plaintiff demands judgment for damages against Defendant SPS for actual

24  or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

25  **COUNT IV**
26  **VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
27  **NEGLIGENT NON-COMPLIANCE BY DEFENDANT**
28  **SELECT PORTFOLIO SERVICING, INC.**
29
30  86.  Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

31  87.  Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

32  88.  Defendant SPS is a furnisher of information within the meaning of the FCRA, 15

33  U.S.C. §1681s-2.

89.    Defendant SPS negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant SPS negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendant SPS negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendant SPS negligently violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendant SPS negligently violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant SPS for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

**COUNT V**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT47 U.S.C. §227**

90.    Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

91.    Defendant SPS  has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

83.    Defendant SPS has committed 2 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

84.    Defendant SPS has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A). The 2 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.  Defendant made calls AFTER receiving the *Notice of Intent to File Lawsuit,* making them intentional violations.  An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant SPS for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. §227.

**COUNT VI**
**VIOLATION OF THE HELPING FAMILIES SAVE THEIR**
**HOMES ACT OF 2009 TILA 131(g), 15 U.S.C. § 1641(g)**

85.    Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

86.    Defendant SPS  has violated 15USC 1641(g)(1)(D) by its failure to notify by mail or delivery notice of sale, transfer or assignment within (30) days after such sale, transfer or assignment and further fail to provide the location of the place where the transfer of ownership of the alleged debt is recorded.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant SPS for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15U.S.C. §1641(g).

**OBJECTIONS**

*Objection #1- Irrelevant Issues Raised*

87.    Defendants *Motion for Summary Judgment* calls for Plaintiff to deposit payments with the Court relative to an alleged Note and Deed of Trust.  This instant case was filed  by Plaintiffs for violations of their civil rights and **HAS NOTHING TO DO** with an alleged  Note and/or Deed of Trust.  That issue would be best reserved for another day.  As such, any arguments, demands or requests presented by Defendant SPS concerning an alleged Note and/or Deed of Trust are irrelevant, immaterial and moot.

*Objection #2 – Failure to properly validate and verify the debt*

88.    SPS indicates in it's *Motion for Summary Judgment* that it validated the debt to the Sparlin's.  This statement is absolutely false.  There is a distinct difference between "validation" and "verification" as this Plaintiff has outlined in this response.  Plaintiffs have repeatedly asked the

1  Defendant to provide proper evidence to "validate" and "verify" the alleged debt but Defendant has

2  failed to provide any credible evidence to support their claim that Plaintiffs owe them anything.

3

4  *Objection #3 – Identical Claims*

5          89.      In Defendants *Memorandum of Points and Authorities* included in the *Motion to*

6  *Dismiss,*  Defendant states that Plaintiffs assert twenty-two claims against SPS, many of which are

7  identical.  The fact that Defendant has violated certain statutes *multiple* times might make it appear

8  that there are identical claims.  Plaintiffs assertion of twenty-two different claims are each unique and

9  are therefore, not identical.

10  *Objection #4 – Claims relate to a mortgage*

11          90.      This Plaintiff has filed <u>NO</u> action against Defendant SPS relative to an alleged

12  mortgage.  Plaintiffs actions are only relative to violation of our civil rights with regards to FDCPA,

13  FCRA, Arizona Debt Collection & Consumer Protection Act and TCPA, therefore, any arguments

14  from this Defendant relative to an alleged Note and/or Deed of Trust are irrelevant and immaterial to

15  this case and as such are moot.

16  *Objection #5 – Mrs Sparlin lacks standing*

17          91.      Defendant argues throughout their *Motion to Dismiss* that Mrs Sparlin lacks any

18  standing to bring any claims against SPS.

19          92.      Mrs Sparlin has been dealing by phone, email, fax and letter with Defendant SPS since

20  August 25, 2010.  Only recently has this Defendant taken the stance that Mrs Sparlin has no standing

21  to discuss any matter with them citing that Mrs Sparlin's name does not appear on an alleged Note

22  and/or Deed of Trust.

23          93.      Once again, Plaintiff asserts that this action **HAS NOTHING TO DO** with a Note

24  and/or Deed of Trust and therefore, this argument should be moot.

25          94.      Even after advising SPS that this action had nothing to do with a Note and/or Deed of

26  Trust, in good faith and to try to appease Defendant SPS, Sharon Sparlin advised them that her

27  husband Michael Sparlin had suffered a stroke and was unable to coherently discuss any issues and

28  that she held a General Power of Attorney for Michael Sparlin.  (EXHIBIT 27)

29          95.      Further, had the Defendant done the proper due diligence they would have discovered

30  several facts:

31          96.      On November 29, 2006 a Disclaimer Deed was filed. (Docket 12940, Page 4535)

1     97.    On November 29, 2006 a Warranty Deed was filed. (Docket 12940, Page 4530)

2     98.    On March 30, 2007 a Warranty Deed was filed. (Docket 13023, Page 1037)

3

4     99.    Any and all arguments presented by the Defendant relative to proper standing on an

5  alleged Note and/or Deed of trust for Sharon Sparlin are irrelevant, immaterial and therefore moot.

6  *Objection #6 – Defendant SPS is not a 'debt collector'*

7     100.    SPS claims in it's *Motion to Dismiss* that it is not a 'debt collector'  and cites *Heintz v*

8  *Jenkins, 514 U.S. 291, 294 (1995)* "The law is well settled that FDCPA's definition of debt collector

9  does not include the consumer's creditors, a mortgage servicing company, or any assignee of the

10  debt."

11     101.    Defendant has failed to provide any evidence to support it's claim that it is a mortgage

12  servicer, with a valid contract to collect on an alleged debt, transferred from BAC Home Loan

13  Servicing, LP.

14     102.    Defendants have failed to submit an affidavit from a corporate officer to substantiate

15  any of the things they are alleging in their motions.

16     103.    Defendants own correspondence refers to themselves as "debt collectors".

17     104.    Plaintiffs believe that Defendants have failed to provide such evidence because there is

18  no evidence to support their claim that they are merely a mortgage servicer.

19     105.    On numerous occasions via mail correspondence, Plaintiffs attempted to settle this

20  matter outside of the legal realm to no avail.

21     106.    Plaintiffs have spoken with a representative of SPS as well as Mr. Sean Thueson of the

22  law firm of Holland & Hart in an attempt to further try to settle this matter without seeking legal

23  avenues, but all efforts on the part of the Plaintiff have been met with resistence.

24     107.    Certainly Mr Thueson is well aware of the Federal statutes and knows that his client

25  has violated these statues.  "It is a common maxim that ignorance of the law will not excuse any

26  person, either civilly or criminally." *Barlow v. United States, 7 Pet. 404, 411.*

27     108.    The FDCPA contains several provisions expressly guarding against abusive lawsuits.

28  This Plaintiff does not feel that this action was abusive.  The Plaintiffs filing of separate cases in

29  small claims was done intentionally to incur the maximum penalties to the Defendant as filing of only

30  one case limits the damages that Defendant would suffer for their negligent actions.

31     109.    Defendants site *Mansour v Cal-Western Reconveyance Corporation* in support of their

1   claim that they are not "debt collectors" under the terms of the FDCPA but are merely acting as a

2   "mortgage servicer".   In the *Mansour* case the court ruled that the mortgage servicer was not a 'debt

3   collector' as defined under the terms of the FDCPA because they were sold, assigned or transferred

4   the mortgaging rights PRIOR to default of the loan.  In this instant case, SPS advised Plaintiff that

5   they did not receive mortgage servicing rights until September, 2010.  This would have been months

6   AFTER the alleged Note went into default, thus rendering the *Mansour* example inapplicable to this

7   case.

8        110.   Defendants are committing fraud upon this court by claiming that it is not a "debt

9   collector" in it's pleadings but while acting as one outside of the court.

10       111.   Plaintiffs ask this court to take judicial notice of a case involving the Court of Appeals,

11   State of Michigan, in *Jackson v Flagstar Bank and Trott and Trott, P.C.*, case 281333.  This confirms

12   that status as a "mortgage servicer" or "debt collector" is directly related to <u>when</u> they received the

13   alleged debt.

> "The FDCPA specifically excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . **concerns a debt which was not in default at the time it was obtained** by such person . . . ." 15 USC 1692a(6)(F)(iii). Defendant Flagstar contends that it comes within this exclusion because it was a loan servicer and the loan was not in default at the time it acquired it. The mere fact that defendant Flagstar services loans does not disqualify it from being a debt collector; the question is whether its principal business is debt collection or, if not, **whether it regularly collects or attempts to collect debts owed to another**. See *Oppong v First Union Mortgage Corp, 407 F Supp 2d 658, 666-667 (ED Pa, 2005)*, vacated in part on other grounds 215 Fed Appx 114 (CA 3, 2007). With regard to whether the loan was or was not in default at the time defendant Flagstar acquired it, Flagstar has not identified any documents submitted below which established when it acquired the loan and whether that was before or after plaintiff defaulted. Quite simply, Flagstar failed to establish that there was no genuine issue of fact concerning its status as a debt collector, and summary disposition was therefore improper."

32       112.   One must stop and ask themselves – Why would any "mortgage servicer" assume a

33   debt that was already several months in arrears and looking at a potential foreclosure?  The logical

34   answer is – they wouldn't!

35       113.   That leads this Plaintiff to believe that Defendant SPS may have actually 'purchased'

36   an alleged Note for pennies on the dollar in hopes to attempt to collect on the alleged debt.  Plaintiff

37   further believes that this is why SPS has failed to provide any evidence to support it's claim that it is

1   merely a 'mortgage service provider'.

2       114.    This Plaintiff has already provided evidence to support their claim that the Defendant

3   is, in fact, a "debt collector" in every sense of the word, thus rendering Defendants arguments as

4   false.

5   *Objection #7 – Statement of Relevant Facts*

6       115.    Defendants Motion to Dismiss states that Plaintiffs complaints "were vague and did

7   not contain even the most cursory of information".

8       116.    Plaintiffs filed separate actions in small claims court via online processing.  The online

9   processing only allows a certain number of characters and this Plaintiff felt it best to provide a short,

10   concise listing of the violation which would be supported at a later date with the factual elements.

11       117.    Immediately after filing each small claims case, Plaintiff filed a Motion *for Summary*

12   *Judgment* on each case outlining in clear and concise statements the violations and supporting same

13   with the proper exhibits.  All of the *Motions for Summary Judgment* that Plaintiff submitted were

14   returned by the Pima County Small Claims Division with a cover sheet indicating that the cases had

15   been remanded and would have to be refiled.

16   *Objection #8 – Request for Judicial Notice*

17       118.    Defendants arguments relative to Judicial Notice all deal with an alleged Note and/or

18   Deed of Trust and as Plaintiff has already evidenced, this instant case **HAS NOTHING TO DO** with

19   a Note and/or Deed of Trust, therefore all of these presented items are irrelevant, immaterial and

20   should be disregarded by this court.

21                       **CONCLUSION**

22       119.    Defendants have failed to show that they are entitled to Motion to Dismiss or Motion

23   for Summary Judgment with respect to whether they violated the FDCPA.

24       120.    Plaintiffs claim that Defendants violated the FDCPA by continuing with debt

25   collection activity after they disputed the debt. See 15 USC 1692g(b).

26       121.    Although Defendants deny that they are "debt collectors", Plaintiff have proven to this

27   court that they are "debt collectors" as defined by FDCPA and are subject to the statutes therein.

28       122.    Defendant has not presented any evidence to convince this court or this Plaintiff that it

29   has a legal standing to attempt to collect on an alleged debt owed by Plaintiff.

30       123.    Defendants arguments are irrelevant, immaterial and moot concerning the alleged Note

31   and/or Deed of Trust.

124.    Defendants have failed to property 'validate' and 'verify' the alleged debt for the past eight (8) months.

125.    Defendants *Motion for Summary Judgment* and *Motion to Dismiss* as improper and should be denied.

126.    The Fair Debt Collection Practices Act (FDCPA), 15 U. S. C. §1692 *et seq.*, imposes civil liability on "debt collector[s]" for certain prohibited debt collection practices. A debt collector who "fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." §1692k(a).

127.    In addition, violations of the FDCPA are deemed unfair or deceptive acts or practices under the Federal Trade Commission Act(FTC Act), §41 *et seq.*, which is enforced by the Federal Trade Commission (FTC). See §1692*l*. A debt collector who acts with "actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is [prohibited under the FDCPA]" is further subject to civil penalties enforced by the FTC. §§45(m)(1)(A), (C).

128.    In awarding additional damages,the court must consider "the frequency and persistence of the debt collector's noncompliance," "the nature of such noncompliance," and "the extent to which such noncompliance was intentional." §1692k(b).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so trialable as a matter of law.

**WHEREFORE,** Plaintiffs move this court to:

- DENY Defendants Motion to Dismiss; and

- DENY Defendants Motion for Summary Judgment;  and

- AWARD Plaintiff damages for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k; and

- AWARD Plaintiff damages for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to the Arizona Debt Collection and Consumer Protection Statutes; and
- AWARD Plaintiff damages for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n; and

- AWARD Plaintiff damages for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o; and

- AWARD Plaintiff damages for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. **§227;** and

- AWARD Plaintiff damages against Defendant SPS for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15U.S.C. §1641(g); and

- AWARD Plaintiff any other damages as this court sees fit.

*Sharon J Sparlin*

## **AFFIDAVIT**

I, Sharon J Sparlin, of age and competent to testify, verify that the statements contained in this document are true and correct to the best of my knowledge and belief.

*Sharon J Sparlin*                          Date: May 12, 2011

The Person above, Sharon J Sparlin, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that she executed the same in her authorized capacity and that by her signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

OFFICIAL SEAL
STEVEN RODRIGUEZ
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires Mar. 2, 2013

5-12-11

NOTARY PUBLIC IN AND FOR          DATE                    Notary Seal
THE STATE OF ARIZONA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 12th day of May, 2011 to the following:

Sean D Thueson
Bryan L Wright
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169

   *Attorneys for Defendant Select Portfolio Servicing, Inc.*

Sharon J Sparlin

# EXHIBIT 1

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

YOU ARE HEREBY NOTIFIED THAT THE SERVICING OF YOUR LOAN, THAT IS, THE RIGHT TO COLLECT PAYMENTS FROM YOU, IS BEING ASSIGNED, SOLD OR TRANSFERRED FROM BANK OF AMERICA HOME LOAN SERVICING LP TO SELECT PORTFOLIO SERVICING, INC. EFFECTIVE 09/01/2010. THE ASSIGNMENT, SALE OR TRANSFER OF THE SERVICING OF THE MORTGAGE LOAN DOES NOT AFFECT ANY TERM OR CONDITION OF THE MORTGAGE INSTRUMENTS, OTHER THAN THE TERMS DIRECTLY RELATED TO THE SERVICING OF YOUR LOAN.

EXCEPT IN LIMITED CIRCUMSTANCES, THE LAW REQUIRES THAT YOUR PRESENT SERVICER SEND YOU A NOTICE AT LEAST 15 DAYS BEFORE THE EFFECTIVE DATE OF TRANSFER OR AT CLOSING. YOUR NEW SERVICER MUST ALSO SEND YOU A NOTICE NO LATER THAN 15 DAYS AFTER THE EFFECTIVE DATE OR AT CLOSING.

YOU SHOULD ALSO BE AWARE OF THE FOLLOWING INFORMATION, PURSUANT TO SECTION 6 OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) (12 U.S.C. SECTION 2605):

DURING THE 60-DAY PERIOD FOLLOWING THE EFFECTIVE DATE OF THE TRANSFER OF THE LOAN SERVICING, A LOAN PAYMENT RECEIVED BY YOUR OLD SERVICER BEFORE ITS DUE DATE MAY NOT BE TREATED BY THE NEW LOAN SERVICER AS LATE, AND A LATE FEE MAY NOT BE IMPOSED ON YOU.

SECTION 6 OF RESPA (12 U.S.C. 2605) GIVES YOU CERTAIN CONSUMER RIGHTS. IF YOU SEND A QUALIFIED WRITTEN REQUEST TO YOUR LOAN SERVICER CONCERNING THE SERVICING OF YOUR LOAN, YOUR SERVICER MUST PROVIDE YOU WITH A WRITTEN ACKNOWLEDGEMENT WITHIN 20 BUSINESS DAYS OF RECEIPT OF YOUR REQUEST. A "QUALIFIED WRITTEN REQUEST" IS A WRITTEN CORRESPONDENCE, OTHER THAN NOTICE ON A PAYMENT COUPON OR OTHER PAYMENT MEDIUM SUPPLIED BY THE SERVICER, WHICH INCLUDES YOUR NAME AND ACCOUNT NUMBER, AND YOUR REASONS FOR THE REQUEST. NOT MORE THAN 60 BUSINESS DAYS AFTER RECEIVING YOUR REQUEST, YOUR SERVICER MUST MAKE ANY APPROPRIATE CORRECTIONS TO YOUR ACCOUNT, AND MUST PROVIDE YOU WITH A WRITTEN CLARIFICATION REGARDING ANY BUSINESS DISPUTE. DURING THIS 60-BUSINESS DAY PERIOD, YOUR SERVICER MAY NOT PROVIDE INFORMATION TO A CONSUMER REPORTING AGENCY CONCERNING ANY OVERDUE PAYMENT RELATED TO SUCH PERIOD OR QUALIFIED WRITTEN REQUEST. HOWEVER, THIS DOES NOT PREVENT THE SERVICER FROM INITIATING FORECLOSURE IF PROPER GROUNDS EXIST UNDER THE MORTGAGE DOCUMENTS.

A BUSINESS DAY IS A DAY ON WHICH THE OFFICES OF THE BUSINESS ENTITY ARE OPEN TO THE PUBLIC FOR CARRYING ON SUBSTANTIALLY ALL OF ITS BUSINESS FUNCTIONS.

SECTION 6 OF RESPA ALSO PROVIDES FOR DAMAGES AND COSTS FOR INDIVIDUALS OR CLASSES OF INDIVIDUALS IN CIRCUMSTANCES WHERE SERVICERS ARE SHOWN TO HAVE VIOLATED THE REQUIREMENTS OF THAT SECTION. YOU SHOULD SEEK LEGAL ADVICE IF YOU BELIEVE YOUR RIGHTS HAVE BEEN VIOLATED.

IF YOU HAVE FILED BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, PLEASE BE ADVISED THAT THIS STATEMENT DOES NOT REPRESENT AND IS NOT INTENDED TO BE A DEMAND FOR PAYMENT. THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY. YOU SHOULD CONTACT LEGAL COUNSEL REGARDING YOUR OBLIGATION, IF ANY, TO PAY ON THE MORTGAGE LOAN.

Esta carta le informa que el servicio de su préstamo de hipoteca está siendo transferido a Select Portfolio Servicing, Inc. Varios aspectos importantes de su préstamo corriente pueden cambiarse durante y después de este proceso. Por favor lláme a nuestro representante de información y reclamaciones en español al numero de telefono indicado para hablar de estos cambios y cualquier pregunta que usted pueda tener.

FEDERAL FAIR CREDIT REPORTING ACT/ THE FACT ACT

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit score.

IMPORTANT NOTICE CONCERNING PRIVATE MORTGAGE INSURANCE

If your residential mortgage loan has private mortgage insurance (PMI), which is separate and distinct from Homeowners or liability insurance, federal or state law may give you the right to cancel this insurance under some circumstances. Please contact our Customer Service Department for more information.

AFFILIATE BUSINESS DISCLOSURE

Please note that Select Portfolio Servicing, Inc. may utilize an affiliated company to perform financial services related to your loan account and that Select Portfolio Servicing, Inc., and/or the affiliated company may receive a financial benefit as a result of such relationship.

# EXHIBIT 2

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG

## CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.

ᘔIꓥᗡ 8/27

**MICHAEL & SHARON  SPARLIN**
**538 S DOUGLAS WASH ROAD**
**TUCSON AZ 85641**

SELECT PORTFOLIO SERVICING

P O BOX 65567

SLC 84165-0567

Certified Mail #: _70100780000S643386_ Date: _8/25/10_

**REF: 146978768**

### QUALIFIED WRITTEN REQUEST / RESCISSION NOTICE

Greetings:

In reference to the above numbered account, debtor has reason to believe and does believe that the contractual agreement entered into between debtor and lender was entered into under false pretenses and with a lack of full disclosure on the part of lender.  It is believed by debtor that lender failed to properly disclose information in violation of various consumer protection laws and that lender has attached costs to debtor which amount to fraud and possibly usury to the detriment of debtor.   Therefore, debtor challenges the entire amount of the debt from the beginning and until such time as lender complies with the Real Estate Settlement Procedures Act and provides sufficient discovery to satisfy debtor that no improprieties have occurred and that

...ified written request" under the Real Estate Settlement ...05(e) and Regulation X at 24 C. F. R.  3500, and The ...f this letter, please refrain from reporting any negative ...eporting agency until lender has responded to each of ...any irregularities debtor indicates after examination of

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 1.39 |
| Certified Fee | | 2.80 |
| Return Receipt Fee (Endorsement Required) | | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.49 |

Postmark Here   05R-21  35QWR   TUCSON AZ  AUG 25 2010  85755

Sent To  SELECT PORTFOLIO SERVICING
Street, Apt. No.; or PO Box No.  P.O. Box 65567
City, State, ZIP+4  SALT LAKE City UT 84165-0567

PS Form 3800, August 2006          See Reverse for Instructions

**1 of 17**

# EXHIBIT 3

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

USPS - Track & Confirm

**Page 1 of 1**



Home | Help |
Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 0780 0000 5643 3826
Service(s): Certified Mail™
Status: **Delivered**

Your item was delivered at 10:49 am on August 27, 2010 in SALT LAKE
CITY, UT 84115.

**Detailed Results:**

• **Delivered, August 27, 2010, 10:49 am, SALT LAKE CITY, UT 84115**
• Notice Left, August 27, 2010, 10:23 am, SALT LAKE CITY, UT 84165
• Arrival at Unit, August 27, 2010, 10:06 am, SALT LAKE CITY, UT 84115

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

SELECT PORTFOLIO
    SERVICING
P.O. BOX 65567,
SALT LAKE CITY, UT
         84165 - 0567

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____    ☐ Agent
                             ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery
   SEAN DARGER

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

AUG 27 2010

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7010 0780 0000 5643 3826

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT 4

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
## CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.

1                       **MICHAEL & SHARON   SPARLIN**

2                       **538 S DOUGLAS WASH ROAD**

3                       **TUCSON AZ 85641**

4

5   Select Portfolio Servicing, Inc.

6   P.O. Box 65567

7   Salt Lake City, UT  84165-0567

8

9                         **STATEMENT OF CAUSE**

10  Petitioner, Michael Benson Sparlin and Sharon Jeanette Sparlin, on November 28, 2006, entered

11  into a consumer contract for the purchase of property located at  538 S Douglas Wash Road,

12  Vail, AZ 85641. (Docket 12940, Page 4536, Sequence 20062290719) hereinafter referred to as

13  the "property."

14  Respondent, acting in concert and collusion with others, induced Petitioner to enter into a

15  predatory loan agreement with Respondent.

16  Respondent committed numerous acts of fraud against Petitioner in furtherance of a carefully

17  crafted scheme intended to defraud Petitioner.

18  Respondent failed to make proper notices to Petitioner that would have given Petitioner warning

19  of the types of tactics used by Respondent to defraud Petitioner.

20  Respondent charged false fees to Petitioner at settlement.

21  Respondent used the above referenced false fees to compensate agents of Petitioner in order to

22  induce said agents to breach their fiduciary duty to Petitioner.

iated collection procedures, knowing said collection

…lous as lender is estopped from collection procedures,

…ode 3-501, subsequent to the request by Petitioner for

…ote alleged to create a debt.

**…L PROVE THE FOLLOWING**

…nderance of evidence that:

…ction claims against the property;

…est in any contract which can claim a collateral

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $  1.39 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $  6.49 |

Sent To

Street, or PO Select Portfolio Servicing, Inc.
City, St P.O. Box 65567
Salt Lake City, UT  84165-0567

PS For

Letter Of Tort _Select Portfolio               1 of 20

# EXHIBIT 5

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.


**UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 0780 0000 5642 6729
Status: **Delivered**

Your item was delivered at 11:08 am on September 22, 2010 in SALT
LAKE CITY, UT 84115. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( **Restore Offline Details >** ) (?)    ( **Return to USPS.com Home >** )

---

**Track & Confirm**

Enter Label/Receipt Number.

( **Go >** )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> *X ~Dean Sarger~*  ☐ Agent  ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: <br><br> Select Portfolio Servicing, Inc. <br> P.O. Box 65567 <br> Salt Lake City, UT  84165-0567 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> SEP 22 2010 <br><br> 3. Service Type <br> ☐ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label)  7010 0780 0000 5642 6729 | |
| PS Form 3811, February 2004       Domestic Return Receipt | 102595-02-M-1540 |

# EXHIBIT 6

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

*OSR21*

November 23, 2010

Select Portfolio Servicing, Inc.
ATTN:  Consumer Advocacy Department
P.O. Box 551170
Jacksonville, FL  322555
Tracking #70100780000056426743

Re:  Reply to your Letter dated November 16, 2010
     Property Address:  538 South Douglas Wash Road, Vail, AZ 85641
     Loan #0012315073

To Whom It May Concern,

I have received your Demand Letter-Notice of Default which is dated November 16, 2010.
In compliance with your letter, I am hereby submit this as my formal dispute of the alleged
debt.  The following chronologically outlines the steps I have taken to prevent the "Pretend
Lenders" of BAC Home Loans Servicing, LP, Bank of America, Select Portfolio Servicing, Inc.
or any other entity from claiming to own this property.

1. Sent QWR (Qualified Written Request)
   BAC Home Loans Servicing, LP, return receipt requested #70091410000233346968
   Delivered 9:03am on December 21, 2010
2. Sent NOTICE OF DEFAULT, NOTICE OF RIGHT TO CANCEL, NOTICE OF
   REVOCATION OF POWER OF ATTORNEY
   Universal American Mortgage Company, Tracking #70092250000170290468
   Delivered 9:47am on March 24, 2010
   Countrywide, Tracking #70092250000170290437
   Delivered 6:49am on March 26, 2010
3. Sent NOTICE OF REMOVAL OF TRUSTEE
   Universal American Mortgage Company, Tracking #70092250000170290468
   Delivered 9:47am on March 24, 2010
   Countrywide, Tracking #70092250000170290437
   Delivered 6:49am on March 26, 2010
   Title Security Agency of Arizona, Tracking #70092250000170290444
   Delivered 12:02pm on March 23, 2010
   Mortgage Electronic Registration Systems, Inc., Tracking #70092250000170290451
   Returned, refused delivery
4. Letter from BAC Home Loans refusing Right to Rescind received April 12, 2010
5. Complaint letter sent to Office of Comptroller re: Case #01055033
   Tracking #70092250000392999996, delivered 2:47pm on April 16, 2010
   Copy of letter to BAC Home Loans Servicing, LP, Tracking #70092250000392999989
   Delivered 9:34am on April 6, 2010

6. Letter to Bridgefield regarding Mortgage Insurance
   Tracking #70100780000056430320, delivered 10:34am on July 1, 2010
7. Recorded NOTICE OF DEFAULT 3/22/2010 (Docket 13770, Page 351)
8. Recorded NOTICE OF RIGHT TO CANCEL 3/22/2010 (Docket 13770, Page 353)
9. Recorded NOTICE OF REVOCATION OF POWER OF ATTORNEY 3/22/2010 (Docket 13770, Page 356)
10. Recorded NOTICE OF REMOVAL OF TRUSTEE 3/22/2010 (Docket 13770, Page 358)
11. Recorded QUITCLAIM DEED to trust account 3/30/2010 (Docket 13776, Page 588)

The Substitution of Trustee that was recorded on 8/19/2009 (Docket 13625, Page 3073) indicating a Substitution of Trustee to ReconTrust Company, N.A., is **void and invalid** as a Substitution of Trustee was recorded 3/22/2010 (Docket 13770, Page 358) naming North American Trust Title as the new Trustee.

You are expressly directed to <u>CEASE</u> and <u>DESIST</u> any further duties/actions of said appointments, or assignments including debt collections and any foreclosure actions. In addition, <u>this is my official notification that you are not to contact me via telephone at home or through my place of employment and any contact from this date forward is to be via US Mail only.</u>

Any continued actions of any nature against the property described above will result in legal actions being taken.

Sincerely,

Sharon Sparlin
9151 E Showcase Lane
Tucson, AZ  85749
Ph:  520-760-0200

cc:   BAC Home Loans Servicing, LP
      400 Countrywide Way SV—35
      Simi Valley, CA  92065
      Tracking #70100780000056429942

SS/sjs

Reply to Notice of Default-Select Portfolio Servicing_OSR21                                    11/23/2010

# EXHIBIT 7

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

 **UNITED STATES POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 0780 0000 5642 6743
Status: **Delivered**

Your item was delivered at 8:04 am on November 26, 2010 in
JACKSONVILLE, FL 32255. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to: <br><br> **Select Portfolio Servicing, Inc.** <br> ATTN:  Consumer Advocacy Dept <br> P.O. Box 551170 <br> Jacksonville, FL  322555 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br>  |
|  | 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. |
|  | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7010  0780  0000  5642  6743 |

PS Form **3811**, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT 8

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

December 21, 2010

Select Portfolio Servicing, Inc.
ATTN:  Consumer Advocacy Department
P.O. Box 551170
Jacksonville, FL  322555
Tracking # 70083230000060603310

Re:  Reply to your letter 3 letters dated December 2, 2010
     Property Address:  538 South Douglas Wash Road, Vail, AZ  85641
     Loan #0012315073

To Whom It May Concern,

I received a Demand Letter-Notice of Default dated 11/16/2010 to which I responded
on 11/23/2010 via certified mail Tracking #70100780000056426743.  You  signed for
receipt of that letter on 11/26/2010.

On 12/2/2010 I received **three (3)** letters from you, copies attached, which basically
said that I was not authorized to speak on behalf of my husband Michael Sparlin.
Michael has suffered from a stroke and is unable to discuss situations relative to
this loan.  Since 6/22/2008 on no fewer than three (3) separate occasions I faxed the
required authorization to Countrywide Financial at 806-520-5019, copy of that attached.

This letter is to once again put Select Portfolio Servicing, Inc. on notice that we dispute
this alleged debt and reference you to our claims as originally outlined in my letter of
11/23/2010.

Sincerely,

Sharon Sparlin
9151 E Showcase Lane
Tucson, AZ 85749
520-760-0200

SS/sjs
encl.

June 19, 2008

trywide Financial
305-520-5019

Michael B Sparlin Loans
    #146978768    538 S Douglas Wash Road
    #148038518    491 S Douglas Wash Road
    #148036422    7922 S Clarkson Court
    #148232822    6492 E Cooperstown

hom It May Concern,

is your authorization to allow my wife,  Sharon J Sparlin, to speak
le transactions on my behalf on the above mentioned mortgage l

Sincerely,

Michael B. Sparlin

Michael B Sparlin
9151 E Showcase Lane
Tucson, AZ 85749
Ph: 520-760-0200

# EXHIBIT 9

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
## CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.


**UNITED STATES**
**POSTAL SERVICE**®

Home | Help |
Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7008 3230 0000 6060 3310
Status: **Delivered**

Your item was delivered at 8:00 am on December 27, 2010 in
JACKSONVILLE, FL 32255. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by *( Printed Name)* / C. Date of Delivery <br> *Luis Cuevas* / 12/28 |
| 1. Article Addressed to: <br><br> **Select Portfolio Servicing, Inc.** <br> ATTN:  Consumer Advocacy Dept <br> P.O. Box 551170 <br> Jacksonville, FL  322555 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7008 3230 0000 6060 3310 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT 10

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

January 28, 2011

Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT  84165
Tracking # 70100780000056425708

Re:  Select Portfolio Servicing Loan #0012315073
    Michael Sparlin

Attn:  Charlotte Sullivan, Customer Advocate

Dear Ms Sullivan,

I have received your letter dated January 24, 2011 and am very disappointed in
your response.  You have provided me with a copy of the Interest Only Adjustable Rate Note
and Deed of Trust which I already have.   What you did not provide or answer in any way was
the Qualified Written Request ("QWR") as required under the Real Estate Settlement Procedures
Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500 and the Gramm Leach Bliley
Act.  My original request was mailed certified return receipt requested on August 25, 2010 and
was signed for on August 27, 2010.  Regulations require that you respond within twenty (20)
days. You did not comply.

After my initial dispute with BAC Home Loans Servicing, LP concerning excessive charges, I sent
a QWR on December 18, 2009 to BAC Home Loans Servicing, Inc., receipt of which was
acknowledged on December 21, 2009.  BAC also failed to respond to my QWR request as
required by law within the twenty (20) days and as a result I mailed a *Notice of Default, Notice
of Right to Cancel, Notice of Revocation of Power of Attorney and a Notice of Removal of
Trustee.*  I received acknowledgement of receipt of these documents on March 23, 2010.

On August 13, 2010 I received notification from BAC Home Loans Servicing, LP that my account
was being transferred to Select Portfolio Servicing, Inc., however, BAC Home Loans Servicing,
LP did not have the authority to do so as I notified them of my *Right to Cancel* in March, 2010.

I have notified you numerous times concerning my dispute of your claims and that you do not
hold legal authority to request payment on the above mentioned alleged loan.  If you continue
to contact me regarding this matter I will immediately file a Federal lawsuit naming Select
Portfolio Servicing, Inc. as one of the Defendants.

Sincerely,


_____
Michael B Sparlin

# EXHIBIT 11

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.


**UNITED STATES POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 0780 0000 5642 5708
**Status: Delivered**

Your item was delivered at 10:54 am on January 31, 2011 in SALT LAKE CITY, UT 84115. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature *Wendy Daniels*<br>X ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery |
| 1. Article Addressed to:<br><br>*SPS PortFolio Servicing, Inc*<br>*P.O. Box 65250*<br>*Salt Lake City, UT*<br>*84165* | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>*[postmark: JAN 31 2011 NORTH SALT LAKE CITY UTAH]*<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7010 0780 0000 5642 5708 |
| PS Form 3811, February 2004 | Domestic Return Receipt          102595-02-M-1540 |

# EXHIBIT 12

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

February 18, 2011

Select Portfolio Servicing, Inc.
P.O. Box 65567
Salt Lake City, UT  84165-0567
Tracking #70101870000138757214


ATTN: Legal Department

Re:  MICHAEL B. & SHARON J SPARLIN
    Property Address:   538 South Douglas Wash Road, Vail, AZ  85641
    Loan #0012315073


### *****NOTICE OF PENDING LAWSUIT******

To whom it may concern,

This notification is being sent prior to filing suit in an attempt to amicably cure Select Portfolio Servicing, Inc. violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b, Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692c(a)(1) and the Arizona Debt Collection and Consumer Protection Statue Title 20, Chapter 4, Article 15.

I am willing to settle these matters amicably without having to file suit and am giving you five days from receipt of this letter to take the opportunity to do so.  If Select Portfolio Servicing, Inc. chooses not to settle the matters at hand then I will have no choice but to file a Federal lawsuit and seek my remedy in a court of law.

I can be reached directly at 520-760-0200 or via email at ssparlin@dakotacom.net.    This phone number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Respectfully,



# EXHIBIT 13

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

 **UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 1870 0001 3875 7214
Status: **Delivered**

Your item was delivered at 10:36 am on February 22, 2011 in SALT
LAKE CITY, UT 84115. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Select Portfolio Servicing, Inc.
P.O. Box 65567
Salt Lake City, UT  84165-0567

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____    ☐ Agent
                      ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery
RYAN

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

[stamp: FEB 22 2011  SALT ... UTAH]

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
   (*Transfer from service label*)
   7010 1870 0001 3875 7214

PS Form **3811**, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT 14

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

March 7, 2011

Select Portfolio Servicing, Inc.
P.O. Box 65567
Salt Lake City, UT  84165-0567
Tracking #70101870000138757238

ATTN:  Christine Hyslop, Customer Advocate   *X 51660*
          Legal Department

Re:  MICHAEL B. & SHARON J SPARLIN
       Property Address:  538 South Douglas Wash Road, Vail, AX  85641
       Loan #0012315073

Dear Ms Hyslop,

I have received your letter dated February 22, 2011 with a statement "we consider these
matters resolved".  We have by no means resolved these matters.  My letter of January 28,
2011 to Charlotte Sullivan clearly outlined that you did not VALIDATE the debt but simply sent
me a photostatic copy of the Note and Deed of Trust which I already had.  What was not
answered was my initial Qualified Written Request ("QWR") as required under the Real Estate
Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500 and
the Gramm Leach Bliley Act.  This was mailed August 25, 2010 and signed for on August 27,
2010 under tracking #70100780000056433826.  In that QWR I specifically put SPS on notice to
refrain from reporting any negative credit information until the issues were resolved.
That QWR further stated that you were to cease and desist all contact however, to date I have
received no fewer than 22 different items from SPS, numerous ones in direct violation of the
FDCPA 1692c(c), each of which carries with it a $1,000 fine.  In addition, your failure to validate
the debt within 30 days from receipt of my request violates FDCPA 1692g.  You are also in
direct violation of FDCPA 1692 g(b) which states that you MUST cease collection efforts until
the debt is validated which you have not done to date.

Also, both BAC Home Loan Servicing, LP as well as SPS are required by law to send a written
notification that the loan servicing is being transferred.  The law stipulates that this must be
done a minimum of 30 days prior to the transfer in service providers.  BAC Home Loan
Servicing, LP sent notification August 13, 2010 stating an effective date was September 1,
2010.  Select Portfolio Servicing, Inc. sent notification dated August 25, 2010 stating an
effective date of September 1, 2010.  Both again in direct violation of the law.

This alleged debt still has not been validated to date and in fact, I am confident and prepared
to prove at trial that this alleged debt was paid in full by Bridgefield of Overland Park, Kansas as
evidenced by a letter I received on June 28, 2010.

On September 20, 2010 I further sent you a Statement of Cause letter advising that a Federal
lawsuit would be eminent.  This was acknowledged by your company of September 22, 2010.

In that Statement of Cause I once again issued a cease and desist request however you continue to report negatively to Equifax, Experian and TransUnion as I have pulled all three reports and verified such.  Once again in direct violation of FDCPA and carries a $1,000 fine per reporting incident for each of the reporting agencies.

As if all of this weren't enough to have you cease and desist in your unlawful attempt to collect an alleged debt which you have failed to prove is valid, I sent yet a THIRD notice to you on November 23, 2010, a FOURTH notice on December 21, 2010, a FIFTH notice on January 28, 2011 and finally a SIXTH notice on February 18, 2011 advising any further contact from you in an attempt to collect this alleged debt would bring the filing of the Federal lawsuit.

Should I receive any further communications from you regarding this alleged debt, I will immediately seek all legal actions available to me and file a lawsuit naming BAC Home Loan Servicing, LP, Bank of America N.A. and Select Portfolio Servicing, Inc. as Defendants.
I trust you will take this SEVENTH notice seriously.

Sincerely,

Michael B Sparlin          Sharon J Sparlin

cc:  Charlotte Sullivan, Customer Advocate
     Select Portfolio Servicing, Inc.
     P.O. Box 65250
     Salt Lake City,UT  84165

# EXHIBIT 15

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

 **UNITED STATES POSTAL SERVICE**®

Home | Help |
Sign In

**Track & Confirm**   **FAQs**

# Track & Confirm

### Search Results

Label/Receipt Number: 7010 1870 0001 3875 7238
Status: **Delivered**

Your item was delivered at 10:39 am on March 09, 2011 in SALT LAKE CITY, UT 84115. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name )  RYAN CARTER   C. Date of Delivery |
| 1. Article Addressed to: <br><br> Select Portfolio Servicing, Inc. <br> P.O. Box 65567 <br> Salt Lake City, UT 84165-0567 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> MAR - 9 20__ <br><br> 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7010 1870 0001 3875 7238 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT 16

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

March 14, 2011

Select Portfolio Servicing, Inc.
P.O. Box 65567
Salt Lake City, UT  84165-0567
Tracking #70101870000138757245

ATTN:  Christine Hyslop, Customer Advocate
          Legal Department

Re:  MICHAEL B. & SHARON J. SPARLIN
       Property Address:   538 South Douglas Wash Road, Vail, AZ  85641

Dear Ms. Hyslop,                      **NOTICE OF PENDING LAWSUIT**

Since September 1, 2010 we have been attempting, in good faith, to obtain an "accounting", a "validation" and a "verification" of an alleged debt that you say we owe to your company.  To date this information has either not been provided or you have provided insufficient and incomplete information as required by laws and statutes.

This is our last notification to Select Portfolio Servicing, Inc.  We are willing to settle these matters amicably without having to file suits however, should we fail to hear from you by **March 25, 2011**, we intend to file numerous lawsuits totaling $58,000.00 against Select Portfolio Servicing, Inc. as outlined below.  These violations and their corresponding penalties does not take into consideration the potential civil penalties available under the **FTC. §§45(m)(1)(A), (C)**.


## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

Michael B & Sharon J Sparlin represent "consumers" within the meaning of the **FDCPA, 15USC §1692a(3)**.
Select Portfolio Servicing, Inc. are "debt collectors" within the meaning of the **FDCPA, 15USC §1692a(6)**.

> 1. Select Portfolio Servicing, Inc. ("SPS") has placed several telephone calls to my home phone AFTER receipt of a Qualified Written Request letter which included a "cease and desist" demand.  These calls were at a time or place known, or which should have been known, to be inconvenient. Such communications are prohibited and in violation of **15USC § 1692c(a)(1)**. We will be seeking damages of $1,000.00.

> 2. SPS has placed several telephone calls to my home phone AFTER receiving written notice to "cease and desist".  **15USC § 1692c** states that if such notice from the consumer is made by mail, notification shall be complete upon receipt.  This clearly demonstrates willful violation of **USC  § 1692c**.  We will be seeking damages of $1,000.00.

> 3. SPS continued collection activity AFTER receiving notice of dispute and failed to provide written verification of the debt before resuming collection activities, in violation of **15USC §1692g(b)**. We will be seeking damages of $1,000.00.

> 4. SPS violated **15USC §1692e(10)** by the use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  We will be seeking damages of $1,000.00.

> 5. SPS violated, no fewer than on thirteen (13) separate occasions, **FDCPA §809(5)(b)** "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt."  We will be seeking damages of $13,000.00.

> 6. SPS violated **15USC §1692e(2)** by falsely representing the character, amount, or legal status of my debt. We will be seeking damages of $1,000.00.

7. SPS violated **15USC §1692g** by, within five (5) days after the initial communication with us in connection with the collection of any debt, failing to send us a written notice containing a statement that unless the consumer, within thirty days (30) after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day (30) period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  We will be seeking damages of $1,000.00.

8. SPS violated **FDCPA § 806(6)** prohibiting a debt collector from engaging in "any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt" We will be seeking damages of $1,000.00.

9. SPS violated **15USC §1692e(8)** by communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed. We will be seeking damages of $1,000.00.

10. SPS violated **15USC §1692e(10)** by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. We will be seeking damages of $1,000.00.

11. SPS violated **15USC §1692e(11)** by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. We will be seeking damages of $1,000.00.

## VIOLATIONS OF ARIZONA DEBT COLLECTION AND CONSUMER PROTECTION STATUTES TITLE 20, CHAPTER 4, ARTICLE 15

Michael B & Sharon J Sparlin represent consumers within the meaning of the **AZ R20-4-102**
Select Portfolio Servicing, Inc. are debt collectors within the meaning of the **AZ R20-4-102**

12. SPS violated **R20-4-1513(B)** by willfully communicating with us to collect an alleged debt  AFTER receiving a Qualified Written Request, debt validation, debt verification and notice to cease and desist.  This consists of no fewer than thirteen (13) violations.  We will be seeking damages of $13,000.00.

13. SPS violated **R20-4-1514(A)** for failure to respond within five (5) days after original communication with me to provide written communication which contained the following:
1. The name of the creditor;
2. The time and place of the creation of the debt;
3. The merchandise, services, or other value provided in exchange for the debt; and
4. The date when the account was turned over to the collection agency by the creditor
We will be seeking damages of $1,000.00.

14. SPS violated **R20-4-1521** for failure to provide copies of its evidence of the debt to the debtor when requested and for failure to investigate claims presented by us on several occasions.  We will be seeking damages of $1,000.00.

**VIOLATIONS OF HELPING FAMILIES SAVE THEIR HOMES ACT OF 2009 TILA  131(g), 15USC 1641(g)**

15. SPS violated 15USC 1641(g)(1)(D) by failure to notify to mail or delivery notice of sale, transfer or assignment within (30) days after such sale, transfer or assignment and further fail to provide the location of the place where the transfer of ownership of the debt is recorded.  We will be seeking damages of $1,000.00.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)**

Michael B & Sharon J Sparlin represent consumers within the meaning of FCRA, **15USC §1681a(c).**
Select Portfolio Servicing, Inc. are furnishers of information within the meaning of the FCRA, **15USC §1681s-2.**

16. SPS has violated **FCRA §604, 15USC §1681(b),** for accessing credit reports from Experian, TransUnion and Equifax without a permissible purpose.  We will be seeking damages of $3,000.00

17. SPS violated **FDCPA 809(B)** by continuing to report derogatory information on twelve (12) separate occasions to Experian, TransUnion and Equifax after a dispute letter was received. Five (5) occasions to Experian, three (3) to Equifax and four (4) to TransUnion.  We will be seeking damages of $12,000.00

18. SPS violated **15USC §1681s-2(a)(3)** by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. We will be seeking damages of $1,000.00.

19. SPS violated **15USC §1681s-2(b)(1)(A)** by, after receiving notice pursuant to **§1681(i)** of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information. We will be seeking damages of $1,000.00.

20. SPS violated **15USC §1681s-2(b)(B)** by, after receiving notice pursuant to **§1681(i)** of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all releva nt information provided by the consumer reporting agencies. We will be seeking damages of $1,000.00.

21. SPS violated **15USC §1681s-2(b)(C)** by, after receiving notice pursuant to **§ 1681(i)** of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account. We will be seeking damages of $1,000.00.

Please inform us of your intentions immediately. If we do not hear from you by **March 25, 2011**, we assure you that we will follow through with the actions listed above. Your refusal to respond will be taken as a tacit admission that you are in violation of the law and wish these issues to be adjudicated in court.  We will entertain your settlement agreement. Barring lack of response from you in this matter we will proceed to the courts to resolve it. Don't make the mistake of thinking this frivolous and simply ignore this. The ball is in your court.

Sincerely,

_____          _____
Michael B Sparlin                Sharon J Sparlin

# EXHIBIT 17

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
## CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.


**UNITED STATES**
**POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7010 1870 0001 3875 7245
Service(s): **Certified Mail**™
Status: **Delivered**

Your item was delivered at 10:32 am on March 16, 2011 in SALT LAKE
CITY, UT 84115.

**Detailed Results:**

- **Delivered, March 16, 2011, 10:32 am, SALT LAKE CITY, UT 84115**
- **Notice Left (No Authorized Recipient Available), March 16, 2011, 9:38 am, SALT LAKE CITY, UT 84115**
- **Arrival at Unit, March 16, 2011, 9:16 am, SALT LAKE CITY, UT 84115**

**Track & Confirm**

Enter Label/Receipt Number.

**Go >**

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (*Printed Name*)  RYAN CARTER   C. Date of Delivery |
| 1. Article Addressed to: <br><br> Select Portfolio Servicing, Inc. <br> P.O. Box 65567 <br> Salt Lake City, UT  84165-0567 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br> MAR 1 6 2011 |
| | 3. Service Type <br> ☐ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*) | 7010 1870 0001 3875 7245 |

PS Form **3811**, February 2004     Domestic Return Receipt     102595-02-M-1540

# EXHIBIT 18

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

April 2, 2011

Select Portfolio Servicing, Inc.
P.O. Box 65567
Salt Lake City, UT  84165-0567
Tracking #7011 0110 0001 8594 1083

Re:  Select Portfolio Servicing Loan No. 0012315073

Attn:  Christine Hyslop, Customer Advocate

Dear Ms Hyslop,

Once again I have received a letter from you dated March 25, 2011 in a weak
attempt to totally brush aside, disregard and discredit my *Notice of Pending Lawsuit*.
As I outlined in my letter to you of March 14, 2011, I did not receive a response
by March 25, 2011 so on Monday, March 28, 2011 I filed the first of several
lawsuits against Select Portfolio Servicing, Inc.  To date I have filed six (6)
separate lawsuits and will continue to file each day until I cover all counts
as outlined in my letter of March 25, 2011.  Service of these cases has been
addressed to the Statutory Agent on file with the Secretary of State, namely,
Mr. Jason H Miller, Statutory Agent, 3815 S West Temple, Salt Lake City, UT 84115.

Perhaps now you will consider my threat of filing as serious.  I outlined all of
my counts very clearly in my letter of March 25, 2011 and this letter will serve
as my notice to you and Select Portfolio Servicing, Inc. that I hereby totally
rebut and disagree with all of your claims.  You have yet to properly validate or
verify any alleged debt.

Select Portfolio Servicing, Inc. is nothing more than a debt collector and has
absolutely no standing to be contacting me for any reason.  Unless and until
you can prove that you have a valid debt I will, once again, demand that
you '**cease and desist**' all future communications with either Michael Benson

[text obscured by postal receipt] tive to property located at 538 South
[text obscured] is to include phone contact, US mail,
[text obscured] ication.  This is also meant to include
[text obscured] u have been sending.   Each statement
[text obscured] ith the filing of another suit seeking
[text obscured] Servicing, Inc.

[text obscured] ely,

**U.S. Postal Service**
**CERTIFIED MAIL    RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 44 |
| Certified Fee | 280 |
| Return Receipt Fee (Endorsement Required) | 230 |
| Restricted Delivery Fee (Endorsement Required) | 554 |
| Total Postage & Fees | $ |

Sent To  Select Portfolio Servicing, Inc.
Street  P.O. Box 65567
or PO  Salt Lake City, UT 84165-0567
City, St

TUCSON AZ 85749
Postmark Here
USPS CPU 755
APR 2011

PS For

7011 0110 0001 8594 1083

el Sparlin          Sharon Sparlin
Showcase Lane        9151 E Showcase Lane
, AZ 85749           Tucson, AZ 85749
50-0200              520-760-0200

# EXHIBIT 19

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.

**Sharon Sparlin**

| | |
|---|---|
| **From:** | Sharon Sparlin [ssparlin@dakotacom.net] |
| **Sent:** | Monday, May 09, 2011 7:15 PM |
| **To:** | Sharon Sparlin |
| **Subject:** | Initial email to Mr. Thueson/SPS |

**From:** Sharon Sparlin [mailto:ssparlin@dakotacom.net]
**Sent:** Tuesday, April 19, 2011 2:08 PM
**To:** sdthueson@hollandhart.com
**Subject:** Select Portolio Servicing Inc

This email is to confirm our conversation today that you have been retained to represent Select Portfolio Servicing, Inc.("SPS")
As I mentioned on our call, I am more than willing to settle with regards to the 21 counts outlined in my letter dated March 14, 2011
which outlined violations totaling $58,000.  As of today, I will not file another case pending an offer from your client.

Additionally, once you receive the entire file from SPS. you will see that on the same day that I received their first letter, which was
on 8/25/2010, I sent a certified QWR asking for validation and verification of the debt, along with a cease and desist request.

*Sharon Sparlin*

**9151 E Showcase Lane**
**Tucson, AZ  85749**
**Ph:  520-760-0200**

# EXHIBIT 20

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

*COPY*

April 24, 2011

Sean D Thueson          **SENT VIA ELECTRONIC AND REGULAR MAIL**
Holland & Hart LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169

Re:  SPARLIN v SELECT PORTFOLIO SERVICING, INC.

Dear Mr. Thueson,

Thank you for your email of April 21, 2011.  This is not a refusal to pay, but simply our notice that the claim for the alleged debt from your client is disputed and has been disputed numerous times since August, 2010.  We have tried no fewer than seven times to have your client present us with some type of credible evidence to support their claim that we owe them some alleged debt but all our efforts have fallen on deaf ears.

In August, 2010, we requested both a "validation" and "verification" of the alleged debt when a QWR was mailed certified to your client.  This was done as we had never heard of your client and never remembered having any dealings with your client. My request for "**validation**" was made pursuant to the Fair Debt Collection Practices Act.

SPS is a 'debt collector' as defined by the meaning of the FDCPA §803 and 15USC §1692a(6)

> "The term "**debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly     collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

Further, SPS even refers to themselves as "**debt collectors**" in numerous pieces of correspondence that we have received from them since August, 2010.

In your email you state that SPS is not a debt collector and site an Arizona case to substantiate your claim.   I would refer you to the State of Michigan Court of Appeals decision in Stafford v Select Portfolio Servicing, Inc. and Remington Mortgage, Inc., LC No. 06-632314-CK:

> "For purposes of the FDCPA, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of

a debt, <u>as long as the debt was not in default at the time it was assigned</u>." *Perry v Stewart Title Co*, 756 F2d 1197, 1208 (CA 5, 1985); see also *Scott v Wells Fargo Home Mortgage Inc*, 326 F Supp 2d 709, 717 (ED Va, 2003). Nor does an entity act as a "debt collector" when it collects or <u>attempts to collect a debt that was not in default at the time the debt was obtained for servicing</u>. 15 USC 1692a(6)(F)(*iii*); see also *Wadlington v Credit Acceptance Corp*, 76 F3d 103, 107 (CA 6, 1996). Indeed, "the legislative history of the FDCPA . . . clearly illustrates <u>Congress's intent that the term debt collector not include parties who obtained an interest in the loan prior to default</u> . . . ." *Skerry v Massachusetts Higer Ed Assistance Corp*, 73 F Supp 2d 47, 54 (D Mass, 1999).

A "creditor" includes "any person ... to whom a debt is owed," <u>unless the debt is transferred or assigned after default by the consumer solely for the purpose of facilitating collection on the original creditor's behalf</u>. 15 U.S.C. § 1692a(4).

If, as you state, SPS were a creditor and mortgage servicing company and had obtained the alleged debt while the debt was NOT IN DEFAULT, then I would agree with your statement.   However, based upon believe and information, we believe that the alleged debt was transferred or sold to SPS in August, 2010 as this was the date that we received the first letter from SPS in an attempt to collect this alleged debt.  Based on the information received directly from SPS, this alleged debt would have been several months in arrears in August, 2010, the time they acquired the alleged debt.  Clearly, this makes SPS a "debt collector" in every sense of the word.

After sending the QWR to your client, SPS continued collection activity **AFTER** receiving our notice of dispute and failed to provide written "validation" of the alleged debt before resuming collection activities, in direct violation of 15USC §1692g(b).

You ask what specifically we are looking for.  We are looking for rightful penalties due because of violations on behalf of SPS.  We also ask that your client 'validate' the alleged debt by completing and return the attached disclosure request form. Also, please have your client provide us with the name and address of the *original creditor* along with the name and address of the *current creditor*, along with copies of any assignments or transfer agreements that would establish their right to collect on the alleged debt.

Please be advised that we are not requesting a "verification" with this letter.  We are requesting a "<u>**validation of the alleged debt**</u>:" that is, **competent evidence** that we have some contractual obligation to pay your client.

You should also be aware that SPS sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Finally, Mr. Thueson, we are not willing to consider any type of a loan modification with an entity that has failed to provide any credible evidence that we owe them anything. Our FDCPA, FCPA, and AZ State violations which we are seeking damages for have have absolutely nothing to do with whether a debt is owed or not.  Your client is a debt collector attempting to collect an alleged debt, have failed to respond to our QWR or validate the debt and are therefore subject to Federal and State violations.

We are certainly agreeable to settling this matter as quickly as possible to avoid having your client face cost legal fees and would entertain any feasible settlement offer that your client would present.


Sincerely,



_____
Michael B Sparlin                    Sharon J Sparlin

SS/sjs

## **SELECT PORTFOLIO SERVICING, INC. DISCLOSURE STATEMENT**

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor or assignee regarding this account?
Yes / No

Has the purported balance of this account been used in any tax deduction claim?
Yes / No

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____          _____
Authorized signature for SPS                              Date

Please return this completed form and **attach all assignments or other transfer agreements that would establish your right to collect this alleged debt**. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# EXHIBIT 21

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
## CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.

Select Portfolio Servicing, Inc.

http://www.collectionagencyservices.net/directory/listings/select-portfolio-servicing-inc_2786.ht

4/20/2011 1:12 D

# Select Portfolio Servicing, Inc.

## Collection Agency Services

Select Portfolio Servicing, Inc. a debt collection agency at the Collection Agencies Directory.

### Collections Information:

- Home
- Medical Collections
- American Collection Agencies
- Debt Collections
- Commercial Collections
- Insurance Claim Collections
- Bad Check Collections

### Collections Advice:

- Collection Agency Articles
- Compare Debt Collectors
- Sample Collection Letters
- Start Early, Recover More

### Collections Resources:

- Collections Definitions
- Debt Collection Resources
- Collection Agency Directory
- Collection Agency News
- Credit Reporting Agencies
- Debt Collections Software
- Collection Agency Videos
- Free Collection Agency Quote

# EXHIBIT 22

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

ect Portfolio Servicing, Inc.

Below is the listing for Select Portfolio Servicing, Inc., a collection agency in Utah.

Address: 3815 S West Temple

City: Salt Lake City

State: UT

Zip: 84115-4412

If you are seeking more information on **Select Portfolio Servicing, Inc.**, collection agencies, or debt collections information - Collection Agency Services offers many collections resources in including free sample collection letters, advice on collections, free collections quotes and lots more.

$ Get A Free Collection Agencies Quote Now! $

Copyright © 2009 - CollectionAgencyServices, Inc

# EXHIBIT 23

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
## CONSOLIDATED

Sparlin v Select Portfolio Servicing, Inc.

rbanks Capital Corp. (Now known as Select Portfolio Servicing, Inc.), Salt Lake City, UT - C...   http://www.mass.gov/?pageID=ocaterminal&L=6&L0=Home&L1=Business&L2=Banking+Indus...

The Official Website of the Office of Consumer Affairs & Business Regulation (OCABR)

**Mass.Gov**

# Consumer Affairs and Business Regulation



**RELATED LINKS**

Division of Banks

Federal Deposit Insurance
Corporation (FDIC)

Home > Business > Banking Industry Services > Banking Legal Resources > Enforcement Actions > 2005 Enforcement
Actions >

## Fairbanks Capital Corp. (Now known as Select Portfolio Servicing, Inc.), Salt Lake City, UT - Consent Order

By the Division of Banks

### COMMONWEALTH OF MASSACHUSETTS

**Suffolk, SS.**

**COMMISSIONER OF BANKS**
**DEBT COLLECTOR**
**LICENSING**
Docket No. 2003-031

**CONSENT ORDER**

In the Matter of
FAIRBANKS CAPITAL CORP.
Salt Lake City, Utah

Debt Collector License No. DC0624, DC0785; DC0786

WHEREAS, Fairbanks Capital Corp. (now known as Select Portfolio Servicing, Inc.) Salt Lake City, Utah (the "Corporation"), a licensed debt collector under Massachusetts General Laws chapter 93, section 24A, has been advised of its right to Notice and Hearing pursuant to General Laws chapter 93, section 24I, and having waived those rights, entered into a STIPULATION AND CONSENT TO THE ISSUANCE OF A CONSENT ORDER ("CONSENT AGREEMENT") with representatives of the Division of Banks ("Division") dated January 6, 2005, whereby, solely for the purpose of settling this matter, and without admitting any allegations or implications of fact or the existence of any violation of state or federal laws and regulations governing the conduct and operation of a debt collector, the Corporation agrees to the issuance of this CONSENT ORDER ("ORDER") by the Commissioner of Banks ("Commissioner");

WHEREAS, an examination/inspection of the Corporation was conducted pursuant to General Laws chapter 93, section 24C, as of May 27, 2003, to assess the Corporation's level of compliance with applicable Massachusetts statutes and the Division's regulations governing the conduct of those engaged in the business of a collection agency, respectively, in the Commonwealth; and

WHEREAS, the Report of Examination/Inspection (the "Report") issued pursuant to the Division's examination/inspection of the Corporation as of May 27, 2003 alleged substantial non-compliance with applicable state and federal statutes, rules, and regulations governing the conduct of those engaged in the business of a collection

# EXHIBIT 24

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

HOME   RESOURCE CENTER   DEBT COLLECTOR INFO   OUR FIRM   BLOG   PRESS   CONTACT   ESPANOL

Sitemap   en Español

home » debt collector info »about select portfolio servicing

## About Select Portfolio Servicing

ShareThis

Like   15

**Select Portfolio Servicing collects on behalf of a number of clients.** One of Select Portfolio Servicing's mainstays is single family home mortgage loans. They badger consumers on behalf of mortgage finance companies, banks, and bond insurers. Located in Salt Lake City, Utah, Select Portfolio Servicing talks a good game about creating solutions so that families can stay in their homes, but is a huge subprime mortgage servicing company. In other words, they did more than their part to contribute to the current economic crisis plaguing this country.

One of the things that Select Portfolio Servicing doesn't want you to know is that they have a shady past. The company was originally known as Fairbanks Capital Corp., which was a subsidiary of Fairbanks Holding. Back in 2003, Fairbanks settled with the Federal Trade Commission for a whopping $40 million. They'd been charged with deceptive and illegal practices in servicing mortgages. The bottom line? You'd better be careful when dealing with Select Portfolio Servicing.

## Stop Select Portfolio Servicing Calls

Everyone's having a tough time making ends meet these days, and tragically, families all across the country are losing their homes. The anxiety and fear associated with the prospect of losing your home is enough to put anyone in a tailspin. It doesn't help when you're harassed by a loan servicer, and when all you want is to stop Select Portfolio Servicing calls.

Burdensome debt can be very isolating. Many people feel a sense of shame about their inability to pay their mortgage, and often withdraw from friends and family members. Similarly, financial woes can cause marital rifts, and the disconnect you feel with your partner can make it difficult to rationally discuss how to stop Select Portfolio Servicing calls.

The first thing you need to do is ask for help. Either work with your husband or wife in

---



855-301-8100
TOLL FREE

Search



Find us on
Facebook

FOLLOW US

## Sick of Being Harassed?

Contact Lemberg & Associates now for a FREE and confidential consultation. We will help you understand your options for taking legal action against unscrupulous debt collectors.

Name

Your State     Select State

Phone Number

Email Address

Comment

Get Help

Or Call 855-301-8100

## Illegal Behavior



It can be frightening and intimidating when

# EXHIBIT 25

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.



**SPS** | **SELECT**
*Portfolio*
**SERVICING, inc.**

P.O. Box 65250
Salt Lake City, UT 84165

January 24, 2011

Sharon Sparlin
9151 E. Showcase Lane
Tucson, AZ  85749

> Re:   Select Portfolio Servicing Loan No.  0012315073
>         Michael Sparlin

Dear Sharon Sparlin:

Thank you for your correspondence dated November 23, 2010 and December 21, 2010 regarding the mortgage loan account of Michael Sparlin.   In the correspondence, issues were raised regarding the validity of the debt and a cease and desist of verbal communication was requested.

To validate the debt, we have included a signed copy of your Interest Only Adjustable Rate Note and Deed of Trust.

Since your letter dated November 23, 2010 does not include a statement of the reason(s) why you believe the servicing of your mortgage account is in error, we are unable to provide you with a detailed response.

In order to comply with your request to cease and desist all verbal communication or to address any other issues you may have regarding the mortgage loan account of Michael Sparlin's, we must have a copy of a Power of Attorney or a court document granting you legal authorization to speak for Michael Sparlin.  The written authorization you provided dated June 19, 2008 is addressed to Countrywide Financial and is not valid for Select Portfolio Servicing, Inc.  You may fax the above document to my attention at fax number (801) 270-7898.

We appreciate the opportunity to address your concerns and we consider these matters resolved. Should you have any further questions, please contact me toll-free at 866-878-5178 ext. 51690.

Sincerely,

*Charlotte Sullivan*

Charlotte Sullivan
Customer Advocate

Enclosures:     Interest Only Adjustable Rate Note
                Deed of Trust

ESTA CARTA CONTIENE INFORMACIÓN IMPORTANTE CONCERNIENTE A SUS DERECHOS. POR FAVOR, HÁGALA TRADUCIR. NUESTROS REPRESENTANTES BILINGÜES ESTÁN A SU DISPOSICIÓN PARA CONTESTAR CUALQUIER PREGUNTA LLAMANDO AL TELÉFONO 1-800-831-0118 Y MARQUE LA OPCIÓN 2.

THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

MINNESOTA—THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE

NEW YORK CITY—COLLECTION AGENCY LICENSE #0987252A

# EXHIBIT 26

Case 4:11-cv-00240-CKJ
Case 4:11-cv-00241-CKJ
Case 4:11-cv-00257-FRZ
Case 4:11-cv-00259-FRZ
Case 4:11-cv-00261-DCB
Case 4:11-cv-00262-BPV
Case 4:11-cv-00263-GEE
Case 4:11-cv-00264-HCE
Case 4:11-cv-00265-RCC
Case 4:11-cv-00266-DCB
Case 4:11-cv-00268-JCG
<u>CONSOLIDATED</u>

Sparlin v Select Portfolio Servicing, Inc.

# DURABLE GENERAL POWER OF ATTORNEY

**PRINCIPAL:**

| NAME | PLACE OF RESIDENCE | DATE OF BIRTH |
|------|--------------------|---------------|
| *Michael B. Sparlin* | *9151 E. Showcase LN Tucson, Az 85749* | *05/22/1940* |

**ATTORNEY-IN-FACT:**

| NAME | PLACE OF RESIDENCE | DATE OF BIRTH |
|------|--------------------|---------------|
| *Sharon J. Sparlin* | *9151 E. Showcase LN Tucson, Az 85749* | *09/26/1949* |

Principal hereby constitutes and appoints Attorney-in-Fact to act in the name and place of Principal, and as the true and lawful attorney for Principal as follows:

1. To withdraw and deposit funds from bank accounts belonging to Principal and to enter and remove the contents of all safe deposit boxes rented by Principal; to ask, demand, sue for, recover, collect and receive each and every sum of money, debt, account, legacy, bequest, interest, dividend, annuity and demand, which now is or hereafter shall become due, owing or payable, belonging to or claimed by Principal and to use and take any lawful means for the recovery thereof by legal process or otherwise, and to execute and deliver a satisfaction or release therefor, together with the right and power to compromise or compound any claim or demand;

2. To exercise any or all of the following powers as to real property or any interest therein or any improvements thereon: To contract for, purchase, receive and take possession thereof and of evidence of title thereto; to lease the same for any term or purpose, including leases for business, residence, and oil and/or mineral development; to sell, exchange, subdivide, grant or convey the same with or without warranty, covenant or restrictions; to mortgage, transfer in trust, or otherwise encumber the same to secure payment of a note or performance of any obligation or agreement;

3. To exercise any or all of the following powers to all kinds of personal property: To contract for, buy, sell, exchange, transfer, endorse and in any legal manner deal in and with the same; and to mortgage, transfer in trust, or otherwise encumber the same to secure payment of a note of performance of any obligation or agreement;

4. To borrow money and to execute and deliver notes therefor, with or without security; and to loan money and receive notes therefor with such security as Attorney-in-Fact shall deem proper;

*Michael B. Sparlin*
_____
**Signature of Principal**

5. To transact business of any kind or class and as the act and deed of Principal to sign, execute, acknowledge and deliver any deed, lease, assignment of lease, covenant, indemnity, agreement, mortgage, deed of trust, assignment of mortgage or beneficial interest under deed of trust, subdivision or plat, extension or renewal of any obligation, subordination or waiver of priority, bill of lading, bill of sale, bond, note, receipt, check, evidence of debt, full or partial release of mortgage judgment or other debt, and such other instruments in writing of any kind or class as may be necessary or proper in the premises;

6. To do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the premises as fully to all intents and purposes as Principal might or could do if personally present, hereby ratifying all that Attorney-in-Fact shall lawfully do or cause to be done by virtue of this General Power of Attorney.

This Power of Attorney shall not be affected by the disability or incompetence of the Principal.

I, _MICHAEL B. SPARLIN_, the Principal, sign my name to this Power of Attorney this _13th_ day of _SEPTEMBER_, _2004_, and, being first duly sworn, do declare to the undersigned authority that I sign or direct another to sign for me, that I execute it as my free and voluntary act for the purposes expressed in the Power of Attorney and that I am eighteen years of age or older, of sound mind and under no constraint or under influence.

_Michael B. Sparlin_
Signature of Principal

I, _Jeanette Moya_, the witness, sign my name to the foregoing Power of Attorney being first duly sworn and do declare to the undersigned authority that the Principal signs and executes this instrument as his/her Power of Attorney and that he/she signs it willingly, or willingly directs another to sign for him/her, and that I, in the presence and hearing of the Principal, sign this Power of Attorney as witness to the Principal's signing and that to the best of my knowledge the Principal is eighteen years of age or older, of sound mind and under no constraint or undue influence.

_Jeanette Moya_
Signature of Witness

STATE OF  ARIZONA  )
County of  PIMA  ) ss.
                  )

Subscribed, sworn to and acknowledged before me by _Michael B Sparlin_, the Principal, and subscribed and sworn to before me by _Jeanette Moya_, the witness, this _13_ day of _September_ _2004_.

_Barbara A Hjorth_
Signature of Notary Public

(Notary Seal)

BARBARA A. HJORTH
Notary Public - Arizona
Pima County
My Commission Expires
August 3, 2007

©1999 by Van O'Steen and Partners