Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169
Phone: 702-669-4622
Fax: 702-669-4650
sdthueson@hollandhart.com
blwright@hollandhart.com

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. Sparlin; and Sharon J. Sparlin<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | **CASE NO.:  4:11-cv-00240-CKJ**<br><br>*Motion to Consolidate Pending In:*<br>**CASE NO.:  4:11-cv-00241-CKJ**<br>**CASE NO.:  4:11-cv-00257-FRZ**<br>**CASE NO.:  4:11-cv-00259-FRZ**<br>**CASE NO.:  4:11-cv-00261-DCB**<br>**CASE NO.:  4:11-cv-00262-BPV**<br>**CASE NO.:  4:11-cv-00263-GEE**<br>**CASE NO.:  4:11-cv-00264-HCE**<br>**CASE NO.:  4:11-cv-00265-RCC**<br>**CASE NO.:  4:11-cv-00266-DCB**<br>**CASE NO.:  4:11-cv-00268-JCG** |

**SELECT PORTFOLIO SERVICING, INC.'S REPLY TO PLAINTIFFS'**

**RESPONSE TO MOTION FOR DECLARATORY OR SUMMARY JUDGMENT**

**"ORAL ARGUMENT REQUESTED"**

Defendant Select Portfolio Servicing, Inc. ("SPS"), by and through its counsel, HOLLAND & HART LLP, hereby submits this Reply to the Response to Motion for Declaratory or Summary Judgment (the "Opposition")[1] filed by Plaintiffs Michael B. Sparlin and Sharon J. Sparlin ("Plaintiffs").

---

[1] Document 20 in Case No. 4:11-cv-00240-CKJ.  The Opposition contains a response to SPS's Motion to Dismiss and the Motion for Declaratory or Summary Judgment.  This Reply, however, only addresses those arguments relevant to the Motion for Declaratory or Summary Judgment.  The Opposition to the Motion to Dismiss is a separately filed document.  Moreover, it does not appear Plaintiffs filed the Opposition in any of the other matters except the first filed matter.

This Reply is based upon the attached Memorandum of Points and Authorities and supporting documentation, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 26th day of May, 2011.

HOLLAND & HART LLP

*/s/ Sean D. Thueson*
Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **SUMMARY**

Plaintiffs' Opposition distills the entire dispute between the parties into the one position adopted by Plaintiffs since at least the time SPS took over servicing of Mr. Sparlin's mortgage obligation:  Plaintiffs believe they can request whatever they want, whenever they want from SPS, and if they determine what is provided is not what they want then they can refuse to pay the debt Plaintiffs themselves do not dispute is still owed.  The instant dispute centers around this flawed premise promoted by Plaintiffs.  The fact is that despite Plaintiffs' claims, which are addressed in a separate Motion to Dismiss and should all be dismissed, Mr. Sparlin is still obligated to make monthly payments under the terms of the Note and Deed of Trust he executed.  Alleged violations of the FDCPA, FCRA, or Arizona law do not give Mr. Sparlin the right to refuse to make the required monthly payments Plaintiffs do not dispute remain due and owing.

Plaintiffs do not dispute the debt is owed, and their excuses why they refuse to make the payments to SPS are unsupported by admissible evidence.  Moreover, there are no material facts in dispute.  It is undisputed the Note was assigned to the Current Note

1  Holder or that SPS is the servicer of the mortgage on behalf of the Current Note Holder.
2  As such, payments must be made to SPS as required by the Note and the Deed of Trust.

3        If the only reason why Mr. Sparlin refuses to pay SPS is really that he does not
4  know whether SPS is entitled to receive his payments, as Plaintiffs claim, and not that he
5  is simply trying to avoid his repayment obligation, then there should be no issue with
6  making payments – especially to the Court or some other disinterested third party.
7  Making the monthly payments is the only thing that will avoid the additional interest, late
8  fees and other penalties Mr. Sparlin may incur, as well as avoid potential foreclosure – a
9  result both parties, as well as the Court, would no doubt like to avoid.

10       In either case, the relief requested in the Motion should be granted. The Court
11 should issue a declaratory or summary judgment that the amount is owed and must be
12 paid – whether the past due amount and subsequent monthly payments are made to SPS,
13 the Court, or some escrow account.

14 **II.    PROCEDURAL POSTURE OF THE MOTION**

15       As set forth above, Plaintiffs filed one Opposition in response to two Motions filed
16 by SPS: a Motion to Dismiss and this Motion for Declaratory or Summary Judgment.
17 SPS therefore incorporates by reference those arguments made in the Reply to the Motion
18 to Dismiss so they do not have to be repeated again in this Reply. Specifically, the Reply
19 to the Opposition to the Motion to Dismiss addresses the new claims included in the
20 Opposition as well as the many problems with the "Exhibits" attached to the Opposition.
21 Rather than be repeated, those arguments are incorporated herein by reference.

22 **III.    ARGUMENT**

23     **A.    MR. SPARLIN OWES A DEBT THAT REMAINS OWED**

24       The Opposition does not dispute Mr. Sparlin executed the Note or Deed of Trust,
25 or dispute that the debt is owed. As such, the Court should order the debt under the Note
26 is owed and that is should be paid.

27 / / /
28 / / /

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

3

The amount owed by Mr. Sparlin through the end of May 2011 is further addressed in Exhibit L to this Reply, as well as the documents referenced in the Statement of Undisputed Facts further authenticated.

### B.   SPS IS THE MORTGAGE SERVICER FOR MR. SPARLIN'S DEBT

Plaintiffs' Opposition states SPS failed to supply any evidence it is "a mortgage servicer." The Motion, however, contains the transfer letter sent to Mr. Sparlin in August 2010, stating servicing of his mortgage was being transferred to SPS. Exhibit E. Moreover, the public records demonstrate the Note is held by the Current Note Holder, not SPS. Additionally, SPS is the attorney in fact for the Current Note Holder via recorded Power of Attorney allowing SPS to act on behalf of the Current Note Holder. Exhibit L, Exhibit K.

Plaintiffs, however, fail to provide any admissible evidence disputing SPS is the mortgage servicer for the Current Note Holder. As such, SPS has established it is the valid mortgage servicer and Mr. Sparlin should be making payments to SPS under the terms of the Note and the Deed of Trust. Plaintiffs do not provide any admissible evidence demonstrating there is an issue of material fact regarding whether SPS is "a mortgage servicer."

### C.   IF ANY ISSUE EXISTS CONCERNING SPS'S STATUS – PAYMENT SHOULD BE MADE TO THE COURT

Plaintiffs do not provide any admissible evidence creating a disputed issue of material fact. As such, the Court should grant judgment in favor of SPS and order payment be made to SPS. If, however, for any reason the Court is not inclined to grant a declaratory judgment or summary judgment at this stage in the proceedings, SPS requests the Court require Mr. Sparlin interplead the monthly payments, including all past due amounts, under the Note into the Court pursuant to Rule 22, or some other disinterested third party such as an escrow account.

///

///

4

More importantly, Plaintiffs do not dispute this request.  As such, Plaintiffs agree if SPS dos not prevail on the issue of awarding payment to SPS, payment should be made to the Court or some other disinterested third party.

### IV.     CONCLUSION AND RELIEF REQUESTED

SPS has established it is the proper Loan Servicer for Mr. Sparlin's mortgage and that the required monthly payments under the Note must and should be made to SPS.  Plaintiffs' Opposition fails to raise any disputed issue of material fact.  As such, SPS respectfully requests this Court enter a declaratory judgment or summary judgment in favor of SPS.

DATED this 26th day of May, 2011.

HOLLAND & HART LLP

*/s/ Sean D. Thueson*
Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

5

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 26th day of May, 2011, I served a true and correct copy of the foregoing **SELECT PORTFOLIO SERVICING, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR DECLARATORY OR SUMMARY JUDGMENT** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Michael B. Sparlin
Sharon J. Sparlin
9151 E. Showcase Lane
Tucson, AZ  85749
ssparlin@dakotacom.net

*Plaintiff/Pro Se*

/s/ Lorrine K. Rillera
An Employee of HOLLAND & HART LLP

5118307_1.DOCX

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169