Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169
Phone: 702-669-4622
Fax: 702-669-4650
sdthueson@hollandhart.com
blwright@hollandhart.com

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Michael B. Sparlin; and Sharon J. Sparlin<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | **CASE NO.:  4:11-cv-00240-CKJ**<br><br>*Motion to Consolidate Pending In:*<br>**CASE NO.: 4:11-cv-00241-CKJ**<br>**CASE NO.: 4:11-cv-00257-FRZ**<br>**CASE NO.: 4:11-cv-00259-FRZ**<br>**CASE NO.: 4:11-cv-00261-DCB**<br>**CASE NO.: 4:11-cv-00262-BPV**<br>**CASE NO.: 4:11-cv-00263-GEE**<br>**CASE NO.: 4:11-cv-00264-HCE**<br>**CASE NO.: 4:11-cv-00265-RCC**<br>**CASE NO.: 4:11-cv-00266-DCB**<br>**CASE NO.: 4:11-cv-00268-JCG** |
|---|---|

## SELECT PORTFOLIO SERVICING, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Defendant Select Portfolio Servicing, Inc. ("SPS"), by and through its counsel, HOLLAND & HART LLP, hereby submits this Reply to the Response to Motion to Dismiss (the "Opposition")[1] filed by Plaintiffs Michael B. Sparlin and Sharon J. Sparlin ("Plaintiffs").

/ / /

---

[1] Document 20 in Case No. 4:11-cv-00240-CKJ.  The Opposition contains a response to SPS's Motion to Dismiss and the Motion for Declaratory or Summary Judgment.  This Reply, however, only addresses those arguments relevant to the Motion to Dismiss.  The Opposition to the Motion for Declaratory or Summary Judgment is a separately filed document.  Moreover, it does not appear Plaintiffs filed the Opposition in any of the other matters except the first filed matter.

1

This Reply is based upon the attached Memorandum of Points and Authorities and supporting documentation, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 26th day of May, 2011.

> HOLLAND & HART LLP
>
> */s/ Sean D. Thueson*
> Sean D. Thueson (*Pro Hac Vice*)
> Nevada Bar No. 8690
> Bryan L. Wright (*Pro Hac Vice*)
> Nevada Bar No. 10804
> 3800 Howard Hughes Parkway, 10th Floor
> Las Vegas, NV  89169
>
> *Attorneys for Defendant*
> *Select Portfolio Servicing, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY

Plaintiffs' Opposition entirely fails to respond to much of the substance of the Motion to Dismiss.  Plaintiffs do not dispute that Mr. Sparlin's Loan is not a "debt" under the FDCPA; thus, precluding any claims thereunder.  Plaintiffs have not disputed, and cannot dispute, that the Arizona Administrative Rules do not provide a private right of action.  Plaintiffs similarly do not dispute that no private right of action exists under 15 U.S.C. § 1681s-2(a).  Simply put, Plaintiffs have failed to meet their burden to demonstrate that any of their claims are viable under the law.  As such, the Motion should be granted in its entirety.

Rather than address the propriety of Plaintiffs' existing eleven Complaints and twenty-two claims asserted therein, Plaintiffs' Opposition proffers six pages of "factual allegations," twenty-seven exhibits, and fifteen new claims not previously contained in any of the prior Complaints.  Indeed, Plaintiffs' Opposition appears to be a proposed amended complaint, keeping some of the prior claims, omitting others, and asserting numerous new alleged claims:

2

| Claims Asserted in the Operative Complaints | Claims Referenced In the Opposition |
|---|---|
| Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*<br>• 15 U.S.C. § 1692c(a)(1);<br>• 15 U.S.C. § 1692d(6);<br>• 15 U.S.C. § 1692e(10);<br>• 15 U.S.C. § 1692e(11);<br>• 15 U.S.C. § 1692g(b). | Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*<br>• 15 U.S.C. § 1692e(2);<br>• 15 U.S.C. § 1692e(8);<br>• 15 U.S.C. § 1692e(10);<br>• 15 U.S.C. § 1692e(11);<br>• 15 U.S.C. § 1692f(1);<br>• 15 U.S.C. § 1692g; |
| Title 20, Chapter 40 of the Arizona Administrative Code<br>• R20-4-1513(B);<br>• R20-4-1514(A);<br>• "R20-4-152". | Title 20, Chapter 40 of the Arizona Administrative Code<br>• R20-4-1507(1);<br>• R20-4-1509(A);<br>• R20-4-1509(C);<br>• R20-4-1511(A);<br>• R20-4-1513(B)(2);<br>• R20-4-1513(D);<br>• R20-4-1514(A);<br>• R20-4-1514(B);<br>• R20-4-1514(C);<br>• R20-4-1518;<br>• R20-4-1521. |
| Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*<br>• 15 U.S.C. § 1681s-2(a)(3);<br>• "15 U.S.C. § 1681s-2(b)(B)". | Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*<br>• 15 U.S.C. § 1681s-2(a)(3);<br>• 15 U.S.C. § 1681s-2(b)(1)(A);<br>• "15 U.S.C. § 1681s-2(b)(B)";<br>• "15 U.S.C. § 1681s-2(b)(C)". |
| | Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*<br>• 47 U.S.C. § 227(b)(1)(A). |
| | Truth in Lending Act ("TILA") Section 131, 15 U.S.C. § 1641, et seq.<br>• 15 USC § 1641(g)(1)(D). |

As discussed below, however, Plaintiffs are not entitled to supplement or amend their deficient Complaints through an Opposition; thus, Plaintiffs concede the arguments made in the Motion to Dismiss are meritorious and the Motion should be granted. Moreover, the Court should not consider any of the new allegations and claims not contained in the operative Complaints. Even if the Court did entertain these improper new allegations, however, those allegations, which are nothing more than threadbare conclusory allegations of wrongdoing, are insufficient to meet the pleadings standards required under *Bell Atl. Corp. v. Twombly*, --U.S.--, 127 S.Ct. 1955, 1965 (2007).

3

Accordingly, even if the Court considers Plaintiffs' improper attempt to supplement their deficient Complaints through the Opposition, Plaintiffs have failed to state a claim against SPS upon which relief can be granted and SPS' Motion to Dismiss should be granted.

**II.     NONE OF PLAINTIFFS' FDCPA CLAIMS CAN BE MAINTAINED**

**A.    PLAINTIFFS DO NOT DISPUTE THAT MR. SPARLIN'S NOTE IS NOT A "DEBT" UNDER THE FDCPA**

As an initial matter, none of Plaintiffs' Complaints allege the Note, or in other words the debt incurred by Mr. Sparlin, was incurred for personal, family, or household purposes. As detailed in the Motion, the FDCPA only applies to "debts incurred primarily for personal, family or household purposes." *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992); *see also* 15 U.S.C. § 1692a(5). As such, Plaintiffs fail to establish the debt qualified under the FDCPA. For this reason alone, the FDCPA claims in the Complaints must be dismissed.

Nevertheless, indebtedness obtained for investment purposes are not considered "debts" within the meaning of the FDCPA. *Bloom*, 972 F.2d at 1068-69; *see also Baird v. ASA Collections*, 910 N.E.2d 780, 786-87 (Ind.App. 2009). There is no dispute Mr. Sparlin's Note was obtained for investment purposes. As such, all FDCPA claims in the Complaints must be dismissed.

Further, no matter how many times Plaintiffs assert that Mr. Sparlin's "Loan" and "Note" are not at issue in this litigation, this simply is not the case. The "debt" Plaintiffs dispute, and therefore forms the basis of the FDCPA claims in the Complaint, must qualify as a debt under the FDCPA in the first instance. Given there is absolutely no dispute that the debt at issue was taken out for investment purposes and not "primarily for personal, family or household purposes," all of Plaintiffs' FDCPA claims fail as a matter of law and must be dismissed.

**B.    SPS IS A MORTGAGE SERVICER AND THUS DOES NOT QUALIFY AS A DEBT COLLECTOR**

There can be no dispute SPS is a mortgage servicer. The law addressing this issue

4

is clear, as a mortgage servicer SPS is not a "debt collector" under the FDCPA. *Lal v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.") (internal quotation omitted); *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009) ("the legislative history of the FDCPA lends further support for the proposition that mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'"); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1188-89 (D. Ariz. 2009); *Narramore v. HSBC Bank USA, N.A.*, 2010 WL 2732815, *12 (D.Ariz. 2010); *see also Karl v. Quality Loan Serv. Corp.*, --- F.Supp.2d ----, 2010 WL 5464812, *7 (D. Nev. 2010).

Plaintiffs cite *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009) and quote a portion of an unpublished Michigan Court of Appeals decision, *Jackson v. Flagstar Bank*, *see* Opposition at 18, to claim SPS is a debt collector because it became the mortgage servicer after Mr. Sparlin was in default. This argument, however, misconstrues the case law and clear holdings of either decision. The relevant language, and therefore relevant inquiry, is whether the debt was obtained by assignment before default. The debt was assigned more than a year before SPS became the servicer of the mortgage. The fact Mr. Sparlin was in default months before SPS became the servicer, even if true, is irrelevant to the inquiry. SPS acts on behalf of the Note Holder, which is why courts around the country addressing this issue have held mortgage servicing companies are not debt collectors.

Moreover, the fact a letter may or may not state SPS is attempting to collect as debt does not mean SPS is a debt collector under the definition of the FDCPA. The only relevant inquiry is whether SPS meets the definition of a debt collector under the statute, which it does not. For these reasons, and all other reasons stated above, all FDCPA claims brought by Plaintiffs must be dismissed.

5

C. **PLAINTIFFS HAVE NOT PROVIDED SUFFICIENT FACTUAL ALLEGATIONS SUPPORTING ANY OF THEIR ALLEGED FDCPA CLAIMS**

In addition to the foregoing, even if the FDCPA were applicable to the debt at issue in this matter, which it is not, and SPS was a debt collector under the definition of the FDCPA, which it is not, Plaintiffs have failed to provide sufficient factual allegations supporting any of the alleged claims. For example, Plaintiffs assert "SPS violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt." Opposition at 10:5-6. Plaintiffs, however, fail to assert anywhere in the Opposition what exactly they contend SPS "falsely represent[ed]," when it was represented, who made the representation, to whom the representation was made, or any of the required factual basis for such a claim. Similarly, Plaintiffs assert "SPS violated 15 U.S.C. § 1692e(10) by the use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Opposition at 10:11-13. Again, Plaintiffs fail to allege any specific "false representation or deceptive means" they claim SPS employed.

Perhaps most ironic is Plaintiffs' assertion that "SPS violated 15 U.S.C. § 1692f(1) by the *collection* of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Opposition at 10:19-22 (emphasis added). Plaintiffs then contradict themselves in the same Opposition, alleging Mr. Sparlin has not made any payments to SPS on the Note and that the Note has been in default the entire time SPS has been the Loan Servicer. *Id.* at 18:4-7. Accordingly, because Plaintiffs have not provided sufficient factual allegations which if true would entitle them to relief against SPS, Plaintiffs' FDCPA claims must be dismissed.

III. **PLAINTIFFS HAVE NOT DISPUTED, AND CANNOT DISPUTE, THAT THE ARIZONA ADMINISTRATIVE RULES DO NOT PROVIDE A PRIVATE RIGHT OF ACTION**

Although Plaintiffs' Opposition attempts to add conclusory allegations concerning

6

eight new alleged violations of Arizona Administrative Code, which Plaintiffs incorrectly label as the "Arizona Debt Collection and Consumer Protection Statutes," Plaintiffs fail to provide any response concerning the fact that those administrative rules do not provide a private right of action concerning any alleged violation thereof. *See generally*, Opposition. In fact, Plaintiffs fail to address this issue at all in their Opposition. The reason for the failure is simple; no private right of action exists under those rules. *See* ARIZ. REV. STAT. § 32-1057; ARIZ. ADMIN. CODE § R20-4-101; *Grismore v. United Recovery Sys., L.P.*, 2006 WL 2246359, *7 (D. Ariz. 2006). Therefore, Plaintiffs' claims must be dismissed.

## IV. NONE OF PLAINTIFFS' FCRA CLAIMS CAN BE MAINTAINED

### A. PLAINTIFFS DO NOT DISPUTE THAT NO PRIVATE RIGHT OF ACTION EXISTS UNDER 15 U.S.C. § 1681s-2(a)

As demonstrated in the Motion to Dismiss, no private right of action exists for an alleged violation of 15 U.S.C. § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c) ("[S]ection 1681n and 1681o of this title to not apply to any violation of subsection (a) of this section, including any regulations thereunder."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). Plaintiffs' do not refute this in the Opposition, but rather simply ignore this glaring defect by continuing to assert this alleged claim. Because the claim cannot stand as a matter of law, it must be dismissed.

### B. PLAINTIFFS HAVE NOT PROVIDED ANY FACTUAL ALLEGATIONS SUPPORTING THEIR CLAIMS UNDER 15 U.S.C. § 1681s-2(b)(1)

Plaintiffs continue to assert in the Opposition that SPS violated a non-existent 15 U.S.C. § 1681s-2(b)(B). *See* Opposition at 13:14-17. Plaintiffs have also added an allegation based upon a similarly non-existent 15 U.S.C. § 1681s-2(b)(C). *Id.* at 13:18-22. Based upon the conclusory allegations in each of those sections, it appears Plaintiffs attempt to assert claims under 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681s-2(b)(1)(C). These alleged claims, however, as well as Plaintiffs' newfound claim under 15 U.S.C. § 1681s-2(b)(1)(A), *see* Opposition at 13:10-13, are entirely devoid of any supporting

7

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

factual allegations.

First, each of the statutes in question relate to the obligations of a "furnisher of information" when that person has received a notice provided pursuant to 15 U.S.C. § 1681i(a)(2). *See* 15 U.S.C. § 1681s-2(b)(1) ("[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall . . ."). 15 U.S.C. § 1681i(a)(2) imposes certain obligations upon a "consumer reporting agency" to provide to a furnishers of information notice of dispute the consumer reporting agency receives from a consumer or reseller:

> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification* of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*See* 15 U.S.C. § 1681i(a)(2) (emphasis added).

In asserting a claim against a furnisher of information under 15 U.S.C. § 1681s-2(b)(1), a plaintiff must demonstrate, or for purposes of a motion to dismiss alleged sufficient specific facts which if true would demonstrate, that the furnisher received a 15 U.S.C. § 1681i(a)(2) notice from a consumer reporting agency. Plaintiffs' have not made any such allegations in the Complaints, and similarly have not made any such allegations in their Opposition. In fact, Plaintiffs fail to allege they sent any type of dispute to a consumer reporting agency that could be forwarded to SPS. Thus, Plaintiffs have failed to demonstrate the threshold matter of whether 15 U.S.C. § 1681s-2(b)(1) applies to SPS at all, let alone whether any alleged violation has occurred. Accordingly, these claims should be dismissed.

Additionally, each of these alleged claims are further deficient for lack of sufficient factual allegations demonstrating a violation of the cited statutes even if SPS had indeed received such a notice. In this regard, Plaintiffs have not made any non-generic allegations tending to demonstrate that, upon receipt of the alleged notice, SPS

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

failed to "conduct an investigation" in the manner required under the FCRA. 15 U.S.C. § 1681s-2(b)(1)(A). Similarly, Plaintiffs' claim for an alleged violation of 15 U.S.C. § 1681s-2(b)(1)(B) is devoid of any specific factual allegation that SPS was "provided" with any "relevant information" by the consumer reporting agency or that it failed to "review" the same. 15 U.S.C. § 1681s-2(b)(1)(B). Instead, Plaintiffs simply recite the language of the statute with an allegation it was violated, but provide zero factual support for any alleged violation.

Moreover, Plaintiffs' vague allegations concerning 15 U.S.C. § 1681s-2(b)(1)(C) are misplaced. Plaintiffs' contend in the Opposition that 15 U.S.C. § 1681s-2(b)(1)(C) required SPS to "direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account." Opposition at 13:18-22. 15 U.S.C. § 1681s-2(b)(1)(C), however, solely requires a furnisher of information to "report the results of [its] investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)(C). Plaintiffs have not alleged that SPS failed to "report" the results of an investigation it may have been required to conduct under the FCRA, if any, to a consumer reporting agency. As such, Plaintiffs have failed to carry their burden to assert these claims against SPS and they should be dismissed.

## V. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT MRS. SPARLIN HAS STANDING TO BRING ANY OF CLAIM

As detailed extensively in the Motion to Dismiss, Mrs. Sparlin is not a party to the Note or Deed of Trust that forms the basis of the loan servicing relationship between Mr. Sparlin and SPS in this matter. Moreover, the mere fact Plaintiffs claim Mr. Sparlin executed a durable power of attorney in favor of Mrs. Sparlin permitting her to act on his behalf with respect to the Loan does not make her, personally, a party to that relationship. It is undisputed that SPS has not attempted to hold Mrs. Sparlin personally liable for repayment of her husband's investment loan, nor has SPS ever claimed that Mrs. Sparlin could be held responsible for the same. Simply stated, SPS does not owe Mrs. Sparlin any legal obligation under the statutes Plaintiffs allege to have been violated in this matter

9

and Mrs. Sparlin has failed to satisfy her burden to demonstrate she has standing in this matter. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). As such, the claims asserted by Mrs. Sparlin personally should be dismissed.

## VI. PLAINTIFFS' CANNOT, IN THEIR OPPOSITION, AMEND THEIR COMPLAINTS WITH NEW ALLEGATIONS AND CAUSES OF ACTION

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commw. of Pa. ex. rel Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation omitted); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting the court cannot take into account additional facts or allegations found outside of the complaint in a memorandum in opposition to a motion to dismiss); *Frederico v. Home Depot*, 507 F.3d 188, 201-2 (3d Cir. 2007) ("after-the-fact allegations" will not be considered "in determining the sufficiency of [a] complaint under Rule[] . . . 12(b)(6)."). Nonetheless, that is precisely what Plaintiffs have attempted to do. Plaintiffs' Opposition proffers six pages of "factual allegations," twenty-seven exhibits, and fifteen new claims not contained in any of Plaintiffs' eleven operative Complaints. Because such practice is not permissible, none of these new allegations, materials, or alleged claims should be considered in ruling upon SPS' Motion to Dismiss. Moreover, as discussed in this Reply, Plaintiffs' new allegations, materials, and alleged claims fail in any event and thus cannot serve to defeat the Motion to Dismiss.

### A. PLAINTIFFS' NEW CONCLUSORY ALLEGATIONS FAIL TO PROVIDE SUPPORT FOR ANY OF THEIR CLAIMS

Even if the Court were to consider Plaintiffs' new allegations contained in the Opposition, those allegations remain insufficient to withstand SPS' Motion to Dismiss. The Supreme Court has made clear that Plaintiffs are obligated "to provide the 'grounds' of [their] 'entitle[ment] to relief'" including "[f]actual allegations . . . [sufficient] enough to raise a right to relief above the speculative level . . . on the assumption that all the

10

allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, --U.S.--, 127 S.Ct. 1955, 1965 (2007). Plaintiffs' new allegations continue to suffer from a complete want of detail.

These failures are discussed in detail below with respect to each of Plaintiffs' various theories. For sake of example, however, the Court can look to Plaintiffs' newfound claim based upon alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, which does not appear in any of the operative Complaints. *See* Opposition at 14:27-15:7. Although Plaintiffs make vague and conclusory allegations of "willful or knowing non-compliance" with the TCPA, there are no specific allegations as to when these alleged calls were made, to what number they were made, or upon what basis Plaintiffs assert the alleged violations were willful or knowing. Simply stated, Plaintiffs continue to provide little more than formulaic recitation of some of the elements of their purported claims and nothing more. As such, Plaintiffs cannot demonstrate that SPS' Motion to Dismiss should be denied.

### B. PLAINTIFFS' EXHIBITS AND OTHER UNAUTHENTICATED, NON-PUBLIC DOCUMENTS REFERENCED IN THE OPPOSITION ARE INADMISSIBLE

Due to Plaintiffs' decision to file a single opposition to two entirely separate and distinct motions – SPS' Motion to Dismiss and its Motion for Declaratory or Summary Judgment – it is unclear what arguments or documents Plaintiffs are requesting the Court to consider with respect to the Motion to Dismiss specifically. As noted above, however, it is clear that any attempt by Plaintiffs to supplement or amend their deficient Complaints by asserting new allegations and attaching new documents to their Opposition is improper. Moreover, to the extent Plaintiffs are attempting to introduce matters outside of the pleadings in order to convert the Motion to Dismiss into one for summary judgment, Plaintiffs' attempt should be rejected because the proposed exhibits are not admissible. *See* FED. R. CIV. PRO. 56.

In ruling on a motion for summary judgment, a trial court "may only consider admissible evidence[.]" *Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2002).

11

Case 4:11-cv-00240-CKJ   Document 22   Filed 05/26/11   Page 12 of 16

As the Ninth Circuit has explained, "[a]uthentication is a 'condition precedent to admissibility . . . and unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).; *see also Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) ("[t]o be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e).") (internal quotations omitted).

Here, each of the twenty-seven exhibits Plaintiffs attach to the Opposition fail to satisfy the requirements because none are authenticated. *See generally*, Opposition at Exhibits 1 to 27. In addition to attaching the documents, Plaintiffs make vague references to numerous other documents, purporting to advise the Court of the contents thereof without attaching copies for the Court's or SPS's review. These alleged documents include:

| Opposition Paragraph No. | Alleged Document Referenced | Attached? |
|---|---|---|
| 10 | September 10, 2010 Letter from SPS | No |
| 11 | September 15, 2010 Mortgage Statement (sender not identified) | No |
| 12 | September 15, 2010 Letter from SPS | No |
| 15 | September 22, 2010 Letter (sender not identified) | No |
| 16 | September 23, 2010 Letter (sender not identified) | No |
| 17 | October 11, 2010 Letter from SPS | No |
| 18 | October 15, 2010 Letter from SPS | No |
| 19 | October 18, 2010 Mortgage Statement (sender not identified) | No |
| 20 | Demand Letter – Notice of Default from SPS | No |
| 21 | November 17, 2010 Mortgage Statement (sender not identified) | No |
| 24 | December 2, 2010 Letter from SPS | No |
| 25 | December 2, 2010 Letter from SPS | No |
| 26 | December 2, 2010 Letter from SPS | No |
| 27 | December 16, 2010 Mortgage Statement (sender not identified) | No |
| 30 | December 31, 2010 Letter from SPS | No |

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

| Opposition Paragraph No. | Alleged Document Referenced | Attached? |
|---|---|---|
| 31 | January 18, 2011 Mortgage Statement (sender not identified) | No |
| 32 | Correspondence (sender not identified) containing copy of subject Promissory Note and Deed of Trust | No |
| 35 | February 3, 2011 Letter from SPS | No |
| 36 | February 3, 2011 Letter from SPS | No |
| 37 | February 3, 2011 Letter from SPS | No |
| 38 | February 15, 2011 Mortgage Statement (sender not identified) | No |
| 41 | February 22, 2011 Letter (sender not identified) | No |
| 41:6-10 | February 22, 2011 Letter (sender not identified) | No |
| 45 | March 25, 2011 Letter from SPS | No |
| 50 | March 16, 2011 Mortgage Statement (sender not identified) | No |
| 51 | March 18, 2011 Letter from SPS | No |
| 52 | April 15, 2011 Letter from SPS | No |
| 53 | April 29, 2011 Letter from SPS | No |
| 96 | November 29, 2006 Disclaimer Deed (parties not identified) | No |
| 97 | November 29, 2006 Warranty Deed (parties not identified) | No |
| 98 | March 30, 2007 Warranty Deed (parties not identified) | No |

Additionally, Exhibits 1, 2, and 4 are incomplete copies of the referenced documents, Exhibits 2 and 4 contain obstructed portions and are incomplete, Exhibits 8, 10, 12, 14, 16, 18, and 20 are unsigned and therefore do not appear to be copies of the documents actually sent if indeed they were sent, and Exhibit 25 does not contain the referenced attachments and is therefore an incomplete copy.

Plaintiffs' failure to attach documents, instead representing the contents to the Court, include complete documents, include unobstructed documents, or attach actual copies of documents violates the best evidence rule. Plaintiffs' alleged "Exhibits" are therefore improper and likewise should not be considered by the Court. *See United State v. Gonzales-Benitez,* 537 F.2d 1051, 1053-54 (9th Cir. 1976) (holding that the best evidence rule applies when one seeks to prove the content of documents through evidence other than the document itself) (citing FED. R. EVID. 1002).

### VII. PLAINTIFFS' NEWFOUND 15 U.S.C. § 1641(g) CLAIM CAN BE MAINTAINED

As noted above, Plaintiffs' Opposition purports to assert, for the first time, a claim against SPS under 15 U.S.C. § 1641(g). *See* Opposition at 15:9-19. To the extent the Court is willing to address the merits of Plaintiffs' improper newfound claim, the same must be dismissed because Mr. Sparlin's Loan does not qualify as a "mortgage loan" under 15 U.S.C. § 1641(g). Moreover, SPS cannot be held liable under 15 U.S.C. § 1641 because it is not an assignee of the Note.

Pursuant to its express terms, 15 U.S.C. § 1641(g)(1) imposes obligations only on a "creditor that is the new owner or assignee of" a "mortgage loan" that has been "sold or otherwise transferred or assigned" to that third party. 15 U.S.C. § 1641(g)(1). A "mortgage loan" is a "consumer credit transaction that is secured by the principal dwelling of a consumer." 15 U.S.C. § 1641(g)(2). There is no dispute that the Loan here does not qualify as a "mortgage loan" because the Loan taken by Mr. Sparlin was for the purchase of, and is secured by, an investment property and not Mr. Sparlin's "principal dwelling." *See* Motion Exhibit N. Accordingly, Plaintiffs' claim fails as a matter of law and should be dismissed.

Moreover, Plaintiffs' claim fails because SPS is not an owner or assignee of the Note. In this regard, 15 U.S.C. § 1641 expressly provides that a servicer of the obligation at issue "shall not be treated as an assignee of such obligation for purposes of this section unless the services is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). As detailed above and in the Motion, SPS is the servicer of Mr. Sparlin's mortgage and is not, nor has it ever been, the owner of that obligation. Accordingly, Plaintiffs' allegations fail and cannot be maintained.

/ / /

/ / /

/ / /

/ / /

/ / /

**VIII. CONCLUSION AND RELIEF REQUESTED**

Based upon the foregoing, SPS respectfully requests this Court dismiss all of Plaintiffs' claims against SPS for failure to state a claim upon which relief can be granted.

DATED this 26th day of May, 2011.

                HOLLAND & HART LLP

                */s/ Sean D. Thueson*
                Sean D. Thueson (*Pro Hac Vice*)
                Nevada Bar No. 8690
                Bryan L. Wright (*Pro Hac Vice*)
                Nevada Bar No. 10804
                3800 Howard Hughes Parkway, 10th Floor
                Las Vegas, NV  89169

                *Attorneys for Defendant*
                *Select Portfolio Servicing, Inc.*

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 26th day of May, 2011, I served a true and correct copy of the foregoing **SELECT PORTFOLIO SERVICING, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Michael B. Sparlin
Sharon J. Sparlin
9151 E. Showcase Lane
Tucson, AZ  85749
ssparlin@dakotacom.net

*Plaintiff/Pro Se*

　　　　　　　　　　　　　　　　　　　　*/s/ Lorrine K. Rillera*
　　　　　　　　　　　　　　　　　　　　An Employee of HOLLAND & HART LLP

5118233_1.DOCX

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

5095859_1.DOCX                    16