Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Telephone:  (702) 669-4622
Facsimile:  (702) 669-4650
sdthueson@hollandhart.com
blwright@hollandhart.com

Cory A. Talbot
Arizona Bar No. 020702
HOLLAND & HART LLP
222 South Main Street, Ste. 2200
Salt Lake City, UT 84101
Phone:  (801) 799-5800
Fax:  (801) 799-5700
catalbot@hollandhart.com

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. Sparlin; and Sharon J. Sparlin,<br><br>Plaintiffs,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | **No. 4:11-cv-00240-TUC-CKJ (Lead Case)**<br><br>No. 4:11-cv-00241-TUC-CKJ<br>No. 4:11-cv-00257-TUC-FRZ<br>No. 4:11-cv-00259-TUC-FRZ<br>No. 4:11-cv-00261-TUC-DCB<br>No. 4:11-cv-00262-TUC-BPV<br>No. 4:11-cv-00263-TUC-GEE<br>No. 4:11-cv-00264-TUC-HCE<br>No. 4:11-cv-00265-TUC-RCC<br>No. 4:11-cv-00266-TUC-DCB<br>No. 4:11-cv-00268-TUC-JCG<br>No. 4:11-cv-00315-TUC-DCB<br>No. 4:11-cv-00316-TUC-RCC<br>No. 4:11-cv-00317-TUC-RCC<br>No. 4:11-cv-00318-TUC-RCC<br>No. 4:11-cv-00319-TUC-DCB<br><br>**CONSOLIDATED** |

## SELECT PORTFOLIO SERVICING, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS CV11-00257

Defendant Select Portfolio Servicing, Inc. ("SPS"), by and through its counsel, HOLLAND & HART LLP, hereby submits this Opposition to the Motion to Dismiss

CV11-00257 [Doc. 37] (the "Motion") filed by Plaintiffs Michael B. Sparlin and Sharon J. Sparlin ("Plaintiffs").

This Opposition is based upon the attached Memorandum of Points and Authorities and supporting documentation, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 3rd day of October, 2011.

HOLLAND & HART LLP

*/s/ Sean D. Thueson*
Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Cory A. Talbot
Arizona Bar No. 020702
222 South Main Street, Ste. 2200
Salt Lake City, UT 84101

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    SUMMARY**

This is Plaintiffs' <u>second</u> motion seeking remand and/or dismissal. As with Plaintiffs' first attempt – the Motion to Strike Pleadings of Cory A. Talbot and Deny Motion to Transfer [Doc. 26] – Plaintiffs' current attempt must be denied because (1) the Motion is not timely and Plaintiffs have waived any alleged procedural deficiencies in removal; (2) SPS' removal to this Court was timely, (3) this Court has subject matter jurisdiction over the case; and (4) the alleged post-removal entry of Default Judgment against SPS by the Small Claims Division of the Pima County Consolidated Justice Court (the "Pima Justice Court") was improper, without jurisdiction, and cannot effect this Court's jurisdiction. Accordingly, SPS requests the Court deny Plaintiffs' Motion.

/ / /

## II. STATEMENT OF FACTS

As set out in the Court's Order [Doc. 29] consolidating these matters, Plaintiffs filed sixteen separate actions in the Small Claims Division of the Pima Justice Court against SPS all involving common questions of fact and law. *See* Order [Doc. 29] at 4:3. One such action, entitled *Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant*, was Small Claims Case No. CV11-510231-SC filed by Plaintiffs' on April 6, 2011 ("Small Claims Case No. 231"). *See* Notice of Removal [Doc. 1 in Case No 4:11-cv-00257-TUC-FRZ] at Exhibit A. Plaintiffs' Complaint in Small Claims Case No. 231 asserts a cause of action under 15 U.S.C. § 1681s-2(a)(3) and Section 806(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*, et seq*. *See id.* Plaintiffs mail served that Complaint to SPS on April 7, 2011. *Id.*

On April 27, 2011, twenty days after Plaintiffs mailed the Complaint to SPS, SPS filed with this Court its Notice of Removal concerning Small Claims Case No. 231. *See generally, id.* On the same day, SPS mailed for filing with the Pima Justice Court (1) a Notice of Appearance, and (2) a Notice of Removal. The Notice of Appearance was received and stamped by the Pima Justice Court Clerk on April 28, 2011. *See* Notice of Appearance, attached hereto as **Exhibit A**. The Notice of Removal was also received and stamped by the Pima Justice Court Clerk on April 28, 2011. *See* Notice of Removal, attached hereto as **Exhibit B**.

## III. ARGUMENT

### A. PLAINTIFFS' MOTION IS UNTIMELY AND ANY ALLEGED PROCEDURAL DEFECTS IN THE REMOVAL CANNOT BE CONSIDERED

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (stating that for cases in which removal is defective because of some reason other than lack of subject matter jurisdiction, such as "because the removal took place after relevant time limits had expired . . . there must be a motion to remand

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

filed no later than 30 days after the filing of the removal notice."); *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995) (procedural defects in removal cannot be raised later than 30 days after filing notice of removal). The 30 day deadline for filing such a motion begins to run on the day the notice of removal is filed with the United States District Court. *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F.Supp. 812 (M.D.Tenn. 1989). An untimely motion to remand based upon a defect in removal other than lack of subject matter jurisdiction will not be considered and any such procedural defects in removal are deemed waived. *Id.* (district court is "precluded" from considering an untimely motion to remand); *Jackson v. Wal-Mart Stores, Inc.*, 588 F.Supp.2d 1085 (N.D.Cal. 2008) (failure to move for remand within 30 days of removal waived any procedural defects in the removal); *see also Ramos v. Quien*, 631 F.Supp.2d 601 (E.D.Pa. 2008) (refusing to consider motion filed one day after 30 day deadline).

As noted above, this is Plaintiffs' second motion seeking remand and/or dismissal of at least one of the sixteen actions that have been removed to this Court and consolidated. *See* Motion to Strike Pleadings of Cory A. Talbot and Deny Motion to Transfer [Doc. 26]. As with the first, Plaintiffs contend SPS "fail[ed] to properly remove this case from Justice Court within the required thirty (30) day window." *See* Motion at 3:1-2. As set forth above, however, and more fully discussed below, this is patently false.

Nonetheless, because this purported basis for remand and/or dismissal is directed at an alleged defect in the timeliness of SPS' Notice of Removal, it "*must*" have been "made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). SPS' Notice of Removal was filed on April 27, 2011. *See* Notice of Removal [Doc. 1 in Case No 4:11-cv-00257-TUC-FRZ]. Plaintiffs did not file the instant Motion until September 16, 2011, 142 days after SPS filed its Notice of Removal. As such, even if any procedural defects in the timing of SPS' removal existed – which they do not – Plaintiffs waived such procedural defects and their Motion must be denied as untimely.

/ / /

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5245540                                   4

### B. SPS' NOTICE OF REMOVAL WAS TIMELY FILED WITH THIS COURT

Except in certain circumstances not present here, "*any* civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court *shall file **in the district court of the United States*** for the district and division within which such action is pending *a notice of removal* signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) *The notice of removal of a civil action or proceeding shall be filed within **thirty days after the receipt by the defendant***, through service or otherwise, *of a copy of the **initial pleading*** setting forth the claim for relief upon which such action or proceeding is based, ***or within thirty days after the service of summons upon the defendant*** if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> (d) *Promptly* after the filing of such notice of removal of a civil action the defendant or defendants *shall give written notice thereof to all adverse parties* and *shall file a copy of the notice with the clerk of such State court*, ***which shall effect the removal and the State court shall proceed no further unless and until the case is remanded***.

28 U.S.C. § 1446 (emphasis added).

Plaintiffs' Motion asserts SPS did not "properly remove [Small Claims Case No. 231] . . . from Justice Court within the required thirty (30) day window." Motion at 2:18. In support of this assertion Plaintiffs claim the Pima Justice Court "DENIED" SPS' Notice of Removal to this Court because SPS allegedly did not "pay the appropriate fees." *See id.* at 2:20-21 (emphasis in original). Plaintiffs, however, and apparently the Pima Justice Court, misapprehend the procedural mechanisms of removal.

28 U.S.C. § 1446 states that the 30 day deadline is the timeframe in which SPS was required to file its Notice of Removal with this Court. 28 U.S.C. § 1446(a)-(b).

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5245540                        5

There can be no dispute that SPS filed its Notice of Removal concerning Small Claims Case No. 231 with this Court 20 days after Plaintiffs first mail served that Complaint. *See* Notice of Removal [Doc. 1 in Case No 4:11-cv-00257-TUC-FRZ]. After filing its Notice of Removal with this Court, SPS' only further obligations to effectuate the removal were to serve a copy of the same on Plaintiffs and file a copy with the Pima Justice Court. 28 U.S.C. § 1446(d). Notably, § 1446 does not require SPS to accomplish those actions within the same 30 day period applicable to when SPS was required to file the Notice of Removal with this Court. *See* 28 U.S.C. § 1446(d) ("*Promptly* after the filing of such notice of removal of a civil action the defendant or defendants shall . . .") (emphasis added). Nonetheless, SPS mailed Plaintiffs a copy of the Notice of Removal the same day it was filed with this Court. *See* Notice of Removal [Doc. 1 in Case No 4:11-cv-00257-TUC-FRZ] at 3. SPS also provided a copy of the Notice of Removal to the Pima Justice Court on April 27, 2011, and the Pima Justice Court Clerk stamped the same on April 28, 2011. *See* **Exhibit B**. Accordingly, SPS satisfied all of the requirements to effectuate removal in a timely manner and Plaintiffs' Motion should be denied.

### C.   THIS COURT HAS SUBJECT MATTER JURISDICTION

A motion to remand based upon a defect in subject matter jurisdiction may be properly raised outside of the 30 day period discussed in Section III.A *supra*. *See* 28 U.S.C. § 1447(c). All of Plaintiffs' arguments in the Motion concern alleged procedural deficiencies in SPS' removal of Small Claims Case No. 231. *See generally*, Motion. Therefore, the 30 day deadline is applicable to the Motion and has not been satisfied. Plaintiffs, however, conclude at the end of the Motion – without providing any analysis or explanation – that "this [C]ourt lacks subject matter jurisdiction." Motion at 4:11. Plaintiffs' unsupported assertion without any analysis is simply wrong.

Plaintiffs' Complaint asserts a cause of action under Federal statutes 15 U.S.C. § 1681s-2(a)(3) and the Section 806(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*, et seq*. *See* Notice of Removal [Doc. 1 in Case No 4:11-cv-00257-TUC-FRZ] at Exhibit A. As such, Plaintiffs' alleged claims arise under Federal law and this Court has

**HOLLAND & HART** LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

subject matter jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Because this Court has original jurisdiction over Small Claims Case No. 231, SPS had the statutory right to remove the matter to this Court. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."). Accordingly, Plaintiffs' unsupported conclusion to the contrary must be rejected.

### D. THE POST-REMOVAL ACTIONS OF THE PIMA JUSTICE COURT ARE IRRELEVANT TO THIS COURT'S JURISDICTION

SPS was not served with the alleged Default Judgment Plaintiffs' attached to their Motion. Now that SPS has been made aware of the same, it will file the appropriate pleadings to have the invalid and inappropriate judgment vacated. On April 27, 2011, SPS notified the Pima Justice Court that Small Claims Case No. 231 had been removed. *See* Exhibit B. Pursuant to Arizona statute and that court's own rules, the alleged "transfer fee" Plaintiffs contend SPS failed to pay applies only when a party requests to transfer a matter from the Small Claims Division of the Pima Justice Court to the *Civil Division of the Pima Justice Court*. *See* A.R.S. 22-281; Pima County Consolidated Justice Court Civil Unit Customer Service Fee Schedule, attached hereto as **Exhibit C**. SPS did not request a "transfer" to the Civil Division of the Pima Justice Court; it removed the matter to Federal Court pursuant to 28 U.S.C. § 1441. As such, the fee was inapplicable.

Moreover, only this Court, not the Pima Justice Court, has authority to "approve" or "deny" SPS' removal. Specifically, once SPS filed its Notice of Removal with this Court, mailed a copy of the same to Plaintiffs, and filed a copy with the Pima Justice Court, jurisdiction over Small Claims Case No. 231 vested exclusively with this Court. As such, the Pima Justice Court was precluded from proceeding further absent remand.

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

28 U.S.C. § 1446(d). Small Claims Case No. 231 has never been remanded to the Pima Justice Court. Therefore, any alleged "denial" of SPS' removal and all subsequent actions allegedly taken by that court post-removal were improper, done without jurisdiction, and cannot effect this Court's continuing jurisdiction. Accordingly, Plaintiffs' Motion must be denied.

## IV.     CONCLUSION

Based upon the foregoing, SPS respectfully requests the Court deny Plaintiffs' Motion because (1) the Motion is not timely and Plaintiffs have waived any alleged procedural deficiencies in removal; (2) SPS' removal to this Court was timely, (3) this Court has subject matter jurisdiction over the case; and (4) the alleged post-removal entry of Default Judgment against SPS by the Small Claims Division of the Pima Justice Court was improper, without jurisdiction, and cannot effect this Court's jurisdiction.

DATED this 3rd day of October, 2011.

HOLLAND & HART LLP

*/s/ Sean D. Thueson*
Sean D. Thueson (*Pro Hac Vice*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice*)
Nevada Bar No. 10804
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

Cory A. Talbot
Arizona Bar No. 020702
222 South Main Street, Ste. 2200
Salt Lake City, UT 84101

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 3rd day of October, 2011, I served a true and correct copy of the foregoing **SELECT PORTFOLIO SERVICING, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS CV11-00257** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Michael B. Sparlin
Sharon J. Sparlin
9151 E. Showcase Lane
Tucson, AZ  85749
ssparlin@dakotacom.net

*Plaintiff/Pro Se*

*/s/ Susann J. Thompson*
An Employee of HOLLAND & HART LLP

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5245540

9