1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8   MICHAEL BENSON SPARLIN and        )   No. CV 11-00240-TUC-CKJ (Lead Case)
                                      )
9   SHARON JEANETTE SPARLIN,          )   No. CV 11-00241-TUC-CKJ
    husband and wife,                 )   No. CV 11-00257-TUC-CKJ
10                                    )   No. CV 11-00259-TUC-CKJ
                                      )   No. CV 11-00261-TUC-CKJ
11                                    )   No. CV 11-00262-TUC-CKJ
                Plaintiffs,           )   No. CV 11-00263-TUC-CKJ
12                                    )   No. CV 11-00264-TUC-CKJ
                                      )   No. CV 11-00265-TUC-CKJ
13                                    )   No. CV 11-00266-TUC-CKJ
    vs.                               )   No. CV 11-00268-TUC-CKJ
14                                    )   No. CV 11-00315-TUC-CKJ
                                      )   No. CV 11-00316-TUC-CKJ
15                                    )   No. CV 11-00317-TUC-CKJ
    SELECT PORTFOLIO SERVICING,       )   No. CV 11-00318-TUC-CKJ
16  INC.,                             )   No. CV 11-00319-TUC-CKJ
                                      )
17                                    )   **CONSOLIDATED**
                Defendant.            )
18                                    )   **ORDER**
    _____ )

19

20          Pending before the Court are Defendant's Motion for Declaratory or Summary

21  Judgment (Doc. 16) and Motion to Dismiss and Request for Judicial Notice (Doc. 18).  Also

22  pending before the Court are Plaintiffs' Motion to Strike Pleadings (Doc. 26), Motion in

23  Limine (Doc. 27), and Motion to File First Amended Complaint (Doc. 39).  The Court finds

24  it would not be assisted by oral argument.  LRCiv 7.2(f).

25  *Procedural Background*

26          Plaintiffs Michael Benson Sparlin and Sharon Jeanette Sparlin ("the Sparlins") have

27  filed numerous lawsuits against Defendant Select Portfolio Servicing, Inc. ("SPS"). All were

28

filed in the Small Claims Division of the Pima County Consolidated Justice Court.   Each case includes exactly two counts.   The claims allege violations of either (1) the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1692, *et. seq.*, (2) the Fair Credit Reporting Act ("FCRA"), 18 U.S.C. § 1682 *et. seq.*, or (3) regulations regarding the Arizona Debt Collection and Consumer Protection ("ADCCP") statute (*see* Title 20, Chapter 4, Article 15 of the Arizona Administrative Code).

On or about March 28, 2011, the Sparlins filed the first of their lawsuits against SPS. The Complaint pleads, "[t]he defendant owes me $2,000.00 for the following reasons: FDCPA, 15 U.S.C. 1692g(b) violation.   Seeking $1,000 statutory damages.   Violation of Arizona Debt Collection and Consumer Protection Statute R20-4-152.   Seeking $1,000 statutory damages." CV 11-240, Doc. 1, Ex. A.   SPS filed an Answer; the matter was removed to this Court on April 21, 2011.

On March 29, 2011, the Sparlins filed a second lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of 15USC 1692c(a)(1) for $1,000.00 Violation of ADCCPA R20-4-1514(A) for $1,000." CV 11-241, Doc. 1, Ex. A. SPS filed an Answer; the matter was removed to this Court on April 21, 2011.

On April 6, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of 15USC 1681s-2(a)(3) to TransUnion for $1,000 Violation of FDCPA 806(6) for $1,000." CV 11-257, Doc. 1, Ex. A.   The action was removed to this Court on April 27, 2011.

On April 7, 2011, the Sparlins filed an additional lawsuit pleading, "[t]he defendant owes me $2,000 for the following reasons: "Violation 15USC 1681s-2(b)(B) to TransUnion for $1,000 Violation 15USC 1681s-2(b)(B) to Experian for $1,000." CV 11-259, Doc. 1, Ex. A.   The action was removed to this Court on April 27, 2011.

On April 8, 2011, Plaintiffs filed another lawsuit pleading, "The defendant owes me $2,000.00 for the following reasons: Violation 15USC 1681s-2(b)(B) to Equifax for $1,000 Violation 15USC 1692e(10) for $1,000." CV 11-261, Doc. 1, Ex. A.   The action was removed to this Court on April 29, 2011.

On or about April 11, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of FDCPA 809(b) on 9/11/2010 for $1,000 Violation of FDCPA 809(b) on 10/11/2010 for $1,000." CV 11-262, Doc. a, Ex. A.[1]  The action was removed to this Court on April 29, 2011.

On April 11, 2011, the Sparlins filed an additional lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of FDCPA 809(b) on 10/12/2010 for $1,000 Violation of FDCPA 809(b) on 10/18/2010 for $1,000." CV 11-263, Doc. 1, Ex. A.  The action was removed to this Court on April 29, 2011.

On April 12, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of FDCPA 809(b) on 11/15/2010 for $1,000 Violation of FDCPA 809(b) on 11/16/2010 for $1,000." CV 11-264, Doc. 1, Ex. A. The action was removed to this Court on April 29, 2011.

On April 13, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of FDCPA 809(b) on 12/2/2010 for $1,000 Violation of FDCPA 809(b) on 12/16/2010 for $1,000." CV 11-265, Doc. 1, Ex. A.  The action was removed to this Court on April 29, 2011.

On April 14, 2011, the Sparlins again filed a lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of 15USC 1692g for $1,000 Violation of 15USC 1692e(11) for $1,000." CV 11-266, Doc. 1, Ex. A.  The action was removed to this Court on April 29, 2011.

On April 15, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of AZ R20-4-1513(B)on 9/11/2010 for $1,000 Violation of AZ R20-4-1513(B)on 10/15/2010 for $1,000." CV 11-268, Doc. 1, Ex. A.  The action was removed to this Court on April 29, 2011.

---

[1]The Court notes that this case has been referred to Magistrate Judge Bernardo P. Velasco pursuant to 28 U.S.C. § 636.  The Court will terminate the referral.

On May 26, 2011, SPS filed a Notice of Removal referencing CV11-510215-SC, an action filed in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona ("SCD") by the Sparlins.  The Notice of Removal does not include a copy of the Complaint.  *See* CV 11-315, Doc. 1.  ON June 6, 2011, SPS filed a Notice of Filing of Pleadings Pursuant to LRCIV 3.7.  The exhibit shows that, on March 30, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of 15 USC 1693c for $1,000.00 Violation of 15 USC 1651(g)(1)(D) for $1,000.00."  CV 11-315, Doc. 9, Ex. A.

On May 26, 2011, SPS filed a Notice of Removal referencing CV11-510217-SC, an action filed in the SCD by the Sparlins.  The Notice of Removal does not include a copy of the Complaint.  *See* CV 11-316, Doc. 1.  On June 9, 2011, SPS filed a Notice of Filing of Pleadings Pursuant to LRCIV 3.7.  The exhibit shows that, on March 31, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of 15 USC 1681s-2(b)(1)(A) to Equifax for $1,000.00 Violation of 15 USC 1681s-2(b)(1)(A) to TransUnion for $1,000.00."  CV 11-316, Doc. 9, Ex. A.

On May 26, 2011, SPS filed a Notice of Removal referencing CV11-510219-SC, an action filed in the SCD by the Sparlins.  The Notice of Removal does not include a copy of the Complaint.  *See* CV 11-317, Doc. 1.  On June 9, 2011, SPS filed a Notice of Filing of Pleadings Pursuant to LRCIV 3.7.  The exhibit shows that, on April 1, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons: Violation of 15 USC 1681s-2(b)(1)(A) to Experian for $1,000.00, Violation of 15 USC 1681s-2(b)(C) to Equifax for $1,000.00."  CV 11-317, Doc. 8, Ex. A.

On May 26, 2011, SPS filed a Notice of Removal referencing CV11-510220-SC, an action filed in the SCD by the Sparlins.  The Notice of Removal does not include a copy of the Complaint.  *See* CV 11-318, Doc. 1.  On June 9, 2011, SPS filed a Notice of Filing of Pleadings Pursuant to LRCIV 3.7.  The exhibit shows that, on April 4, 2011, the Sparlins filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons:

1    Violation of 15 USC 1681s-2(b)(C) to Experian for $1,000.00 Violation of 15 USC 1681s-

2    2(b)(C) to TransUnion for $1,000.00." CV 11-318, Doc. 8, Ex. A.

3           On May 26, 2011, SPS filed a Notice of Removal referencing CV11-510225-SC, an

4    action filed in the SCD by the Sparlins. The Notice of Removal does not include a copy of

5    the Complaint. *See* CV 11-319, Doc. 1. On June 9, 2011, SPS filed a Notice of Filing of

6    Pleadings Pursuant to LRCIV 3.7. The exhibit shows that, on April 5, 2011, the Sparlins

7    filed another lawsuit pleading, "[t]he defendant owes me $2,000.00 for the following reasons:

8    Violation of 15 USC 1681s-2(a)(3) to Experian for $1,000 Violation of 15 USC 1681s-

9    2(a)(3) to Equifax for $1,000." CV 11-319, Doc. 8, Ex. A.

10          On July 18, 2011, this Court consolidated these actions.

11          On May 6, 2011, SPS filed a Motion for Declaratory or Summary Judgment (Doc.

12   16). The Sparlins have filed a response (Doc. 20) and SPS has filed a reply (Docs. 21 and

13   23).

14          Also on May 6, 2011, SPS filed a Motion to Dismiss and Request for Judicial Notice

15   (Doc. 18). The Sparlins have filed a response (Doc. 20) and SPS has filed a reply (Doc. 22).

16          On July 5, 2011, the Sparlins filed a Motion to Strike Pleadings of Cory A. Talbot and

17   Deny Motion to Transfer (Doc. 26). SPS has filed a response (Doc. 30) and the Sparlins

18   have filed a reply (Doc. 35).

19          On July 11, 2011, the Sparlins filed a Motion in Limine (Doc. 27). SPS has filed a

20   response (Doc. 31).

21          On July 22, the Sparlins filed a Motion to File Electronically (Doc. 34).

22          On September 16, 2011, the Sparlins filed a Motion to Dismiss CV 11-257 (Doc. 37).

23   SPS has filed a response (Doc. 38).

24          On November 14, 2011, the Sparlins filed  Motion for Leave to File First Amended

25   Complaint (Doc. 39) and has lodged a Proposed First Amended Complaint (Doc. 40; *see also*

26   Docs. 44 and 45). SPS has filed a response (Doc. 42) and the Sparlins have filed a reply

27   (Doc. 46).

28          On January 23, 2012, the Sparlins filed a Notice of Filing Bankruptcy (Doc. 47).

*Notice of Filing Bankruptcy*

On January 23, 2012, the Sparlins filed a Notice of Filing Bankruptcy stating that Mr. Sparlin filed for Chapter 13 Bankruptcy on November 14, 2011.  Generally, such a filing would stay the commencement or continuation of a judicial action.  *See* 11 U.S.C. § 362. However, an automatic stay occurs where the proceeding is *against the debtor*:

> Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a "debtor" – the term used by the statute itself. [*Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3rd Cir. 1982)].  "The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." *Id. See also In re Berry Estates*, 812 F.2d 67, 71 (2d Cir.), *cert. denied*, 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); [*Martin-Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575,  577 (7th Cir. 1989)].
>
> Whether a specific judicial proceeding falls within the scope of the automatic stay must be determined by looking at the proceeding "at its inception." *St. Croix*, 682 F.2d at 449.  "That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs." *Id.*  Thus, the dispositive question is whether a proceeding was " originally brought against the debtor." *Id. See also Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 64-65 (2d Cir.1986).

*Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir. 1991); *see also In re Miller*, 397 F.3d 726, 729 (9th Cir. 2005) ("The automatic stay is applicable only to proceedings against the debtor."); *Parker v. Bain*, 68 F.3d 1131 (9th Cir. 1995).

Because this action was initiated by the apparent debtors in the bankruptcy, this action is not against the debtor.  *See e.g. Sternberg v. Johnston*, 595 F.3d 937, 943 (9th Cir. 2010) ("the automatic stay imposes on non-debtor parties an affirmative duty of compliance").   The Court finds, therefore, that this matter is not automatically stayed.


*Motion for Declaratory or Summary Judgment*

SPS requests the Court to require Mr. Sparlin to make the required payments under the Note to SPS or to deposit such payments with the Court.  However, SPS has not provided the Court with any authority that a declaratory judgment pursuant to Fed.R.Civ.P. 57 is appropriate where an action for declaratory judgment has not been brought.  Although SPS cites to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, it appears that SPS is, in effect, seeking

1   injunctive relief – SPS is requesting the Court to order action to be taken by Mr. Sparlin.

2   "The basis for injunctive relief in the federal courts has always been irreparable injury and

3   the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102

4   S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982).  Injunctive relief is not automatic:  "In each case,

5   a court must balance the competing claims of injury and must consider the effect on each

6   party of the granting or withholding of the requested relief.  Although particular regard

7   should be given to the public interest . . . a federal judge sitting as chancellor is not

8   mechanically obligated to grant an injunction for every violation of law." *Amoco Production

9   Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 542, 107 S.Ct. 1396, 1402, 94 L.Ed.2d 542

10  (1987).

11       The traditional test for a preliminary injunction requires that a plaintiff show the

12  following:  (1) a fair chance of success on the merits; (2) a significant threat of irreparable

13  injury; (3) at least a minimal tip in the balance of hardships in plaintiff's favor (i.e., the risk

14  of irreparable injury to plaintiff if the injunction is denied must exceed the foreseeable

15  hardship to defendant if it is granted); and (4) whether any public interest favors granting the

16  injunction. *Sugar Busters L.L.C. v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *American

17  Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test requires

18  a plaintiff to show:  (1) a combination of probable success on the merits and the possibility

19  of irreparable injury; or (2) serious questions as to these matters and the balance of hardships

20  tips sharply in plaintiff's favor. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*,

21  240 F.3d 832, 839-840 (9th Cir. 2001).

22       The Ninth Circuit has recognized that these two tests are not inconsistent:  they

23  represent "a continuum of equitable discretion whereby the greater the relative hardship to

24  the moving party, the less probability of success must be shown." *Regents of Univ. of Calif.

25  v. ABC, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984).  Because a preliminary injunction is an

26  extraordinary remedy, the moving party must carry its burden of persuasion by a "clear

27  showing." *Mazurek v. Armstrong*, 520 U.S. 968, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997);

28  *City of Angoon v. Marsh*, 749 F.2d 1413 (9th Cir. 1984).

1    In this case, SPS' requested injunctive relief (i.e., directing the Sparlins to make the

2    mortgage payment) is not the relief requested in this action.   There can be no probable

3    success on the merits as requested by SPS (i.e., SPS has not filed a counter-claim requesting

4    the relief).  *See e.g., Stewart v. United States I.N.S.*, 762 F.2d 193, 199 (2nd Cir. 1985) (no

5    jurisdictional basis for preliminary injunctive relief where no complaint was filed; although

6    the "filing of a complaint will not necessarily satisfy other jurisdictional requirements, it is

7    certainly a necessary condition"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)

8    (party moving for preliminary injunctive relief "must necessarily establish a relationship

9    between the injury claimed in the party's motion and the conduct asserted in the complaint");

10   *see also* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court.").

11    The Court finds it appropriate to deny the request with leave to resubmit with additional

12   authority.

13

14   *Motion to Strike Pleadings of Cory A. Talbot and Deny Motion to Transfer*

15    The Sparlins assert CV 11-240, CV 11-241, CV 11-615, CV 11-316, CV 11-317, CV

16   11-318, CV 11-319, CV 11-257, CV 11-259 were not timely removed.  SPS asserts that the

17   removals were not untimely but, even if they were, the Sparlins' request is not timely.  28

18   U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack

19   of subject matter jurisdiction must be made within 30 days after the filing of the notice of

20   removal under section 1446(a)"); *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 392

21   (1998) (stating that for cases in which removal is defective because of some reason other than

22   lack of subject matter jurisdiction, such as "because the removal took place after relevant

23   time limits had expired . . . there must be a motion to remand filed no later than 30 days after

24   the filing of the removal notice"); *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines

25   Steel Co.*, 69 F.3d 1034 (9th Cir. 1995) (procedural defects in removal cannot be raised later

26   than 30 days after filing notice of removal).  The Court agrees with SPS that the Sparlins'

27   request is untimely.

28

1    The Sparlins also assert that documents submitted by Cory A. Talbot should be
2    stricken because the small claims court has stated that Mr. Talbot is not listed as an Arizona
3    attorney by the Arizona State Bar.  However, the website of the Arizona State Bar does
4    include Mr. Talbot as a member with an admission date of November 30, 2000.  *See*
5    http://www.azbar.org/FindALawyer.aspx?Name=cory%20talbot&AOP=#&&/wEXAQU
6    MU2VsZWN0ZWRQYWdlBQZkZXRhaWWqapqCPvm34rUBQsqetfHIcEivVkhh0kMO
7    4S5YlA0nzg==???; *see also* Response, Doc. 30, Ex. A.

8    The Court will deny the motion.

9

10   *The Sparlins' Motion to Dismiss*

11   The Sparlins assert that CV 11-257 was improperly and untimely removed; the
12   Sparlins appear to be seeking remand.[2]  SPS asserts that the removal was untimely and that,
13   even if it was not, the Sparlins' request is not timely.  The Court agrees with SPS that the
14   Sparlins' request is untimely.  *See* 28 U.S.C. § 1447(c).

15   The Sparlins also assert that the alleged improper removal procedure deprives this
16   Court of subject matter jurisdiction.  However, a defective removal procedure does not
17   necessarily deprive this Court of subject matter jurisdiction.  *See e.g. Caterpillar Inc. v.*
18   *Lewis*, 519 U.S. 61, 64 (1996) (failure to remand case that had been improperly removed "is
19   not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time
20   judgment is entered").  Rather, the claims alleged in CV 11-257 (violation of 15 U.S.C. §
21   1681s-2(a)(3) and violation of FDCPA 806(6)) are based on federal law.  The Court finds it
22   has subject matter jurisdiction over CV 11-257 and that remand is not appropriate.  The
23   Court will deny this motion.

24

25

26

27   [2]The Sparlins assert that SPS did not pay the appropriate fees in the lower court;
     because it was not properly removed, the Sparlins have obtained a default judgment against
28   SPS in the lower court.

1   *Subject Matter Jurisdiction*

2          This Court, like all federal courts, is one of limited jurisdiction.  Its judicial power

3   extends only to those matters provided for by the Constitution and delineated to its

4   jurisdiction by Congress.  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de*

5   *Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).  Due to the source and nature of

6   federal subject matter jurisdiction, it cannot be waived by the parties and may be raised at

7   any time during the proceedings or on appeal.  *Id.* at 702.  Accordingly, the Court has an

8   independent obligation to inquire into whether its jurisdiction is proper, *id.*, even when

9   neither party raises the issue and the plaintiff fails to contest the allegations in the removal

10  notice, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

11         On removal, it is the burden of the defendant to establish jurisdiction.  *Gaus v. Miles,*

12  *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that

13  the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.

14  § 1447(c).  There is a strong presumption against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564,

15  566 (9th Cir. 1992).  The removal statute must be strictly construed, and "[f]ederal

16  jurisdiction must be rejected if there is any doubt as to the right of removal in the first

17  instance."  *Id.*

18         A case being removed must be one in which "the district courts of the United States

19  have original jurisdiction."  28 U.S.C. § 1441(a).  Every case here is comprised of exactly

20  two claims. Federal question jurisdiction is governed by section 1331, which provides, "[t]he

21  district courts shall have original jurisdiction of all civil actions arising under the

22  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under

23  federal law only where the plaintiff's well-pleaded complaint presents questions of federal

24  law.  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925 (1998).  The

25  most commonly invoked way of establishing that a case arises under the laws of the United

26  States is to show that federal law creates the cause of action.  *Merrell Dow Pharmaceuticals*

27

28

1   *Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986).[3]

2   Federal law is cited by the Sparlins for both claims in CV 11-257, CV 11-259, CV 11-

3   261, CV 11-262, CV 11-263, CV 11-264, CV 11-265, CV 11-266, CV 11-315, CV 11-316,

4   CV 11-317, CV 11-318, and CV 11-319.  The Court finds it has subject matter jurisdiction

5   over these matters.

6   Federal law is claimed to create one cause of action in CV 11-240 and CV 11-241.

7   The  supplemental jurisdiction statute "applies with equal force to cases removed to federal

8   court as to cases initially filed there; a removed case is necessarily one 'of which the district

9   courts ... have original jurisdiction.'"  *City of Chicago v. International College of Surgeons*,

10   522 U.S. 156, 165, 117 S.Ct. 523, 529-30 (1997) (quoting 28 U.S.C. § 1441(a)). The statute

11   provides, "in any civil action of which the district courts have original jurisdiction, the

12   district courts shall have supplemental jurisdiction over all other claims that are so related

13   to claims in the action within such original jurisdiction that they form part of the same case

14   or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

15   Claims form part of the same case or controversy if they "'derive from a common nucleus

16   of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try

17   them all in one judicial proceeding.'"  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545

18   U.S. 546, 580, 125 S. Ct. 2611, 2632, 162 L. Ed. 2d 502 (2005) (quoting *Mine Workers v.*

19   _____

20   [3]The Court notes that the "Supreme Court held in *Bell v. Hood* that when a
   well-pleaded complaint states a federal claim, '[j]urisdiction, therefore, is not defeated ... by

21   the possibility that the averments might fail to state a cause of action on which the petitioners
   could actually recover,' and '[i]f the court does later exercise its jurisdiction to determine that

22   the allegations in the complaint do not state a ground for relief, then dismissal of the case
   would be on the merits, not for want of jurisdiction.'" *Albingia Versicherungs A.G. v.*

23   *Schenker Intern. Inc.*, 344 F.3d 931, 936 (9th Cir. 2003), *quoting Bell v. Hood*, 327 U.S. 678,

24   682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).  Whether the allegations provide grounds upon
   which relief may be granted is analytically distinct from whether jurisdiction is evoked. *See*

25   *Bollard v. California Province of the Society of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999);

26   *Sarmiento v. Texas Bd. of Veterinary Medical Examiners*, 939 F.2d 1242 (5th Cir. 1991)
   ("Generally, if it appears from the face of the complaint that a federal claim is without merit,

27   the court should dismiss for failure to state a claim, and not on jurisdictional grounds.").

28

1  *Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

2       In both CV 11-240 and CV 11-241, the Sparlins allege a claim under the FDCPA and

3  the AZDCCP.  These matters both dealing with violations of debt collection provisions, the

4  Court, for purposes of this Order, finds the claims are so related that they form part of the

5  same case or controversy.[4]  The Court finds it has subject matter jurisdiction over these

6  matters.

7       In CV 11-268, the Sparlins allege claims solely under the AZDCCP.  Supplemental

8  jurisdiction does not exist over supplemental claims brought in separate cases.  *Sullivan v.*

9  *First Affiliated Securities, Inc.*, 813 F.2d 1368, 1374-75(9th Cir. 1987); *see also Syngenta*

10 *Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002);

11 *Briddelle v. T & J Foods, Inc.*, 18 F.Supp.2d 611 (D.Md. 1998) (cannot overcome a

12 plaintiff's choice to file separate lawsuits by exercising supplemental jurisdiction without a

13 jurisdiction-invoking claim).  The Court will remand this action.

14

15 *Motion in Limine*

16      The Sparlins request the Court to preclude SPS's use of evidence, and the Court's

17 consideration of, involving a certain promissory note, a certain Note and/or Deed of Trust,

18 or documents referencing them or a certain real estate transaction.  The Sparlins assert that

19 the actions do not have anything to with these documents; rather, the Sparlins assert that

20 these lawsuits deal with the alleged violation of their civil rights.

21      Although the Sparlins assert the documents are not relevant, they address the issues

22 raised by SPS in its Motion for Declaratory or Summary Judgment and its Motion to Dismiss.

23 However, whether or not there is a debt, how the alleged debt is classified, and how the

24 parties are classified directly goes to what duties/responsibilities may have been breached in

25 the pending cases.  The Court finds it is not appropriate to preclude this evidence.  *See*

26

27        [4]In the event it subsequently becomes clear that the claims are not related, the Court

28 will revisit this issue.

1    Fed.R.Evid.. 401; *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005)

2    (evidence is relevant if it has any tendency to make a fact of consequence more or less

3    probable).  The Court will deny the motion.

4

5    *SPS' Request for Judicial Notice*

6         SPS requests this Court to take judicial notice of exhibits attached to its Motion to

7    Dismiss.  The relevant rule states:

8         A judicially noticed fact must be one not subject to reasonable dispute in that it is
          either (1) generally known within the territorial jurisdiction of the trial court or (2)
9         capable of accurate and ready determination by resort to sources whose accuracy
          cannot reasonably be questioned.
10
11   Fed.R.Evid. 201(b).   Generally, courts take judicial notice of recorded loan/mortgage

12   documents when their authenticity is not in dispute.  *See e.g. Botelho v. U.S. Bank, N.A.*, 692

13   F.Supp.2d 1174, 1177 (N.D.Cal. 2010).  While the Sparlins assert that the documents are

14   irrelevant and immaterial to the issues presented in these cases, the Sparlins do not contest

15   the authenticity of the documents.   Moreover, although the Sparlins assert that these

16   documents do not have anything to do with this litigation, the proposed Amended Complaint

17   makes clear that the bases for many of the Sparlins' claims are the mortgage (e.g., claims are

18   based on the Sparlins receiving a Monthly Mortgage Statement). The Court finds it

19   appropriate to take judicial notice of the documents that have been publicly recorded (i.e.,

20   the Deed of Trust ("the Deed") and the Corporation Assignment of Deed of Trust Arizona

21   ("the Assignment").  *See Venetian Casino Resort, L.L.C. v. Cortez*, 96 F. Supp. 2d 1102,

22   1106 (D.Nev. 2000) (public records and other judicially noticeable evidence may be

23   considered without converting a motion to dismiss without converting it into a motion for

24   summary judgment);  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); *MGIC Indem.*

25   *Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986).  The Court declines to take judicial

26   notice of the remaining mortgage documents for purposes of this Order.

27

28

1     *SPS's Motion to Dismiss*

2       SPS asserts that the Sparlins' complaints fail as a matter of law. The United States

3 Supreme Court has determined that, in order to survive a motion to dismiss for failure to state

4 a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

5 facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d

6 929 (2007).[5] While a complaint need not plead "detailed factual allegations," the factual

7 allegations it does include "must be enough to raise a right to relief above the speculative

8 level." *Id*. at 1964-65. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is

9 entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 1965 n. 3.

10 The complaint "must contain something more . . . than . . . a statement of facts that merely

11 creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965. In considering the

12 issues before the Court, the Court considers that the Supreme Court has cited *Twombly* for

13 the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies

14 Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim

15 is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197,

16 2200, 167 L.Ed.2d 929 (2007).

17       In discussing *Twombly*, the Ninth Circuit has stated:

18     "A claim has facial plausibility," the Court explained, "when the plaintiff pleads
19     factual content that allows the court to draw the reasonable inference that the
    defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility
    standard is not akin to a 'probability requirement,' but it asks for more than a sheer
20     possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S.
    at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent
21     with' a defendant's liability, it 'stops short of the line between possibility and
    plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127
22     S.Ct. 1955).

23     In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual
    content," and reasonable inferences from that content, must be plausibly suggestive
24     of a claim entitling the plaintiff to relief. *Id*.

25

26       [5]The holding in *Twombly* explicitly abrogates the well established holding in *Conley*

27 *v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should
not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

28 can prove no set of facts in support of his claim which would entitle him to relief."

1   *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

2          This Court must take as true all allegations of material fact and construe them in the

3   light most favorable to the Sparlins.  *See Cervantes v. United States*, 330 F.3d 1186, 1187

4   (9th Cir.  2003).  In general, a complaint is construed favorably to the pleader.  *See Scheuer*

5   *v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other*

6   *grounds*, 457 U.S. 800.   Nonetheless, the Court does not accept as true unreasonable

7   inferences or conclusory legal allegations cast in the form of factual allegations.  *Western*

8   *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, the Court is not to

9   serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

10  1987), in attempting to decipher a complaint.

11

12  *FDCPA Claims*

13          A number of the Sparlins' stated claims are pursuant to the FDCPA:

14          CV 11-240:        15 U.S.C. § 1692g(b)

15          CV 11-241:        15 U.S.C. §1692c(a)(1)

16          CV 11-257         FDCPA 806(6), i.e., 15 U.S.C. § 1692d(6)

17          CV 11-261:        15 U.S.C. § 1692e(10)

18          CV 11-262         FDCPA 809(b), i.e., 15 U.S.C. § 1692g(b)

19          CV 11-263         FDCPA 809(b), i.e., 15 U.S.C. § 1692g(b) (2 claims)

20          CV 11-264         FDCPA 809(b), i.e., 15 U.S.C. § 1692g(b) (2 claims)

21          CV 11-265         FDCPA 809(b), i.e., 15 U.S.C. § 1692g(b) (2 claims)

22          CV 11-266         15 U.S.C.  §1692g  and 15 U.S.C. § 1692e(11)

23          To state a claim for a violation of the FDCPA, four elements are required:

24          (1) the plaintiff is any natural person who is harmed by violations of the FDCPA, or
            is a "consumer" within the meaning of 15 U.S.C.A. § 1692a(3) or § 1692c(d) for
25          purposes of a cause of action under 15 U.S.C.A. § 1692c (communication in
            connection with debt collection) or 15 U.S.C.A. § 1692e(11) (concerning failure to
26          provide the consumer debtor with a "mini-Miranda" warning);

27          (2) the "debt" arises out of a transaction entered primarily for person, family or
            household purposes; 15 U.S.C.A. § 1692a(5);

28

1      (3) the defendant collecting the debt is a "debt collector" within the meaning of the FDCPA, 15 U.S.C.A. § 1692a(6); and

2

3      (4) the defendant has violated, by act or omission, a provision of the FDCPA.  15 U.S.C.A. § 1692a-1692o; 15 U.S.C.A. [§] 1692a; 15 U.S.C.A. § 1692k.

29 Causes of Action 2d 1, *citing Creighton v. Emporia Credit Service, Inc.*, 981 F.Supp. 411 (E.D.Va. 1997).

SPS argues that the debt at issue is not a consumer debt under the FDCPA.  Because indebtedness obtained for investment purposes is not considered a consumer debt under the FDCPA, *Blook v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992), SPS asserts that the Sparlins' FDCPA claims must fail.  The Sparlins have not alleged that the debt at issue in this matter was "primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5). Although the Sparlins argue that the Note and Assignment have nothing to do with their claims, the Sparlins have not alleged that any other debt is at issue in this case and, indeed, their response and proposed Amended Complaint make clear that the debt at issue is the one related to the Note and the Assignment.  Further, in their response, the Sparlins have not disputed SPS's assertion that the Note was obtained for investment purposes.  Dismissal of these claims without leave to amend is appropriate.[6]   *See Aniel v. TD Serv. Co.*, No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D.Cal. Jan.13, 2011) ("This action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA."); *accord Aniel v. Litton Loan Serv., LP*, No. C 10-0951 SBA, 2011 WL 635258, at *4 (Feb. 11, 2011).

---

[6]The Court notes that SPS also asserts that, as defined by the FDCPA, SPS is not a debt collector and, therefore, the FDCPA claims must be dismissed. *See e.g., Lal v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010), *internal quotation omitted* ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.").  The Sparlins assert, however, that SPS is a debt collector within the meaning of the FDCPA and point to documents and correspondence of SPS indicating it is a debt collector to support its assertion.  The Court finds it need not resolve this issue because the determination that the debt at issue in this case is not a consumer debt under the FDCPA requires a determination that the Sparlins have not stated a claim upon which relief could be granted.

*FCRA Claims*

The Sparlins have made numerous allegations purportedly pursuant to the FCRA:

| | |
|---|---|
| CV 11-257 | 15 U.S.C. §1681s-2(a)(3) |
| CV 11-259 | 15 U.S.C. § 1681s-2(b)(B) (two claims) |
| CV 11-261 | 15 U.S.C. § 1681s-2(b)(B) |
| CV 11-316 | 15 U.S.C. § 1681s-2(b)(1)(A) (two claims) |
| CV 11-317 | 15 U.S.C. § 1681s-2(b)(1)(A) and 15 U.S.C. § 1681s-2(b)(C) |
| CV 11-318 | 15 U.S.C. § 1681s-2(b)(C) (two claims) |
| CV 11-319 | 15 U.S.C. § 1681s-2(a)(3) (two claims) |

As to the Sparlins' claims in CV 11-257 and CV 11-319 alleging a violation of 15 U.S.C. §1681s-2(a)(3), the Court agrees with SPS that a private right of action does not exist for a violation of this section. *See* 15 U.S.C. § 1681s-2(c) (provisions allowing for private right of action "do not apply to any violation of subsection (a) of this section, including any regulations thereunder). These claims will be dismissed without leave to amend.

As to the Sparlins' claims pursuant to 15 U.S.C. §§ 1681s-2(b)(B) and 1681s-2(b)(C), no such statutory provision exists. Although it appears likely that the Sparlins are referring to 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681s-2(b)(1)(C), it is not appropriate for the Court to serve as an advocate of a *pro se* litigant, *Noll*, 809 F.2d at 1448. The Court will dismiss these claims with leave to amend.

As to the Sparlins' claims pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(A), the Court notes that generally, the FCRA requires a furnisher of credit information, to promptly investigate disputed information and take corrective action, where necessary, only upon notice of a dispute from a consumer reporting agency ("CRA"). 15 U.S.C. §§ 1681s-2(b)(1) and 1681i(a)(2); *see also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002). "To state a claim under the FCRA against Defendant[] as a furnisher of credit information, Plaintiff[s] must allege: 1) that [they] contacted the CRAs; 2) the CRAs pursued the claim; and 3) the CRAs contacted Defendant[] regarding the dispute, triggering [Defendant's] duty to investigate." *Steinmetz v. General Elec. Co.*, 08 CV 1635 JM (AJB),

1    2009 WL 3461133 *3 (S.D.Cal. 2009), *citing Roybal v. Equifax*, 405 F.Supp.2d 1177, 1180

2    (E.D.Cal.2005).

3          The claims as alleged in the Complaints filed in the small claims court do not state a

4    claim upon which relief can be granted.  Federal pleadings standards apply even though the

5    Complaints were filed in state court.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

6    (9th Cir. 2009) ("It is well-settled that the Federal Rules of Civil Procedure apply in federal

7    court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of

8    whether the substantive law at issue is state or federal.'"); *Paxton v. Weaver*, 553 F.2d 936,

9    940-41 (5th Cir. 1977).  The Court will dismiss these claims with leave to amend.[7]

10

11   *Arizona Administrative Code Claims*

12         The Sparlins state a number of claims pursuant to Arizona Administrative Code:

13         CV 11-240          ADCCP R20-4-152

14         CV 11-241          ADCCPA R20-4-1514(A)

15         CV 11-268          AZ R20-4-1513(B) (two claims)

16         The Superintendent of the Arizona Department of Financial Institutions is authorized

17   to issue licenses to, and generally regulate the conduct of, "collection agencies" attempting

18   to collect "debt" from "debtors" located in Arizona.  *See*, A.R.S. § 32-1021; A.R.S. §§

19   32-1001 to 32-1057, inclusive.  Arizona law provides for prosecution by "the prosecuting

20   officer" of the county or city in which such violation occurs when a collection agency

21   operates without a license from the Superintendent in Arizona or operates in a manner that

22   violates any rule adopted by the Superintendent.  A.R.S. § 32-1057.  Neither the applicable

23   Arizona statutes nor regulations provide for an independent private right of action for a

24

25   _____

26         [7]The Court notes that, in its response to the Motion to File First Amended Complaint,
     SPS asserts that the Sparlins' FCRA claims are based on notifications from the Sparlins and
27   not a consumer reporting agency.  However, the Court recognizes that the Sparlins may be
     aware of factual allegations not known to SPS and finds it appropriate to permit the Sparlins
28   an opportunity to state a claim pursuant to FCRA.

1  violation. *See Grismore v. United Recovery Sys., L.P.*, CV-05-2094-PHX-JAT, 2006 WL

2  2246359, *5, 7 (D. Ariz. 2006). The Court will dismiss these claims without leave to amend.

3

4  *Motion to File First Amended Complaint*

5       The Sparlins request leave to file an Amended Complaint and have lodged a proposed

6  Amended Complaint. In light of the Court's determination of the SPS's Motion to Dismiss,

7  the Court finds the submission of an Amended Complaint to be appropriate. However, the

8  Sparlins' lodged Amended Complaint is not in conformance with the Court's findings related

9  to the Motion to Dismiss (e.g., the Amended Complaint includes FDCPA claims).

10      Additionally, the Sparlins seek to add additional parties and additional claims. A

11 "party may amend its pleading only with the opposing party's written consent or the court's

12 leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

13 In determining whether an amended pleading should be permitted, "[f]ive factors are

14 frequently used to assess the propriety of a motion for leave to amend:  (1) bad faith, (2)

15 undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether

16 [the Sparlins have] previously amended his complaint." *Allen v. City of Beverly Hills*, 911

17 F.2d 367, 373 (9th Cir. 1990).

18      In this case, the Sparlins' proposed Amended Complaint includes some of the claims

19 originally raised by the Sparlins, removes some of the original claims, and adds additional

20 claims and an additional party. SPS asserts that multiple lawsuits and motions lead to a

21 conclusion that the Sparlins are acting in bad faith. SPS further asserts that the inclusion of

22 Holland & Hart, LLP, as an additional defendant exhibits the Sparlins' bad faith. Indeed, the

23 proposed Amended Complaint makes only conclusory allegations that Holland & Hart, LLP,

24 are debt collectors, regularly engage in debt collection or debt collection litigation, and

25 engaged in unlawful conduct. The Sparlins fail to dispute SPS's assertion that Holland &

26 Hart, LLP's contact with the Sparlins were in efforts to defend SPS in this litigation and that

27 the vast majority of letters are related to the Sparlins' failure to provide copies of documents

28 to counsel. The Court finds the Sparlins have acted in bad faith in including Holland & Hart,

1    LLP, as a defendant in the proposed Amended Complaint.  However, the Court also

2    considers that, in including additional claims, the Sparlins were not yet aware of the Court's

3    conclusion that a "consumer debt" was not at issue in this case.  The Court finds, therefore,

4    that the Sparlins were not acting in bad faith in including additional claims in the action.

5         The Court further finds that allowing the Amended Complaint would not cause undue

6    delay. The discovery process has not yet begun in this case (indeed, the Court has not yet

7    issued a Scheduling Order).  Further, the Court has determined that dismissal with leave to

8    amend the FCRA claims is appropriate – inclusion of additional claims and an additional

9    party would not cause undue delay.

10        Further, the Court finds SPS would not be significantly prejudiced by an Amended

11   Complaint.  It is this consideration that carries the greatest weight.  *Eminence Capital, LLC*

12   *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The Court considers that "generally

13   a party will not be deemed prejudiced by an amended pleading if the amendment relates to

14   the same conduct, transaction, or occurrence alleged in the original pleading, or if the

15   opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am.

16   Jur. 2d Pleading § 724, *citations omitted*.  The Court has determined that it is appropriate to

17   permit the Sparlins to submit an Amended Complaint – the inclusion of additional non-futile

18   but related claims is appropriate.

19        As to whether the amendments are futile, the Court will first address the FDCPA

20   claims against both SPS and proposed defendant Holland & Hart, LLP.  As the Court

21   previously concluded, there is no consumer debt, as defined by the FDCPA, at issue in this

22   case.  The Court finds that the FDCPA claims are futile.

23        The Sparlins proposed Amended Complaint also include additional claims pursuant

24   to the Real Estate Settlement Procedures Act ("RESPA").  However, that act does "does not

25   apply to credit transactions involving extensions of credit [] primarily for business,

26   commercial, or agricultural purposes." 12 U.S.C. § 2606. Courts applying this exception

27   uniformly hold that RESPA "does not apply to mortgage transactions involving investment

28   properties because such transactions constitute business and/or commercial purposes." 12

1    U.S.C. § 2606.  *See, e.g., Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th

2    Cir.2011) (holding that where mortgages were for "non-owner-occupied rental properties"

3    such mortgages were business-purpose loans and "RESPA does not apply to them")*; Daniels*

4    *v. SCME Mortgage Bankers, Inc.*, 680 F.Supp.2d 1126 (C.D.Cal.2010) (borrower could not

5    pursue RESPA claim where he checked on loan application that loan was for "investment,"

6    borrower had three other investment properties from which he derived income, and property

7    at issue was not owner occupied).

8          The Sparlins have not alleged that the property was not for the debt at issue in this

9    case.  Moreover, the Sparlins have not disputed SPS' assertion that the purchase of the

10   property was for investment purposes.  The Court finds the Sparlins have failed to state a

11   claim upon which relief can be granted.  The addition of RESPA claims to an Amended

12   Complaint would be futile.

13         The Sparlins' proposed Amended Complaint also include additional claims pursuant

14   to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  The statute

15   cited by the Sparlins provides:

16         It shall be unlawful for any person within the United States, or any person outside the

17         United States if the recipient is within the United States –

18              (A) to make any call (other than a call made for emergency purposes or made
19              with the prior express consent of the called party) using any automatic
                telephone dialing system or an artificial or prerecorded voice –

20                   (i) to any emergency telephone line (including any "911" line and any
21                   emergency line of a hospital, medical physician or service office, health
                     care facility, poison control center, or fire protection or law
22                   enforcement agency);

                     (ii) to the telephone line of any guest room or patient room of a
23                   hospital, health care facility, elderly home, or similar establishment; or

24                   (iii) to any telephone number assigned to a paging service, cellular
25                   telephone service, specialized mobile radio service, or other radio
                     common carrier service, or any service for which the called party is
                     charged for the call[.]
26
27   47 U.S.C. § 227(b)(1)(A).  The Sparlins' Amended Complaint does not include factual

28   allegations that place SPS' conduct within the statute and provide notice as to the nature and

                                          - 21 -

1   basis of the claim.  However, the Court does not find that this claim is futile because a more

2   carefully drafted complaint may state a claim upon which relief can be granted.

3       The Sparlins proposed Amended Complaint also include additional claims pursuant

4   to the Helping Families Save Their Homes Act of 2009 TILA.  Specifically, the Sparlins

5   allege that "SPS has violated 15 U.S.C. §1642(g)(1)(D) by its failure to notify the Sparlins

6   via mail of the notice of sale, transfer or assignment and further fail to provide the location

7   of the place where the transfer of ownership of the alleged debt is recorded."  Lodged

8   Amended Complaint, Doc. 40, p. 19; *see also* Doc. 45, p. 19.  However, the Sparlins have

9   not alleged that the loan at issue in this case is a "mortgage loan" as defined by the

10  subsection.  *See* 15 U.S.C. § 1641(g)(2) ("mortgage loan" is a "consumer credit transaction

11  that is secured by the principal dwelling of a consumer").  Indeed, the Sparlins have not

12  disputed SPS' assertion that the loan was taken for investment purposes rather than to secure

13  their principal dwelling.  The Court finds the addition of this claim is futile.

14      The Sparlins' proposed Amended Complaint also includes a claim for fraud by

15  misrepresentation pursuant to A.R.S. § 20-442.[8]  That statute states:

16      No person shall engage in this state in any trade practice which is prohibited by this
        article, or defined in this article as, or determined pursuant to this article to be, an
17      unfair method of competition or an unfair or deceptive act or practice in the business
        of insurance.
18
19  A.R.S. § 20-442.  However, the Sparlins' allegations do not include any claim that the

20  conduct occurred in the business of insurance.  In light of the pleadings and the lack of any

21  reference to insurance, the Court finds this claim is futile.

22      The lodged Amended Complaint also includes a claim for a violation of Arizona

23  Collection Agency Statutes.  However, while an unlicensed collection agency may be guilty

24  of a class 1 misdemeanor, *see* A.R.S. § 32-1056, the Sparlins have not pointed to any

25

26      [8]The Court notes that in alleging fraud, "a party must state with particularity the
    circumstances constituting fraud[.]"  Fed.R.Civ.P. 9(b).  Such allegations must be specific
27  enough "so that [defendants] can defend against the charge and not just deny that they have
    done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).
28  The Sparlins have not alleged fraud with particularity.

1   authority for a private cause of action against an unlicensed collection agency acting in

2   Arizona or for an unlicensed collection agency violating the duty to act fairly and honestly

3   with debtors.  *See generally*, W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*

4   § 36 at 226 (5th ed. 1984) (licensing statutes create no liability if the actor is competent but

5   unlicensed).  Rather, Arizona law provides that the "prosecuting officer of a county or city

6   shall prosecute all violations of this chapter occurring within his jurisdiction."  A.R.S. 32-

7   1057; *see also Grismore v. RJM Acquisitions, LLC*, CIV 08-529-PHX-DKD, 2009 WL

8   806627, *5 (D.Ariz.2009) ("there is no private right of action for the failure to acquire such

9   a license [under A.R.S. § 32-1001 *et seq.*]").  The Court finds the inclusion of this claim in

10  an amended complaint is futile.

11

12  *Amended Complaint*

13          The Court has determined that the Sparlins may be able to state claims upon which

14  relief can be granted pursuant to the FCRA and TCPA.  Further, the Court has provided the

15  reasons for the dismissal so the Sparlins can make an intelligent decision whether to file an

16  amended complaint.  *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v.*

17  *Block*, 832 F.2d 1132 (9th Cir. 1987).  The Court finds it is appropriate to grant in part the

18  Sparlins' Motion to File First Amended Complaint (Doc. 39).[9]  However, the Sparlins' lodged

19  Amended Complaint fails to adequately set forth those claims and include a number of

20  additional claims that fail to state a claim upon which relief can be granted.  The Court will

21  direct the Clerk of the Court to not docket the lodged Amended Complaint (Doc. 40).

22          However, the Court will direct the Sparlins to file an Amended Complaint within 30

23  days of the date of this Order.  The Sparlins will be directed to include all claims

24  contemplated by the consolidated actions with the exception of CV 11-268, which is to be

25  remanded.  Additionally, because all claims involved in the consolidated actions (excluding

26

27  _____

28          [9]In light of this determination, the Court finds it is not appropriate to sanction the
    Sparlins and award attorneys' fees and costs as requested by SPS.

CV 11-268) will be included in the Amended Complaint filed in this action, CV 11-240, the Court will dismiss the remaining cases; duplicative pleadings having been filed in the consolidated case, the Court will order that all pending motions in the consolidated cases be terminated.

Further, SPS has contested the standing of Sharon Jeanette Sparlin.  In light of the Court's determination that claims pursuant to the FDCPA, the Arizona Administrative Code, RESPA, TILA, A.R.S. § 20-442, *et seq*., and A.R.S. § 32-1001, *et seq*., are to be  dismissed without leave to amend and/or are futile, the claims for which the Sparlins may submit an Amended Complaint are pursuant to the FCRA and TCPA.  It appears Mrs. Sparlin has standing to assert these claims.  For purposes of this Order, therefore, the Court declines to address SPS's assertion that Mrs. Sparlin does not have standing to raise other claims.

Additionally, the Sparlins are advised that all causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).  Any amended complaint filed by the Sparlins must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.  Any amended complaint submitted by the Sparlins shall be clearly designated as an amended complaint on the face of the document.

The Sparlins should take notice that if they fail to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed.R.Civ.P. 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS ORDERED:

1.      The referral to the Hon. Bernardo P. Velasco pursuant to 28 U.S.C. § 636 in CV 11-262 is TERMINATED.

2.      The Clerk of the Court shall remove the "STAY-BK" tag applied to this case.

3.      The Motion for Declaratory or Summary Judgment (Doc. 16) is DENIED with

leave to resubmit.

4.     The Motion to Strike Pleadings of Cory A. Talbot and Deny Motion to Transfer (CV 11-240, Doc. 26) is DENIED.

5.     The Motion in Limine (Doc. 27) is DENIED.

6.     The Motion to Dismiss and Request for Judicial Notice (Doc. 18) is GRANTED in part and DENIED in part.

7.     The Motion to File First Amended Complaint (Doc. 39) is GRANTED in part and DENIED in part.

8.     The Clerk of the Court shall not docket the lodged Amended Complaint (Doc. 40).

9.     CV 11-268 is REMANDED to the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona (Cause No. CV11-510250-SC).

10.    The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Small Claims Division of the Pima County Consolidated Justice Court.

11.    The Clerk of the Court shall then close its file in CV 11-268.

12.    The Sparlins' Complaints are DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND in Cause No. CV 11-240.  The Sparlins shall have thirty (30) days from the date of filing this Order to file an Amended Complaint.

13.    The following cause numbers are dismissed:  CV 11-00241, CV 11-00257, CV 11-00259, CV 11-00261, CV 11-00262, CV 11-00263, CV 11-00264, CV 11-00265, CV 11-00266, 11-00268, CV 11-00315, CV 11-00316, CV 11-00317, CV 11-00318, and CV 11-00319.  All pending motions shall be terminated.  The Clerk of the Court shall enter judgment and shall then close its files in these matters.

14.    Any Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior Complaint or subsequent pleadings by reference.  All causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived.  Any Amended Complaint submitted by the Sparlins shall be clearly designated as an amended complaint on the face of the document.  Any Amended

Complaint shall comply with the requirements of Fed.R.Civ.P. 8(a), 10(a), and 11(a).

15.     The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to the Sparlins, if the Sparlins fail to file an Amended Complaint within thirty (30) days of the filing date of this Order.

16.     A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to the Sparlins.**

17.     At all times during the pendency of this action, the Sparlins shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS".   The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Warren shall serve a copy of the Notice of Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 17th day of February, 2012.


_____
Cindy K. Jorgenson
United States District Judge